FILED
FEBRUARY 26, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-01182   Document 1   Filed 02/26/2008   Page 1 of 10

08 C 1182

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE KENDALL**
**MAGISTRATE JUDGE MASON**

| | |
|---|---|
| R.R. STREET & CO. INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, individually and as subrogee of R.R. Street & Co. Inc.<br>Plaintiffs,<br>v.<br>VULCAN MATERIALS COMPANY, n/k/a LEGACY VULCAN CORP.<br>Defendant. | Case No.<br><br>**J. N.**<br>(Jury Requested) |

## PLAINTIFFS' ORIGINAL COMPLAINT

R.R. Street & Co. Inc. ("Street") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") individually and as subrogee of Street, (collectively referred to as "Plaintiffs") file this Original Complaint against Vulcan Materials Company, n/k/a Legacy Vulcan Corp. ("Vulcan" or "Defendant").

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States. In addition, Plaintiffs bring suit for declaratory relief by virtue of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

2.  Venue for these claims is proper in this district pursuant to 28 U.S.C. § 1391(a) in that the Defendant resides in this district and a substantial part of the events giving rise to the claims in the Complaint occurred in this district.

`{00120637.DOC}`

## PARTIES

3. Plaintiff Street is a Delaware corporation with its principal place of business in Naperville, Illinois.

4. Plaintiff National Union is a Pennsylvania corporation with its principal place of business in New York, New York. National Union is an insurer that is authorized to write insurance and to issue policies of insurance in the State of Illinois.

5. Defendant Vulcan is a New Jersey corporation with its principal place of business in Birmingham, Alabama. Defendant can be served with process by serving its registered agent for service of process, Prentice Hall Corporation, 33 North LaSalle Street, Chicago, IL 60602-2607.

## BACKGROUND

6. Street has been sued in a variety of underlying actions on claims relating to the sale of Vulcan's PerSec. This is an indemnity action by Street to recover defense costs and indemnification from Vulcan.

7. Vulcan was, for the time period relevant to this action, a manufacturer of perchloroethylene ("perc"), a chlorinated solvent used in the dry cleaning industry that was sold under the trade name PerSec. Beginning in 1961, Street became Vulcan's marketing agent and exclusive distributor of PerSec in the continental United States. Throughout the 1960's, 1970's, 1980's and 1990's, Street marketed, sold and distributed significant quantities of Vulcan's PerSec. During this period of time, the parties agreed that Vulcan would indemnify Street for all liabilities (including the costs of defending any claims) arising out of Street's activities in selling, marketing and distributing Vulcan's PerSec. In fact, Vulcan has repeatedly indemnified Street for costs incurred by Street in connection with lawsuits involving Vulcan's PerSec.

8. In the early 1990's, in light of the growing concern of potential liability associated with the past and future sale of perchloroethylene on behalf of Vulcan, the parties discussed how

to best address the responsibility for any such liabilities, including contractual indemnities. In 1992, these discussions culminated in an agreement entitled "Perchloroethylene Agency Agreement Between Vulcan Chemicals and R.R. Street & Co., Inc." (the "1992 Agency Agreement"). Pursuant to the terms of the 1992 Agency Agreement, Vulcan expressly agreed to defend and indemnify Street for all claims relating to injury, sickness, death, and property damage, including all liability for environmental or pollution-related damages or injuries arising from Street's activities in selling PerSec. Specifically, The 1992 Agency Agreement provides:

> 5.1 Vulcan's Indemnity of Street. Subject to the provisions of Sections 5.2 and 5.3 below and in addition to any other remedies available to Street with respect to claims by third parties, Vulcan shall defend, indemnify and hold Street harmless (including Street's reasonable defense costs and attorney's fees) against, from and with respect to all claims by or liabilities to third parties arising out of any acts, omissions or transactions related to the handling, use or disposal of perchloroethylene or PerSec, including, but not limited to, liability for injury, sickness, death and property damage, and including all liability for environmental or pollution-related damage or injury, sickness or death, whether or not any such liability is a result of civil, criminal or government action.

9. Although the parties have been able to resolve their differences as to whether certain past claims were subject to the Vulcan indemnity and defense obligations, the parties have been unable to agree whether certain recent lawsuits trigger Vulcan's indemnity and defense obligations. Street and National Union bring this action to resolve the question of whether certain underlying lawsuits are covered by Vulcan's indemnity and defense obligations. These cases include, but are not limited to:

    (a)   *City of Modesto Redevelopment Agency, et al. v. The Dow Chemical Company, et al.*; Case Nos. 999345 and 999643 (Consolidated); In the Superior Court of the State of California, County of San Francisco ("*Modesto I*");

    (b)    *City of Modesto, et al. v. The Dow Chemical Company, et al.*; Case No. MS C06-01019; In the Superior Court of the State of California, County of Contra Costa ("*Modesto II*");

    (c)    *Estate of Christina Garcia v. The Dow Chemical Co., et al.*; Case No. 61655; In the Superior Court of the State of California, County of Stanislaus ("*Garcia*"); and

    (d)    *United States Environmental Protection Agency v. Stephen Lyon, et al.*; and *Rajendra Jamnadas, personal representative of the Estate of Shantilal Jamnadas v. Stephen C. Lyon, et al.*; Case No. 07-CV-00491; In the United States District Court, Eastern District of California, Fresno Division ("*Lyon*").

Street has incurred significant costs in defending these cases. Pursuant to Vulcan's indemnity and defense obligations, Vulcan is obligated to reimburse Street for these costs. Vulcan is also obligated to indemnify Street for the liability, if any, found to be owed by Street to the third party claimants in the above referenced actions.

    10.    National Union issued several general liability policies of insurance to Street ("the National Union policies"). Street has requested that National Union provide Street with a defense to the referenced lawsuits pursuant to the National Union policies. National Union has incurred significant attorney's fees and costs defending Street in connection with the referenced lawsuits and National Union expects to continue to incur significant additional expenses in defense of the referenced lawsuits. National Union has defended Street, in part, because Vulcan refused to honor its defense and indemnity obligations to Street.

    11.    Street and National Union have made repeated demands upon Vulcan that it fulfill its obligations to indemnify, defend, and hold Street harmless from all claims asserted in the referenced lawsuits, including all reasonable defense costs and attorney's fees incurred by Street and National Union. To date, Vulcan has failed and refused, and continues to fail and refuse, to acknowledge its defense and indemnity obligations or to reimburse Street or National Union for Street's defense costs or attorney's fees. In fact, Vulcan has asserted that it has no obligation

under the 1992 Agency Agreement, or otherwise, to defend or indemnify Street or National Union for any damages, costs or attorney's fees.

## CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT

12.  Plaintiffs incorporate paragraph 1 through 11 as if set forth fully herein.

13.  Pursuant to the terms of the 1992 Agency Agreement, Vulcan expressly agreed to defend and indemnify Street for all claims relating to injury, sickness, death and property damage, including all liability for environmental or pollution-related damage or injury arising from or related to Street's activities in the sale of Vulcan's PerSec. The lawsuits referenced in paragraph 9 involve the very type of claims covered by Vulcan's indemnity and defense obligations, yet Vulcan has failed and refused, and continues to fail and refuse, to fulfill its defense and indemnity obligations despite Plaintiffs' repeated demands.

14.  Vulcan has breached the terms of the 1992 Agency Agreement. Such breach has directly and proximately caused harm to Plaintiffs.

### COUNT II - IMPLIED/COMMON LAW INDEMNITY

15.  Plaintiffs incorporate paragraphs 1 through 14 as if set forth fully herein.

16.  At all times relevant herein, Street was an agent of Vulcan for purposes of selling, marketing and distributing Vulcan's PerSec. Street's liability in the lawsuits referenced in paragraph 9 for defense costs, attorneys' fees, and third party claims, if any, arises solely and exclusively from Street's activities in selling, marketing and distributing Vulcan's PerSec. Street's liability in the referenced lawsuits is not due to the fault of Street. Accordingly, to the extent the 1992 Agency Agreement does not expressly provide for Vulcan to hold harmless, defend, and indemnify Street, then there is an implied indemnity obligation by which Vulcan must defend and

indemnify Street for all claims in the referenced lawsuits arising from or related to Street's activities in selling, marketing and distributing Vulcan's PerSec.

17. Vulcan has failed and refused, and continues to fail and refuse, to abide by its implied indemnity obligation. Vulcan's failure has directly and proximately caused harm to Plaintiffs.

## COUNT III - PROMISSORY ESTOPPEL

18. Plaintiffs incorporate paragraphs 1 through 17 as if set forth fully herein.

19. Prior to the execution of the 1992 Agency Agreement, Vulcan made numerous representations to Street that Vulcan would indemnify Street for all costs and liabilities associated with Street's activities in selling, marketing and distributing Vulcan's PerSec. Vulcan also represented to Street that it would include Street as an additional insured on Vulcan's insurance policies. In fact, in some instances, Vulcan did live up to its obligations to defend and indemnify Street for costs and liabilities Street incurred in connection with certain lawsuits involving Vulcan's PerSec. Street relied upon Vulcan's representations and conduct and was induced into continuing to sell, market and distribute PerSec on Vulcan's behalf, which included the undertaking of activities that subjected Street to potential liabilities to third parties. Street relied on Vulcan's representations to its detriment and this reliance was reasonable and justified and was expected and foreseeable by Vulcan.

20. Because of Street's detrimental reliance, and in order to avoid injustice, Vulcan should be estopped from denying that it is obligated to hold harmless and indemnify Street from and against any and all claims and liabilities in the referenced lawsuits and for any and all defense costs and attorney's fees incurred or to be incurred by Street in connection with the referenced lawsuits.

## COUNT IV - EQUITABLE CONTRIBUTION BY NATIONAL UNION ONLY
### (In the Alternative)

21.     Plaintiff, National Union, individually, incorporates paragraphs 1-20, as if set forth fully herein.

22.     Alternatively, to the extent that National Union has a duty to provide insurance coverage to Street in connection with any or all of the lawsuits referenced in paragraph 9 under one or more of the National Union policies, Vulcan had (and has) a concurrent duty to indemnify Street.

23.     National Union has incurred and continues to incur significant amounts to defend Street which exceed National Union's share of Street's defense fees and costs because Vulcan has failed to honor its indemnity obligations.

24.     National Union is entitled to recover from Vulcan all amounts that National Union has or will incur which exceed National Union's share of Street's defense fees, costs, and any indemnity payments made, or to be made, on Street's behalf.

## COUNT V - DECLARATORY JUDGMENT

25.     Plaintiffs incorporate paragraphs 1 through 24 as if set forth fully herein.

26.     Plaintiffs bring suit for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*

27.     Plaintiffs respectfully request this Court to issue declaratory judgments that:

    (a)     Vulcan is obligated to hold harmless and indemnify Street from and against any and all claims and liabilities in the lawsuits referenced in paragraph 9;

    (b)     Vulcan is obligated to hold harmless and indemnify Street and National Union for any and all liabilities, including defense costs and attorney's fees,

    incurred or to be incurred by Plaintiffs in connection with the lawsuits referenced in paragraph 9; and

  (c) Alternatively, National Union, individually, seeks a Declaratory Judgment that Vulcan is obligated to pay contribution to National Union for all amounts exceeding National Union's share of defense fees, costs and any indemnity payments made on Street's behalf.

WHEREFORE, Plaintiffs R.R. Street & Co. Inc. and National Union Fire Insurance Company of Pittsburgh, PA request that Defendant Vulcan Materials Company n/k/a Legacy Vulcan Corp. be cited to appear and answer, and that, on final trial hereof, Plaintiffs recover:

1. All actual damages;

2. A declaratory judgment that Vulcan is obligated to hold harmless and indemnify Street from and against any and all claims and liabilities in the lawsuits referenced in paragraph 9;

3. A declaratory judgment that Vulcan is obligated to hold harmless and indemnify Street and National Union for any and all liabilities, including defense costs and attorney's fees, incurred or to be incurred by Plaintiffs in connection with the lawsuits referenced in paragraph 9;

4. Alternatively, National Union, individually, seeks a Declaratory Judgment that Vulcan is obligated to pay contribution to National Union for all amounts exceeding National Union's share of defense fees, costs and any indemnity payments made on Street's behalf.

5. Litigation costs, including attorney's fees incurred in prosecuting this action;

6. Costs of suit incurred herein, and pre and post-judgment interest to the full extent permitted by law; and

7.  Such other and further relief as the Court may deem just and proper.

Dated February 26, 2008.

           Respectfully submitted,

           BOLLINGER, RUBERRY & GARVEY

           */s/ Bryan J. Schumann*
           Bryan G. Schumann
           Federal Admission ID No. 6190102
           500 West Madison Street, Suite 2300
           Chicago, Illinois 60661-2511
           Tel: (312) 466-8000
           Fax: (312) 466-8001

           **ATTORNEYS FOR PLAINTIFFS,
           NATIONAL UNION FIRE INSURANCE
           COMPANY OF PITTSBURGH, PA,
           individually and as subrogee,**

           **AND**

           **R.R. STREET & CO. INC.**

OF COUNSEL (PRO HAC VICE APPLICATION PENDING):

HICKS, THOMAS & LILIENSTERN, LLP

John B. Thomas
Texas State Bar No. 09585000
Federal Admission ID No. 10675
Stephen M. Loftin
Texas State Bar No. 12489510
Federal Admission ID No. 12676
700 Louisiana, Suite 2000
Houston, Texas 77002
Tel: (713) 547-9100
Fax: (713) 547-9150

**ATTORNEYS FOR PLAINTIFF,
R.R. STREET & CO. INC.**

## JURY DEMAND

Plaintiffs, R.R. Street & Company and National Union Fire Insurance Company of Pittsburgh, PA, demand a trial by jury.

/ss/      Bryan G. Schumann      /ss/

BOLLINGER, RUBERRY & GARVEY

Bryan G. Schumann
Federal Admission ID No. 6190102
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
Tel: (312) 466-8000
Fax: (312) 466-8001

{00120637.DOC}                -10-