**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| R.R. STREET & CO. INC. and ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA, ) <br> individually and as subrogee of R.R. Street ) <br> & Co. Inc., ) <br>                      Plaintiffs, ) <br>      v. ) <br> ) <br> VULCAN MATERIALS COMPANY, n/k/a ) <br> LEGACY VULCAN CORP., ) <br> ) <br>                      Defendant. ) | Case No. 1:08-cv-01182 <br><br> The Honorable Virginia M. Kendall |

**LEGACY VULCAN CORP.'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, STAY THE COMPLAINT**

Defendant Vulcan Materials Company, n/k/a Legacy Vulcan Corp. ("Vulcan") moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to exercise its discretion to dismiss or stay this action in deference to a parallel and broader state court insurance coverage proceeding styled *In re Vulcan Materials Consolidated Coverage Litigation* pending in California state court. The grounds for this motion are set forth more fully in the accompanying Memorandum in Support, which is incorporated herein. In summary:

1. "A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is the appropriate procedural mechanism for raising the issue of abstention." *Lowery v. Schnorf*, No. 97 C 6688, 1998 WL 341835, at *3 (N.D. Ill. Jun. 18, 1998); *accord Beres v. Vill. of Huntley, Ill.*, 824 F. Supp. 763, 766 (N.D. Ill. 1992). "When a 12(b)(1) motion is based upon the existence of a parallel state court action and the movant seeks abstention, in deciding the motion to dismiss the court can look beyond the pleadings and examine the

proceedings in the state court." *Truserv Corp. v. Flegles Inc.*, No. 03 C 3284, 2003 WL 22839812, at *2 (N.D. Ill. Nov. 25, 2003) (*citing Beres*).[1]

2.   Before this Court, Plaintiff R.R. Street & Co. Inc. ("Street") and its insurer, Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), seek a declaratory judgment that Vulcan is obligated to indemnify Plaintiffs with respect to five underlying pending perchloroethylene ("perc") lawsuits filed against Street and Vulcan in California (the "perc lawsuits"), and related other relief.

3.   More than three years ago, in January 2005, a Vulcan general liability insurer sued Vulcan in California Superior Court in Los Angeles, in an action that since has been consolidated by the Honorable Carl J. West with subsequent claims and styled *In re Vulcan Materials Consolidated Coverage Litigation*. While its Complaint here states it is a Street insurer, Plaintiff National Union is also a Vulcan insurer and has been a party to the *Consolidated Coverage Litigation* since June 2006, along with dozens of other parties. The litigation involves issues of insurance coverage for any Vulcan liability in the five underlying perc lawsuits, ***including*** coverage for Vulcan's obligation, if any, to defend and indemnify Street or National Union as Street's subrogee. On March 12, 2008, Vulcan informed Judge West that National Union and Street had filed this action in the Northern District of Illinois. Judge West granted Vulcan leave to file a Cross-Complaint against Street, National Union, and Vulcan's other insurers. The Cross-Complaint was filed on April 11, 2008, and includes the claims at issue here.

---

[1] For the record, and setting aside the abstention issue, Vulcan disagrees with Plaintiffs' factual allegations. In the event the Court denies Defendant's Motion, Defendant will serve its responsive pleading within ten days of notice of the Court's action, per Fed. R. Civ. P. 12(a)(4)(A).

4. Thus, the Court should dismiss or stay Plaintiffs National Union and Street's Complaint in deference to the *Consolidated Coverage Litigation*, a more comprehensive pending action that includes the same parties among a larger group of interested parties litigating related issues. As explained in detail in Vulcan's memorandum:

(a) *First,* the Court may dismiss or stay a federal suit in deference to parallel or concurrent state proceedings based on "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *accord Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-90 (1995). The *Consolidated Coverage Litigation* is parallel and concurrent to this action. It includes the same parties and the same issues; indeed, the court in California encouraged Vulcan to include all of the issues present in this action in the California state court action, to create one forum to resolve all related issues. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (cases are parallel or concurrent where "substantially the same parties are contemporaneously litigating substantially the same issues" in another forum); *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (cases need not be identical, just a "substantial likelihood that the state litigation will dispose of all claims in the federal case"); *Tyrer v. City of S. Beloit,* 456 F.3d 744, 752-54 (7th Cir. 2006) (more specific federal case parallel to state case where both "'rely on the same factual predicate to raise substantially similar legal issues against substantially similar parties'") (*quoting Clark*, 376 F.3d at 687).

(b) *Second***,** Plaintiffs' Complaint can be "properly characterized as one primarily seeking declaratory relief" because all of Plaintiffs' claims depend upon the declaration of an indemnity obligation and that issue must be resolved before the remaining monetary

claims. *Zivitz v. Greenberg*, No. 98 C 5350, 1999 WL 262123, at *3 (N.D. Ill. Apr. 9, 1999). As such, the Court should dismiss or stay the Complaint pursuant to its broad discretion under the Declaratory Judgment Act and the standard set forth in *Wilton* and *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942). When the *Wilton/Brillhart* standard is applied to this record, it is well within the Court's wide discretion to stay or dismiss this suit. *Nationwide Ins. Co. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995); *A.G. Edwards & Sons, Inc. v. Pub. Bldg. Comm'n of St. Clair County, Ill.*, 921 F.2d 118, 120 (7th Cir.1990).

(c)     **Third**, and finally, while Vulcan believes the *Wilton/Brillhart* standard governs Plaintiffs' claims, the doctrine announced by the Supreme Court in *Colorado River* further supports a stay. The factors the Court may consider in assessing the appropriateness of *Colorado River* abstention again support stay of this action, as set forth in Vulcan's memorandum. "[J]udicial efficiency is the paramount concern under the *Colorado River* doctrine." *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 697 (7th Cir. 1986). Of particular note, allowing these concurrent proceedings would produce a "'grand waste' of the efforts of the parties and the courts," *LaDuke v. Burlington Northern Railroad Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989), "risk duplicative rulings, and reward a strategic gamesmanship that has no place in a dual system of federal and state courts." *Tyrer*, 456 F.3d at 756. The waste of judicial resources in having "two courts . . . oversee similar pre-trial motions and discovery matters and two different triers of fact . . . consider[ing] the same issues, evidence and witnesses" counsels heavily for a stay under *Colorado River*. *Clark*, 376 F.3d at 687; *see also Lumen*, 780 F.2d at 694 n.2 (noting danger of "contradictory orders on discovery matters" presented by allowing dual or piecemeal litigation). Proceeding here on the same claims with the same parties

-5-

will produce the waste, inefficiency, and risk of inconsistency that *Colorado River* abstention exists to prevent. In sum, a stay is further bolstered under *Colorado River* abstention principles.

WHEREFORE, Vulcan respectfully requests that the Court grant its Motion to Dismiss or, in the Alternative, Stay the Complaint.

Dated:  May 2, 2008                                           Respectfully submitted,

  /s/Richard C. Godfrey, P.C.
Richard C. Godfrey, P.C.
Matthew T. Regan, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:   312-861-2000
Facsimile:   312-861-2200

*Attorneys for Defendant Vulcan Materials Company, n/k/a Legacy Vulcan Corp.*

**CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for Defendant Vulcan Materials Company, hereby certifies that, on May 2, 2008, he caused a true and correct copy of the foregoing Legacy Vulcan Corp.'s Motion to Dismiss or, in the Alternative, Stay the Complaint to be filed electronically pursuant to the Court's ECF System, which will service notice upon all counsel of record.

                      **/s/Richard C. Godfrey**