**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| R.R. STREET & CO. INC. and | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA, | ) | |
| individually and as subrogee of R.R. Street | ) | |
| & Co. Inc., | ) | Case No. 1:08-cv-01182 |
| Plaintiffs, | ) | |
| v. | ) | The Honorable Virginia M. Kendall |
| | ) | |
| VULCAN MATERIALS COMPANY, n/k/a | ) | |
| LEGACY VULCAN CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**LEGACY VULCAN CORP.'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE COMPLAINT**

Richard C. Godfrey, P.C.
Matthew T. Regan, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:   312-861-2000
Facsimile:   312-861-2200

*Attorneys for Defendant Vulcan Materials*
*Company, n/k/a Legacy Vulcan Corp.*

Dated:  May 2, 2008

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................1

I.   PERTINENT FACTUAL BACKGROUND ...................................................................2

    A.   The Underlying Perc Lawsuits.............................................................................2

    B.   *In re Vulcan Materials Consolidated Coverage Litigation*, Lead Case No. BC-328022, California Superior Court, Los Angeles County. ........................3

    C.   Street and National Union's Claims Against Vulcan in This Action. ....................5

II.  ARGUMENT ...................................................................................................................6

    A.   The Court Has the Power to Refrain from Hearing This Action. ...........................6

    B.   The Court Should Dismiss or Stay the Complaint Pursuant to the Declaratory Judgment Act and the *Wilton/Brillhart* Standard................................7

        1.   The *Wilton/Brillhart* Standard Applies to Plaintiffs' Claims. ....................8

        2.   The *Wilton/Brillhart* Standard Calls for Dismissal or Stay. ......................10

    C.   In the Alternative, the Court Should Stay the Complaint Pursuant to the *Colorado River* Doctrine.......................................................................................11

        1.   A Stay Will Avoid Duplicative and Wasteful Piecemeal Litigation. ........12

        2.   The "Order in Which Jurisdiction Was Obtained by the Concurrent Forums" and the "Relative Progress" of the Cases Support a Stay. ...........13

        3.   The "Inconvenience of the Federal Forum" Supports a Stay. ...................14

        4.   The "Vexatious" Nature of the Federal Action Supports a Stay. ..............14

        5.   The Other *Colorado River* Factors Do Not Counsel Against a Stay. ........15

CONCLUSION.........................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## Cases

*A.G. Edwards & Sons, Inc. v. Public Building Commission of St. Clair County, Illinois*,
921 F.2d 118 (7th Cir.1990) ............................................................................... 11

*Beres v. Village of Huntley, Illinois*,
824 F. Supp. 763 (N.D. Ill. 1992) ......................................................................... 2

*Brillhart v. Excess Insurance Company of America*,
316 U.S. 491 (1942) .............................................................................................. 8

*Clark v. Lacy*,
376 F.3d 682 (7th Cir. 2004) ...................................................................... 7, 13, 14

*Colorado River Water Conservation District v. United States*,
424 U.S. 800 (1976) ........................................................... 1, 7, 12, 13, 14, 15

*Coltec Industries Inc. v. Continental Insurance Co.*,
No. Civ.A 04-5718, 2005 WL 1126951 (E.D. Pa. May 11, 2005) ...................... 9

*Day v. Union Mines Inc.*,
862 F.2d 652 (7th Cir. 1988) ......................................................................... 12, 13

*Franklin Commons East Partnership v. Abex Corp.*,
997 F. Supp. 585 (D.N.J. 1998) ........................................................................... 9

*Gatewood Lumber, Inc. v. Travelers Indemnity Co.*,
898 F. Supp. 364 (S.D. W.Va. 1995) ................................................................... 9

*Interstate Material Corp. v. City of Chicago*,
847 F.2d 1285 (7th Cir. 1988) ....................................................................... 7, 14

*ITT Industries, Inc. v. Pacific Employers Insurance Co.*,
427 F. Supp. 2d 552 (E.D. Pa. 2006) ............................................................. 8, 10

*LaDuke v. Burlington Northern Railroad Co.*,
879 F.2d 1556 (7th Cir. 1989) ..................................................................... 12, 14

*Lexington Insurance Co. v. Rolison*,
434 F. Supp. 2d 1228 (S.D. Ala. 2006) ............................................................... 9

*Lowery v. Schnorf*,
No. 97 C 6688, 1998 WL 341835 (N.D. Ill. Jun. 18, 1998) ............................... 2

*Lumen Construction, Inc. v. Brant Construction Co.*,
780 F.2d 691 (7th Cir. 1986) .................................................................. 12, 13, 14

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Maui Land & Pineapple Co. v. Occidental Chemical Corp.*,
    24 F. Supp. 2d 1079 (D. Haw. 1998) .............................................................................. 10

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1 (1983)............................................................................................................ 14

*Nationwide Insurance Co. v. Zavalis*,
    52 F.3d 689 (7th Cir. 1995) ........................................................................................... 11

*North Pacific Seafoods, Inc. v. National Union Fire Insurance Co. of Pittsburgh, Pa.*,
    No. C06-795, 2008 WL 53180 (W.D. Wash. Jan. 3, 2008)............................................ 10

*Quackenbush v. Allstate Insurance Co.*,
    517 U.S. 706 (1996).......................................................................................................... 7

*Rogers v. Desiderio*,
    58 F.3d 299 (7th Cir. 1995) ............................................................................................. 3

*Royal Indemnity Co. v. Apex Oil Co.*,
    511 F.3d 788 (8th Cir. 2008) ........................................................................................... 8

*Selmon v. Portsmouth Drive Condominium Association*,
    89 F.3d 406 (7th Cir. 1996) ........................................................................................... 11

*Smith & Nephew, Inc. v. Andrews*,
    No. 06 C 2527, 2007 WL 772947 (N.D. Ill. Mar. 7, 2007) ........................................... 11

*Sta-Rite Industries, Inc. v. Allstate Insurance Co.*,
    96 F.3d 281 (7th Cir. 1996) ............................................................................................. 8

*Starr v. Levin*,
    No. 02 C 2258, 2002 WL 1941375 (N.D. Ill. Aug. 21, 2002)........................................ 15

*State Automobile Mutual Insurance Co. v. Reed*,
    No. 06-cv-1616, 2008 WL 885881 (S.D. Ind. Mar. 28, 2008) ........................................ 8

*Truserv Corp. v. Flegles Inc.*,
    No. 03 C 3284, 2003 WL 22839812 (N.D. Ill. Nov. 25, 2003)........................................ 2

*Tyrer v. City of South Beloit*,
    456 F.3d 744 (7th Cir. 2006) ............................................................................... 7, 11, 12

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995).................................................................................................. 1, 7, 8

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Zivitz v. Greenberg*,
    No. 98 C 5350, 1999 WL 262123 (N.D. Ill. Apr. 9, 1999)..............................................8, 9

**Statutes**

28 U.S.C. § 2201(a) .................................................................................................................. 8

California Code of Civil Procedure § 877 ............................................................................ 3, 5

California Code of Civil Procedure § 877.6 ......................................................................... 3, 5

**Rules**

Federal Rule of Civil Procedure 12(a)(4)(A) ......................................................................... 2

Federal Rule of Civil Procedure 12(b)(1) .............................................................................. 2

## INTRODUCTION

The parties to this action and the claims at issue do not belong in this Court. They should instead proceed in California state court. Why? Because these claims directly relate to and are inextricably intertwined with a broad 2005 consolidated insurance coverage lawsuit styled *In re Vulcan Materials Consolidated Coverage Litigation.* That state court action already is pending between Defendant Legacy Vulcan Corp. ("Vulcan"), Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), Plaintiff R.R. Street & Co. Inc. ("Street"), and Vulcan's other insurers in California Superior Court, Los Angeles County, before the Honorable Carl J. West. When apprised of this Illinois action on March 12, 2008, Judge West granted Vulcan leave to file a Cross-Complaint against National Union, Street, and others on the indemnity and contribution issues raised here, to include them in the larger, pre-existing consolidated matter. As Judge West said, "it just doesn't make a lot of sense to have determinations made of similar issues in multiple jurisdictions that can only lead to further confusion." (3/12/08 Tr. at 19-20, Ex. 1.)[1]

Judge West's common sense observation confirms that the disputes at issue here should be resolved in one comprehensive action involving all interested parties, not in duplicative, wasteful, inconvenient, and very possibly conflicting piecemeal litigation. This record represents a textbook example where "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" support dismissal or, in the alternative, a stay in deference to the concurrent state proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-90 (1995). Thus, Vulcan respectfully moves this Court under Federal

---

[1] All Exhibits cited herein are included in a separate Appendix of Exhibits.

Rule 12(b)(1) to exercise its discretion to dismiss or stay this action in deference to the parallel state court proceedings, *In re Vulcan Materials Consolidated Coverage Litigation*.

## I.    PERTINENT FACTUAL BACKGROUND[2]

### A.    The Underlying Perc Lawsuits.

1.      In this action, Plaintiff Street and its insurer, National Union, seek a declaratory judgment that Vulcan is obligated to indemnify Plaintiffs with respect to five pending perchloro-ethylene ("perc") lawsuits filed against Street and Vulcan in California (the "perc lawsuits"), and related relief.  (Compl.)  The underlying perc lawsuits are all pending in California, and concern alleged damage to soil, groundwater, and drinking wells allegedly caused by perc and other chlorinated solvents released at or from various California dry cleaning locations, as follows:

- *City of Modesto v. Dow, et al., consolidated cases,* **San Francisco Cty. (Case Nos. 999345 and 999643) ("***Modesto I***"),** and *City of Modesto v. Dow, et al.,* **Contra Costa Cty. (Case No. MSC06-01019) ("***Modesto II***").**  In 1998, the City of Modesto and other parties sued Vulcan and Street, along with other perc manufacturers, distributors, individual dry cleaners, and dry-cleaning equipment manufacturers, in two cases filed in California Superior Court, San Francisco County, that were then consolidated.  (*Modesto I* Compls., Ex. 2.)  In 2005, the City of Modesto filed a third perc lawsuit against Vulcan, Street, and others.  (*Modesto II* Compl., Ex. 3.)

- *United States v. Lyon, et al.,* **No. 1:07-cv-00491-LJO-GSA, E.D. Cal. ("***Lyon***").**  In March 2007, the United States of America initiated this action against five individuals under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* for remediation at a former dry cleaner site in Modesto. Defendants then filed third-party complaints against Vulcan, Street, and others

---

[2] "A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is the appropriate procedural mechanism for raising the issue of abstention."  *Lowery v. Schnorf*, No. 97 C 6688, 1998 WL 341835, at *3 (N.D. Ill. Jun. 18, 1998); *accord Beres v. Vill. of Huntley, Ill.*, 824 F. Supp. 763, 766 (N.D. Ill. 1992).  "When a 12(b)(1) motion is based upon the existence of a parallel state court action and the movant seeks abstention, in deciding the motion to dismiss the court can look beyond the pleadings and examine the proceedings in the state court."  *Truserv Corp. v. Flegles Inc.*, No. 03 C 3284, 2003 WL 22839812, at *2 (N.D. Ill. Nov. 25, 2003) (*citing Beres*).  For the record, and setting aside the abstention issue, Vulcan disagrees with Plaintiffs' factual allegations.  In the event the Court denies Defendant's Motion, Defendant will serve its responsive pleading within ten days of notice of the Court's action, per Fed. R. Civ. P. 12(a)(4)(A).

seeking contribution, equitable indemnity, and declaratory relief.  (*Lyon* Compl., Ex. 4.)[3]

- ***Estate of C. Garcia, et al. v. Dow, et al.,* No. 611655, California Superior Court, Stanislaus County ("*Garcia*")**.  In October 2007, Vulcan was served with this personal injury action seeking to hold Vulcan, Street, and other defendants liable for the illness and death of Ms. Garcia, allegedly caused by her exposure to chlorinated solvents, including perc, in the Modesto sewer system, soil, groundwater, and public drinking water supplies.  (*Garcia* Compl., Ex. 6.)

2.      All five underlying perc lawsuits remain pending against Street.  Vulcan settled the *Modesto I* and *Modesto II* cases in 2007, in settlements found to be in good faith under Cal. Code Civ. Proc. §§ 877 and 877.6.  (7/18/07 Order, Ex. 7; 11/8/07 Order, Ex. 8.)

**B.      *In re Vulcan Materials Consolidated Coverage Litigation,* Lead Case No. BC-328022, California Superior Court, Los Angeles County.**

3.      Vulcan and its insurers—including National Union—are parties to *In re Vulcan Materials Consolidated Coverage Litigation*, a California state court action.  The *Consolidated Coverage Litigation* involves issues of insurance coverage for any Vulcan liability in the five underlying perc lawsuits, ***including*** coverage for Vulcan's obligation, if any, to defend and indemnify Street or National Union as Street's subrogee.  The pertinent history is as follows:

4.      In January 2005, a Vulcan general liability insurer sued Vulcan in Los Angeles, *Transport Insurance Co. v. Vulcan Materials Co., et al.*, No. BC328022 (Calif. Super. Ct., Los Angeles County, filed Jan. 31, 2005).  (*Transport* Compl., Ex. 9.)  In June 2006, two excess

---

[3] Street presently is before ***two federal courts*** seeking the exact same relief on express indemnity, implied indemnity, and promissory estoppel as to the underlying *Lyon* perc claims.  On February 26, 2008, the very day National Union and Street filed the Complaint here, Street's same counsel also filed identical Cross-Claims against Vulcan in the Eastern District of California as to *Lyon*.  (Street's 2/26/08 *Lyon* Cross-Claim, Ex. 5.)  Such "claim-splitting" is frowned upon in this Circuit and "supplie[s] strong reason for a stay."  *Rogers v. Desiderio*, 58 F.3d 299, 300, 302 (7th Cir. 1995) ("Multiplication imposes needless costs on one's adversary, on the judicial system, and on other litigants, who must endure a longer queue.").  In truth, neither federal court is the appropriate forum for these claims, and Vulcan will shortly file a motion seeking to dismiss or stay Street's Cross-Claims in *Lyon* in deference to the *Consolidated Coverage Litigation*.

liability insurers filed a second lawsuit against Vulcan in the same court, *First State Insurance Co., et al. v. Vulcan Materials Co., et al.*, No. BC 354664 (Calif. Super. Ct., Los Angeles County, filed June 28, 2006). (*First State* Compl., Ex. 10.) These actions were consolidated as *In re Vulcan Materials Consolidated Coverage Litigation* by Judge West.

5.     In the *Consolidated Coverage Litigation*, Vulcan's insurers seek a declaration that they are not obligated to defend or indemnify Vulcan for sums Vulcan may be legally obligated to pay because of damage allegedly caused by perc. (*Transport* Compl., Ex. 9; *First State* Compl., Ex. 10.) While its Complaint here states it is a Street insurer, Plaintiff National Union is also a Vulcan insurer and has been a party to the *Consolidated Coverage Litigation* since June 2006. (*First State* Compl., Ex. 10.) In addition, two insurers have sued approximately 30 others who sold general liability insurance policies to Vulcan, seeking to hold those other insurers liable for equitable indemnity or equitable contribution should the plaintiff insurers be held obligated to cover Vulcan's perc liabilities. (*Id.*)

6.     On March 12, 2008, Vulcan informed Judge West that National Union and Street had filed this action in the Northern District of Illinois in late February. (3/12/08 Tr. at 3-4, Ex. 1.) Judge West granted Vulcan leave to file a Cross-Complaint against Street, National Union, and Vulcan's other insurers, commenting that "all of this coverage litigation ought to be centralized in one place[,] [s]o if we ever get to the point where we can sit down and look at what the real issues are, or what the exposure is, or some potential for resolution, you have all of the players there." (*Id.* at 4.) Judge West suggested that Vulcan include Street's express indemnity claim in the Cross-Complaint, noting "[i]f you leave it out there and the only express indemnity claim is in Illinois, I don't think you are really doing yourself any favors." (*Id.* at 21.) Finally, Judge West observed, "it just doesn't make a lot of sense to have determinations made of similar issues in multiple jurisdictions that can only lead to further confusion." (*Id.* at 19-20.)

7.     Vulcan filed its Cross-Complaint in the (2005 filed) *Consolidated Coverage Litigation* on April 11, 2008.  (Vulcan's 4/11/08 Cross-Complaint, Ex. 11.)  Vulcan's Cross-Complaint names Street, National Union, and Vulcan's other liability insurers as cross-defendants.  (*Id.*)  Vulcan contends that National Union alone is responsible to defend and indemnify Street for the underlying perc lawsuits as Street's insurer.  (*Id.*)  Alternatively, if and to the extent Vulcan is found to bear or share that responsibility, the obligation to defend and indemnify Street falls to Vulcan's insurers, including National Union, and Street's (and National Union's as subrogee) sole recourse is against Vulcan's insurers.  (*Id.*)  Vulcan's Cross-Complaint seeks judgments, *inter alia*:

- that any claim by Street (and National Union) to equitable contribution or indemnity (including implied indemnity and promissory estoppel) vis-à-vis *Modesto I* and *Modesto II* is barred by the orders finding that Vulcan's settlements were made in good faith under Cal. Code Civ. Proc. §§ 877 and 877.6;

- that National Union has no and/or may not bring an equitable subrogation or equitable contribution claim to shift its responsibility to defend and indemnify Street to Vulcan;

- that Vulcan is not obligated to defend Street in the five underlying perc lawsuits, has not breached any obligation to defend Street in those cases, and is not obligated to indemnify Street in those cases; and

- that the insurer cross-defendants, including National Union and three of its affiliates, are obligated under Vulcan's insurance policies to pay any sums Vulcan may be required to pay (i) to defend or indemnify Street, (ii) to defend itself against Street's claims, or (iii) to satisfy any judgment or settlement in actions by Street against Vulcan.  (*Id.*)

8.     Several orders have been entered in the action, including on January 24, 2007 (Ex. 12); March 15, 2007 (Ex. 13); March 12, 2008 (Ex. 14); and April 21, 2008 (Ex. 15).

### C.     Street and National Union's Claims Against Vulcan in This Action.

9.     National Union and Street jointly filed their Complaint here on February 26, 2008.  As set forth in the Complaint, this "indemnity action" seeks declaratory and other relief

arising out of an alleged indemnity obligation of Vulcan, under various theories. (Compl. ¶ 6.)
Plaintiffs do not allege any present liability for damages or settlements in any of the five
underlying perc lawsuits; instead, they claim indemnity is owed for prospective "liability, *if any,*
***found*** to be owed by Street to the third party claimants" in the perc litigation. (Compl. ¶ 9,
emphasis added.) For such potential liability and alleged defense costs, Plaintiffs seek the
following relief:

- **Declaratory Judgment** (Count V). Plaintiffs seek declarations that Vulcan is obligated to indemnify Street for liabilities and defense costs in the underlying perc lawsuits and pay contribution to National Union for any amounts National Union is obligated to pay to defend and indemnify Street. (Compl. ¶ 27.)

- **Breach of Contract** (Count I). Plaintiffs allege that Vulcan is obligated to indemnify Street for liabilities and defense costs in the underlying perc lawsuits due to a breach of a contractual indemnity provision. (Compl. ¶¶ 12-14.)

- **Implied Indemnity and Promissory Estoppel** (Counts II and III). Plaintiffs allege that Vulcan is obligated to indemnify Street for liabilities and defense costs in the underlying perc lawsuits, under theories of implied indemnity and promissory estoppel. (Compl. ¶¶ 15-20.)

- **Equitable Contribution** (Count IV). National Union alone alleges that Vulcan is obligated to pay contribution to National Union for any amounts National Union is obligated to pay to defend and indemnify Street. (Compl. ¶¶ 21-24.)

10.    There have been no proceedings in this action since the filing of the Complaint.

## II.    ARGUMENT

The Court should dismiss or stay Plaintiffs National Union and Street's Complaint in
deference to the California *Consolidated Coverage Litigation*, a more comprehensive pending
action that includes the same parties among a larger group of interested parties litigating related
issues.

### A.    The Court Has the Power to Refrain from Hearing This Action.

It is well settled that "federal courts have the power to refrain from hearing cases . . .
which are duplicative of a pending state proceeding." *Quackenbush v. Allstate Ins. Co.*, 517 U.S.

706, 716-17 (1996); *Wilton*, 515 U.S. at 290; *Colorado River*, 424 U.S. at 817.  The Court may dismiss or stay a federal suit in deference to parallel or concurrent state proceedings based on "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"  *Colorado River*, 424 U.S. at 817; *accord Wilton*, 515 U.S. at 288.

Federal and state proceedings are parallel or concurrent when "substantially the same parties are contemporaneously litigating substantially the same issues" in another forum. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988).  The cases need not be identical to warrant a stay; "[r]ather, there should be a substantial likelihood that the state litigation will dispose of all claims in the federal case."  *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (internal quotations and citation omitted); *Tyrer v. City of S. Beloit,* 456 F.3d 744, 752-54 (7th Cir. 2006) (while the federal case was more specific than the state case, both "'rel[ied] on the same factual predicate to raise substantially similar legal issues against substantially similar parties'" making them parallel) (quoting *Clark*, 376 F.3d at 687).

The *Consolidated Coverage Litigation* in California state court is parallel and concurrent to this action.  It includes the same parties and the same issues; indeed, the court in California encouraged Vulcan to include all of the issues present in this federal action in the California state court action, to create one forum to resolve all related issues.  Given the parallel and concurrent *Consolidated Coverage Litigation*, this Court has discretion to dismiss or stay this action on multiple grounds discussed below.

### B.    The Court Should Dismiss or Stay the Complaint Pursuant to the Declaratory Judgment Act and the *Wilton/Brillhart* Standard.

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion" in deciding whether to exercise jurisdiction over claims seeking declaratory relief.

*Wilton*, 515 U.S. at 286.  That broad discretion arises out of the Act's express language that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added).  The Supreme Court clarified this broad discretion in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), and *Wilton*.  In *Brillhart*, the Court held that when, as here, another suit is pending in a state court presenting the same issues between the same parties, not governed by federal law, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit."  316 U.S. at 495.  In *Wilton*, the Court held "where parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court," the district court has broad discretion to dismiss or stay a federal declaratory judgment action. 515 U.S. at 290; *accord Sta-Rite Indus., Inc. v. Allstate Ins. Co*., 96 F.3d 281, 287 (7th Cir. 1996); *State Auto. Mut. Ins. Co. v. Reed*, No. 06-cv-1616, 2008 WL 885881, at *3 (S.D. Ind. Mar. 28, 2008).

> ### 1.     The *Wilton/Brillhart* Standard Applies to Plaintiffs' Claims.

Where a complaint states federal declaratory claims along with claims for monetary relief, and it can be "properly characterized as one primarily seeking declaratory relief," the court may apply the discretionary *Wilton/Brillhart* standard. *Zivitz v. Greenberg*, No. 98 C 5350, 1999 WL 262123, at *3 (N.D. Ill. Apr. 9, 1999).[4]  *Zivitz* is instructive.  In *Zivitz*, the plaintiff brought

---

[4] Indeed, "the considerations underlying the [Supreme Court's] decisions in *Colorado River* and *Wilton*" are best served by applying the *Wilton* standard to actions that, at heart, are for declaratory relief. *ITT Indus., Inc. v. Pac. Employers Ins. Co*., 427 F. Supp. 2d 552, 557 (E.D. Pa. 2006).  "In other words, [if] the outcome of [the non-declaratory] claims depends on the resolution of the declaratory judgment claims," the action is at its core or heart a declaratory judgment action subject to discretionary dismissal or stay pursuant to the standards set out in *Wilton* and *Brillhart*. *Id.; see also Royal Indem. Co. v. Apex Oil Co*., 511 F.3d 788, 793-96 (8th Cir. 2008) (complaint seeking declaratory relief establishing rights to equitable contribution, subrogation, unjust enrichment, and equitable estoppel, was subject to discretionary dismissal per *Wilton/Brillhart*, because claims seeking monetary relief based on those rights
(Continued…)

an action for indemnity, seeking both a declaration and money damages. *Id.* at *2. The court found the complaint to be "primarily one for declaratory relief [because] the money damages sought [were] incidental to and *dependant* upon the declaratory action." *Id.* at *3 (emphasis added). The claims were entwined because "[a]bsent a determination that the [plaintiffs] are entitled to indemnification," the money damage claims for indemnification and "fees and expenses" would be moot. *Id.*

The *Zivitz* analysis applies directly to Street and National Union's Complaint. All of their claims, including those for breach of contract and promissory estoppel, hinge upon Street's alleged right to indemnification from Vulcan. (Compl. ¶ 6 ("This is an indemnity action by Street."); ¶ 13 (referring to "defense and indemnity obligations" in the breach of contract count); ¶¶ 15-17 (for implied indemnity); ¶ 20 (alleging Vulcan should be "estopped from denying that it is obligated to hold harmless and indemnify"); ¶ 23 (referencing Vulcan's alleged indemnity obligations).) Street's alleged "actual damages" are simply damages for ***indemnification*** for defense costs and unknown future liability "if any, found to be owed by Street." (Compl. ¶ 23, emphasis added.) Absent a declaration that Street is entitled to indemnification, ***it cannot recover*** on its monetary claims. Thus, Street's damages claims are subsumed by its declaratory claim because a determination one way or the other—ordering indemnification or declaring no obligation to indemnify—will determine the monetary claims as well. As such, this action is "primarily seeking declaratory relief" and governed by the *Wilton/Brillhart* standard. *Zivitz,*

---

"are not independent of the requested declaratory judgment" and the declaratory claims were "the essence of th[e] lawsuit"); *Coltec Indus. Inc. v. Continental Ins. Co.*, No. Civ.A 04-5718, 2005 WL 1126951, at *3 (E.D. Pa. May 11, 2005) (applying the *Wilton/Brillhart* standard because the "heart of the action" was a count for declaratory relief); *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1236-38 (S.D. Ala. 2006); *Franklin Commons E. P'ship v. Abex Corp.*, 997 F. Supp. 585, 592 (D.N.J. 1998); *Gatewood Lumber, Inc. v. Travelers Indem. Co.*, 898 F. Supp. 364, 366 (S.D. W.Va. 1995).

1999 WL 262123, at *3; *ITT*, 427 F. Supp. 2d at 557 (*Wilton/Brillhart* applied where declaratory issue needed to be reached before monetary claims); *Maui Land & Pineapple Co. v. Occidental Chem. Corp*., 24 F. Supp. 2d 1079, 1081-82 (D. Haw. 1998) (action to enforce contractual indemnity and for defense costs was subject to *Wilton/Brillhart* despite claim for monetary relief: "the relief sought must be different than merely the performance of the contract that is the subject of the declaratory judgment claim").

Notably, National Union itself has relied upon this doctrine in seeking abstention elsewhere. Thus, in *North Pacific Seafoods, Inc. v. National Union Fire Insurance Co. of Pittsburgh, Pa.*, National Union contended that *Brillhart* controlled because the insured's declaratory claims for indemnity and monetary claims were not sufficiently independent of one another. No. C06-795, 2008 WL 53180, at *4 (W.D. Wash. Jan. 3, 2008). The district court agreed, finding the monetary claims were "necessarily dependent upon a declaration of coverage as requested in the [declaratory claims]. Thus, the actions [were] 'primarily declaratory in nature,' and the jurisdiction of [the Court was] discretionary." *Id*. Likewise, here, because Street and National Union's monetary claims are wholly dependent upon their request for a declaratory judgment, the Court should evaluate dismissal or stay under the *Wilton/Brillhart* standard.

### 2. The *Wilton/Brillhart* Standard Calls for Dismissal or Stay.

The factors for the Court to consider in deciding whether to dismiss or stay a case brought pursuant to the Declaratory Judgment Act all counsel for a dismissal or stay here. Under the *Wilton/Brillhart* standard, the Court should consider:

> [1] whether the declaratory suit presents a question distinct from the issues raised in the state court proceedings, [2] whether the parties to the two actions are identical, [3] whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and [4] whether comparable relief is available to the plaintiff seeking declaratory judgment in another forum or at another time.

*Nationwide Ins. Co. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

The *Consolidated Coverage Litigation* has been pending in California state court since 2005.  It includes all of the parties here, as well as many additional interested parties, such that in the comment of Judge West, "if we ever get to the point where we can sit down and look at what the real issues are, or what the exposure is, or some potential for resolution, you have all of the players there."  (3/12/08 Tr. at 4, Ex. 1.)[5]  This action does not present a question distinct from the issues raised in Vulcan's California Cross-Complaint.  Proceeding with this federal action would be duplicative and constitute piecemeal litigation, given the parallel California state court claims.  And the relief Street and National Union seek here is equally available to them in the state court proceeding.  Thus, the *Consolidated Coverage Litigation* is an adequate and appropriate forum for full relief as to all questions raised here.  Under the "wide discretion" conferred by the Declaratory Judgment Act, *A.G. Edwards & Sons, Inc. v. Public Building Commission of St. Clair County, Ill.*, 921 F.2d 118, 120 (7th Cir.1990), this action should be dismissed or stayed.

## C.     In the Alternative, the Court Should Stay the Complaint Pursuant to the *Colorado River* Doctrine.

While Vulcan believes the *Wilton/Brillhart* standard governs Plaintiffs' claims, the doctrine announced by the Supreme Court in *Colorado River* further supports a stay of this case.[6]  *Colorado River* recognizes that principles of "(w)ise judicial administration, giving regard to

---

[5]  The "existence of additional parties in one suit does not of itself destroy parallelism."  *Tyrer*, 456 F.3d at 753 n.9; *see Smith & Nephew, Inc. v. Andrews,* No. 06 C 2527, 2007 WL 772947, at *5 (N.D. Ill. Mar. 7, 2007) (same).

[6]  When the Court declines jurisdiction under *Colorado River*, "a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ."  *Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406, 409 (7th Cir. 1996).

conservation of judicial resources and comprehensive disposition of litigation" "govern in situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." 424 U.S. at 817. *Colorado River* provides that, in exceptional circumstances, a district court may stay a federal suit due to the presence of a concurrent state proceeding. *Id*. The Seventh Circuit has identified ten factors a court may consider in assessing the appropriateness of a stay in the event of an exercise of concurrent jurisdiction:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Tyrer*, 456 F.3d at 754. There is no mechanical formula by which to determine when a stay is appropriate. *Id*. No single factor is determinative; "the weight given to any particular factor will vary greatly from case to case, depending on the particular factual setting of the case at hand." *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989). Instead, "judicial efficiency is the paramount concern under the *Colorado River* doctrine." *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 697 (7th Cir. 1986).

### 1.    A Stay Will Avoid Duplicative and Wasteful Piecemeal Litigation.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Day v. Union Mines Inc.*, 862 F.2d 652, 659 (7th Cir. 1988) (internal quotation marks and citation omitted). Concurrent proceedings produce a "'grand waste' of the efforts of the parties and the courts," *LaDuke*, 879 F.2d at 1560 (citations omitted), "risk duplicative rulings, and reward a strategic gamesmanship that has no place in a dual system of federal and state courts." *Tyrer*, 456 F.3d at 756. The waste of judicial

resources in having "two courts . . . oversee similar pre-trial motions and discovery matters and two different triers of fact . . . consider[ing] the same issues, evidence and witnesses" counsels heavily for a stay under *Colorado River*.  *Clark*, 376 F.3d at 687; *see also Lumen*, 780 F.2d at 694 n.2 (noting danger of "contradictory orders on discovery matters" presented by allowing dual or piecemeal litigation).

Proceeding here on the same claims with the same parties will produce the waste, inefficiency, and risk of inconsistency that *Colorado River* abstention exists to prevent.  Vulcan and National Union's respective rights and obligations as to the liabilities arising out of the underlying perc litigation—including Vulcan's potential liabilities to Street—are at issue in the *Consolidated Coverage Litigation,* and that state court appears prepared to proceed with these claims.

      2.    **The "Order in Which Jurisdiction Was Obtained by the Concurrent Forums" and the "Relative Progress" of the Cases Support a Stay.**

There have been no proceedings in this Court to date since Street and National Union filed their Complaint on February 26, 2008.  *See Colorado River*, 424 U.S. at 820 (ordering dismissal while citing "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss").  In contrast, the *Consolidated Coverage Litigation*, to which National Union has been a party since June 2006, has been pending since 2005.  As reflected in orders entered in that action, the parties have been ordered to produce insurance policies and policy information, which is being loaded into an electronic document repository accessible to the parties and the Court (3/15/07 Order, Ex. 13.), and the court has set a schedule to brief and address a series of threshold issues, the first of which to be raised by motion on May 16, 2008.  (4/21/08 Order, Ex. 15).  The state court's progress, even as to preliminary issues, further counsels for a stay here.  *Day*, 862 F.2d at 658-59 ("Because there

has been substantial state court progress in the basic contractual disputes . . . this overall progress should be determinative rather than the lack of progress on one specific legal theory.").

Finally, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21-22 (1983). Thus, the fact that Street and National Union filed this action a few weeks before Vulcan's Cross-Claim in the *Consolidated Coverage Litigation* does not control. Indeed, in *Colorado River*, the federal action was filed before the state action. 424 U.S. at 820.

### 3.     The "Inconvenience of the Federal Forum" Supports a Stay.

The "inconvenience of the federal forum" weighs in favor of a stay. Because the California proceeding will continue regardless of whether this action is stayed, *see Lumen*, 780 F.2d at 697, the second federal proceeding *per se* is an inconvenient forum. *Clark*, 376 F.3d at 688. As is obvious, simultaneous litigation in two forums "would certainly inconvenience [all] parties." *LaDuke*, 879 F.2d at 1560.

### 4.     The "Vexatious" Nature of the Federal Action Supports a Stay.

National Union has been in litigation with Vulcan with respect to defense costs and liabilities incurred by Vulcan and Street in the underlying California perc lawsuits for some time. Yet, National Union opted to file this separate lawsuit in a court more than 2,000 miles away. Street opted to file two separate, overlapping and therefore duplicate lawsuits in two federal courts on the same day (*see* n.3, *supra*). As the Seventh Circuit has said, "the federal suit could be considered both vexatious and contrived" when the same party has filed two "suits . . . seeking substantially the same relief from substantially the same parties." *Interstate Material*, 847 F.2d at 1289.

5.    **The Other *Colorado River* Factors Do Not Counsel Against a Stay.**

None of the other *Colorado River* factors weighs against granting a stay in this action. The governing law at issue is state, not federal, which "weighs in favor of a stay." *Starr v. Levin*, No. 02 C 2258, 2002 WL 1941375, at *4 (N.D. Ill. Aug. 21, 2002). Factors concerning jurisdiction over a *res,* concurrent jurisdiction, and the availability of removal do not provide a reason to proceed in this Court. Finally, the *Consolidated Coverage Litigation* can adequately protect the parties' rights; indeed, it contains all interested parties and a court that recognizes the utility of a single forum for these disputes.

In sum, a stay is further bolstered under *Colorado River* abstention principles.

## CONCLUSION

The Court should dismiss or, alternatively, stay this action in deference to the pending *In re Vulcan Materials Consolidated Coverage Litigation* in California Superior Court.

Dated:  May 2, 2008                           Respectfully submitted,

                                         **/s/Richard C. Godfrey, P.C.**
                                         Richard C. Godfrey, P.C.
                                         Matthew T. Regan, P.C.
                                         Kirkland & Ellis LLP
                                         200 East Randolph Drive
                                         Chicago, Illinois  60601
                                         Telephone:  312-861-2000
                                         Facsimile:   312-861-2200

                                         *Attorneys for Defendant Vulcan Materials*
                                         *Company, n/k/a Legacy Vulcan Corp.*

### CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant Vulcan Materials Company, hereby certifies that, on May 2, 2008, he caused a true and correct copy of the foregoing Legacy Vulcan Corp.'s Memorandum in Support of Its Motion to Dismiss or, in the Alternative, Stay the Complaint to be filed electronically pursuant to the Court's ECF System, which will service notice upon all counsel of record.


**/s/Richard C. Godfrey, P.C.**