# EXHIBIT 5

1  Eric Grant (Bar No. 151064)
   Attorney at Law
2  8001 Folsom Boulevard, Suite 100
   Sacramento, California 95826
3  Telephone:  (916) 388-0833
   Facsimile:   (916) 691-3261
4  E-Mail:      grant@eric-grant.com

5  John B. Thomas (admitted *pro hac vice*)
   E-Mail:  jthomas@hicks-thomas.com
6  Brian M. Keller (admitted *pro hac vice*)
   E-Mail:  bkeller@hicks-thomas.com
7  Hicks Thomas & Lilienstern, LLP
   700 Louisiana Street, Suite 2000
8  Houston, Texas 77002
   Telephone:  (713) 547-9100
9  Facsimile:   (713) 547-9150

10 Counsel for Third-Party Defendant
   R.R. STREET & CO. INC.

11

12              UNITED STATES DISTRICT COURT

13              EASTERN DISTRICT OF CALIFORNIA

14                    FRESNO DIVISION

15 UNITED STATES OF AMERICA,            )  No. 1:07-cv-00491-LJO-GSA
                                        )
16            Plaintiff,                )
                                        )  **FIRST AMENDED ANSWER OF**
17       v.                             )  **THIRD-PARTY DEFENDANT R.R.**
                                        )  **STREET & CO. INC. TO THIRD-PARTY**
18 STEPHEN C. LYON, et al.,             )  **COMPLAINTS AND DEMANDS FOR**
                                        )  **JURY TRIAL OF STEPHEN C. LYON,**
19       Defendants/Third-Party Plaintiffs, )  **SUZANNE S. LYON, DIANE M. TONDA,**
                                        )  **AND RUSSELL R. TONDA, INCLUDING**
20       v.                             )  **STREET'S CROSS-CLAIM AGAINST**
                                        )  **LEGACY VULCAN CORP.**
21 THE DOW CHEMICAL COMPANY, et al.,    )
                                        )
22            Third-Party Defendants.   )
                                        )
23 AND ALL RELATED CROSS-CLAIMS         )
   AND THIRD-PARTY CLAIMS.              )
24 _____ )

25         Defendants and Third-Party Plaintiffs Stephen C. Lyon, Suzanne S. Lyon, Diane M. Tonda,

26 and Russell R. Tonda (collectively, "Lyon Parties") each filed an essentially identical "Third-Party

27 Complaint and Demand for Jury Trial" ("Lyon Complaint") against Third-Party Defendant R.R.

28 Street & Co. Inc. ("Street") on September 10, 2007 (docs. 39-42).  Street served its original answer

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

and response to the Lyon Complaint on February 6, 2008, or 20 days ago (doc. 165). Pursuant to

Federal Rule of Civil Procedure 15(a)(1)(B), Street now files this amended answer and response,

which includes the assertion of a cross-claim against Third-Party Defendant Legacy Vulcan Corp.,

formerly known as Vulcan Materials Company:

### THIRD-PARTY COMPLAINT

1.      The first sentence of Paragraph 1 of the Lyon Complaint enumerates and describes

the relief sought therein and therefore does not require a response. To the extent that a response is

required, Street denies that the Lyon Parties are entitled to any relief. Street is without sufficient

information or belief to admit or deny the allegations in the second sentence of Paragraph 1 and on

that basis denies such allegations.

### JURISDICTION AND VENUE

2.      Street is without sufficient information or belief to admit or deny the allegations in

Paragraphs 2-3 of the Lyon Complaint and on that basis denies such allegations.

### THIRD-PARTY DEFENDANTS

**A.      Chlorinated Solvent Manufacturers**

3.      Street is without sufficient information or belief to admit or deny the allegations in

Paragraphs 4-9 of the Lyon Complaint and on that basis denies such allegations.

**B.      Solvent and Equipment Distributors**

4.      Street is without sufficient information or belief to admit or deny the allegations in

Paragraph 10 of the Lyon Complaint and on that basis denies such allegations.

5.      Street admits the allegations in Paragraph 11 of the Lyon Complaint.

6.      Street is without sufficient information or belief to admit or deny the allegations in

Paragraphs 12-13 of the Lyon Complaint and on that basis denies such allegations.

7.      To the extent that the allegations in Paragraph 14 of the Lyon Complaint pertain to

Street, Street denies such allegations. Otherwise, Street is without sufficient information or belief

to admit or deny such allegations and on that basis denies them.

///

///

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

**C.     Chlorinated Solvent Equipment Manufacturers**

8.     Street is without sufficient information or belief to admit or deny the allegations in Paragraphs 15-16 of the Lyon Complaint and on that basis denies such allegations.

9.     To the extent that the allegations in Paragraph 17 of the Lyon Complaint pertain to Street, Street denies such allegations.  Otherwise, Street is without sufficient information or belief to admit or deny such allegations and on that basis denies them.

**D.     Owners or Operators of Halford's**

10.     Street is without sufficient information or belief to admit or deny the allegations in Paragraphs 18-19 of the Lyon Complaint and on that basis denies such allegations.

**E.     Owners or Operators of Sites Adjacent or Near to Halford's**

11.     Street is without sufficient information or belief to admit or deny the allegations in Paragraphs 20-25 of the Lyon Complaint and on that basis denies such allegations.

12.     To the extent that the allegations in Paragraph 26 of the Lyon Complaint pertain to Street, Street denies such allegations.  Otherwise, Street is without sufficient information or belief to admit or deny such allegations and on that basis denies them.

<div align="center">

**GENERAL ALLEGATIONS**

</div>

13.     Street is without sufficient information or belief to admit or deny the allegations in Paragraph 27 of the Lyon Complaint and on that basis denies such allegations.

14.     The allegations in Paragraphs 28-36 of the Lyon Complaint define terms employed therein, and therefore no response is necessary.  To the extent that a response is required, however, Street denies such allegations.

<div align="center">

**FIRST CROSS-CLAIM**

**(Contribution Under CERCLA § 113(f))**

</div>

15.     Street incorporates by reference its answers and responses to Paragraphs 1-36 of the Lyon Complaint as though fully set forth herein.

16.     The allegations in Paragraph 38 of the Lyon Complaint concerning the Plaintiff's Complaint involve conclusory statements as to a document that speaks for itself, and therefore no

///

<div style="margin-left:2em; font-style:italic;">
ERIC GRANT, ATTORNEY AT LAW<br>
8001 Folsom Boulevard, Suite 100<br>
Sacramento, California 95826<br>
Telephone: (916) 388-0833
</div>

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1  response is necessary.  To the extent that a response is required, however, Street denies such alle-

2  gations.  Street denies the remaining allegations in Paragraph 38.

3       17.    Street is without sufficient information or belief to admit or deny the allegations in

4  Paragraphs 39-40 of the Lyon Complaint and on that basis denies such allegations.

5       18.    To the extent that the allegations in Paragraphs 41-42 of the Lyon Complaint per-

6  tain to Street, Street denies such allegations.  Otherwise, Street is without sufficient information or

7  belief to admit or deny such allegations and on that basis denies them.

8                          **SECOND CROSS-CLAIM**

9                              **(Contribution)**

10      19.    Street incorporates by reference its answers and responses to Paragraphs 1-42 of the

11  Lyon Complaint as though fully set forth herein.

12      20.    Paragraph 44 of the Lyon Complaint quotes a statute, and therefore no response is

13  necessary.

14      21.    To the extent that the allegations in Paragraph 45-46 of the Lyon Complaint pertain

15  to Street, Street denies such allegations.  Otherwise, Street is without sufficient information or be-

16  lief to admit or deny such allegations and on that basis denies them.

17                          **THIRD CROSS-CLAIM**

18                          **(Equitable Indemnity)**

19      22.    Street incorporates by reference its answers and responses to Paragraphs 1-46 of the

20  Lyon Complaint as though fully set forth herein.

21      23.    To the extent that the allegations in Paragraphs 48-50 of the Lyon Complaint per-

22  tain to Street, Street denies such allegations.  Otherwise, Street is without sufficient information or

23  belief to admit or deny such allegations and on that basis denies them.

24                          **FOURTH CROSS-CLAIM**

25                      **(Federal Declaratory Relief)**

26      24.    Street incorporates by reference its answers and responses to Paragraphs 1-50 of the

27  Lyon Complaint as though fully set forth herein.

28  ///

25. Regarding Paragraph 52 of the Lyon Complaint, Street denies that it is obligated to indemnify the Lyon Parties in whole or in part for any specific performance obligations or sums for which Lyon may be found liable in this matter. To the extent that the allegations in Paragraph 52 pertain to Street, Street denies such allegations. Otherwise, Street is without sufficient information or belief to admit or deny such allegations and on that basis denies them.

26. With respect to Paragraph 53 of the Lyon Complaint, Street denies any liability to the Lyon Parties. To the extent that the allegations in Paragraph 53 pertain to Street, Street denies such allegations. Otherwise, Street is without sufficient information or belief to admit or deny such allegations and on that basis denies them.

27. Street is without sufficient information or belief to admit or deny the allegations in Paragraph 54 of the Lyon Complaint and on that basis denies such allegations.

28. To the extent that the allegations in Paragraphs 55-56 of the Lyon Complaint pertain to Street, Street denies such allegations. Otherwise, Street is without sufficient information or belief to admit or deny such allegations and on that basis denies them.

29. Street denies each and every allegation in the Lyon Complaint that Street has not expressly admitted, specifically answered, or otherwise responded to herein.

**FIRST AFFIRMATIVE DEFENSE**

30. The Lyon Complaint fails to state a claim against Street upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

31. The Lyon Parties' claims against Street are barred because such parties lack standing to raise them.

**THIRD AFFIRMATIVE DEFENSE**

32. The Lyon Parties' claims against Street are barred by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

33. The Lyon Parties' claims against Street are barred by the doctrines of laches, estoppel, unclean hands, and/or other equitable defenses.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

### FIFTH AFFIRMATIVE DEFENSE

34.    The Lyon Parties' CERCLA claims against Street are barred because such parties have failed to satisfy all conditions precedent for recovering past or future response costs under CERCLA § 113(f).

### SIXTH AFFIRMATIVE DEFENSE

35.    The Lyon Parties' CERCLA claims against Street are barred because such parties have not incurred response costs and has not properly alleged that he has incurred such costs.

### SEVENTH AFFIRMATIVE DEFENSE

36.    The Lyon Parties' CERCLA claims against Street are barred because Street is not a liable party under CERCLA, and such parties have not properly alleged that Street is a liable party under the statute.

### EIGHTH AFFIRMATIVE DEFENSE

37.    The Lyon Parties' claims against Street are barred insofar as the substances allegedly manufactured or distributed by Street did not contribute to a release or a threatened release of hazardous substances that resulted in such parties' incurring any response costs.

### NINTH AFFIRMATIVE DEFENSE

38.    The Lyon Parties' CERCLA claims against Street are barred insofar as they seek to recover costs, damages, and expenses other than "response costs" as defined by § 101(20), (23), (24), and (25) of CERCLA.

### TENTH AFFIRMATIVE DEFENSE

39.    The costs sought by the Lyon Parties against Street are not recoverable because they are inconsistent with the National Contingency Plan.

### ELEVENTH AFFIRMATIVE DEFENSE

40.    The costs sought by the Lyon Parties against Street are not recoverable because they are not necessary response costs.

### TWELFTH AFFIRMATIVE DEFENSE

41.    Street is exempt from liability for any response costs incurred by the Lyon Parties under the de micromis exemption set forth in CERCLA § 107(*o*).

<div align="center">

**THIRTEENTH AFFIRMATIVE DEFENSE**

</div>

42.    If and to the extent Street is held liable in this action, it is liable only for that portion of the costs that are determined to be attributable to Street, because joint and several liability is not appropriate in a contribution action under CERCLA § 113.

<div align="center">

**FOURTEENTH AFFIRMATIVE DEFENSE**

</div>

43.    Street is not liable for any response costs, injuries, or damages relating to alleged release or threatened release of hazardous substances or hazardous waste because Street was not the proximate cause of any such costs, injuries, or damages.

<div align="center">

**FIFTEENTH AFFIRMATIVE DEFENSE**

</div>

44.    The Lyon Parties' contribution claim against Street is barred because such parties have not alleged that they are tortfeasors who are liable for the same injury alleged against Street.

<div align="center">

**SIXTEENTH AFFIRMATIVE DEFENSE**

</div>

45.    The Lyon Parties' claims against Street are barred because such parties have not paid more than their equitable share of the alleged response costs.

<div align="center">

**SEVENTEENTH AFFIRMATIVE DEFENSE**

</div>

46.    The Lyon Parties' claims against Street are barred, in whole or in part, by their failure to mitigate their damages.

<div align="center">

**EIGHTEENTH AFFIRMATIVE DEFENSE**

</div>

47.    Street is not liable for any acts or omissions undertaken by or at the direction of any governmental authority, including but not limited to any acts or omissions in accordance with any permits, regulations, and laws applicable at the time of such acts or omissions.

<div align="center">

**NINETEENTH AFFIRMATIVE DEFENSE**

</div>

48.    The Lyon Parties have no statutory or other applicable legal basis for recovering attorneys' fees in this action.

<div align="center">

**TWENTIETH AFFIRMATIVE DEFENSE**

</div>

49.    Street reserves the right to assert additional affirmative defenses to some or all of the Lyon Parties' claims if additional facts become known, or based on legal developments.

///

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

50.    Street adopts by reference all affirmative defenses heretofore and hereinafter pled by any of the other defendants, except such defense as make any allegation against Street.

**STREET'S CROSS-CLAIM AGAINST LEGACY VULCAN CORP.**

Pursuant to Federal Rule of Civil Procedure 13(g), Street asserts the following cross-claim against Third-Party Defendant Legacy Vulcan Corp., formerly known as Vulcan Materials Company ("Vulcan"):

**JURISDICTION**

51.    This Court has subject matter jurisdiction over Street's cross-claim pursuant to 28 U.S.C. § 1367(a), in that such claim is so related to other claims in this action within the Court's original jurisdiction that all these claims form part of the same case or controversy under Article III of the United States Constitution.

**CROSS-DEFENDANT**

52.    Cross-Defendant Vulcan is a New Jersey corporation having its principal place of business in Birmingham, Alabama.

**GENERAL ALLEGATIONS**

53.    Vulcan manufactured perchloroethylene under the trade name PerSec.  Beginning in 1961 and continuing throughout the 1990's, Street marketed, sold, and distributed Vulcan's PerSec pursuant to an agreement that Vulcan would indemnify Street for all costs involved in defending claims arising out of Street's activities in selling, marketing, and distributing Vulcan's PerSec.  On several occasions, Vulcan indemnified Street for costs incurred by Street in defending such claims.

54.    As litigation associated with perchloroethylene increased, Street and Vulcan became concerned regarding Street's potential liability for past and future sales and distribution of Vulcan's PerSec.  To address those concerns, Street and Vulcan entered into the "Perchloroethylene Agency Agreement Between Vulcan Chemicals and R.R. Street & Co., Inc." (the "1992 Agreement"), wherein Vulcan promised to defend and indemnify Street for all claims arising out of Street's sales and distribution of PerSec.  The 1992 Agreement provides in relevant part:

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

5.1  Vulcan's Indemnity of Street.  Subject to the provisions of Sections 5.2 and 5.3 below and in addition to any other remedies available to Street with respect to claims by third parties, Vulcan shall defend, indemnify and hold Street harmless (including Street's reasonable defense costs and attorney's fees) against, from and with respect to all claims by or liabilities to third parties arising out of any acts, omissions or transactions related to the handling, use or disposal of perchlorethy-lene or PerSec, including, but not limited to, liability for injury, sickness, death and property damage, and including all liability for environmental or pollution-related damage or injury, sickness or death, whether or not any such liability is a result of civil, criminal or government action.

55.     The Lyon Complaint alleges that Street and Vulcan are liable for damages arising from environmental contamination and pollution associated with sales of perc (specifically Per-Sec) to Halford's.

56.     Even though Street and Vulcan agreed that certain previous litigation was covered by Vulcan's indemnity and defense obligations to Street, Vulcan has refused to comply with its defense and indemnity obligations with respect to the present action.  Moreover, Vulcan has re-fused to reimburse Street for costs incurred in defending claims asserted against Street in this ac-tion.  Finally, Vulcan has refused to indemnify Street for the liability, if any, to third parties in this action.

**FIRST CROSS-CLAIM FOR RELIEF**

**(Breach of Contract)**

57.     Street incorporates by reference and realleges each and every allegation set forth in Paragraphs 51-56 above.

58.     Under the terms of the 1992 Agreement, Vulcan promised to defend and indemnify Street for all claims arising from the sale and distribution of PerSec.  This case involves the very type of claims covered by the 1992 Agreement, yet Vulcan refuses to fulfill its obligations.

59.     Therefore, Vulcan has breached the 1992 Agreement.  Such breach has directly and proximately injured Street.

60.     Street is entitled to compensation for the damages flowing from such injuries, and Street will establish at trial, according to proof, the precise amount of such damages.

///

///

**SECOND CROSS-CLAIM FOR RELIEF**

**(Implied Indemnity)**

61.     Street incorporates by reference and realleges each and every allegation set forth in Paragraphs 51-56 above.

62.     In addition to Vulcan's defense and indemnity obligations under the 1992 Agreement, Vulcan has an implied indemnity obligation to defend and indemnify Street for all claims arising from Street's activities to sell, market, and distribute Vulcan's PerSec.  Street's liability for defense costs and potential liability to third parties arises solely from Street's activities in selling, marketing, and distributing Vulcan's PerSec, and is not due to the fault of Street.

63.     Vulcan has refused to abide by its implied indemnity obligations.  Such failure has directly and proximately injured Street.

64.     Street is entitled to compensation for the damages flowing from such injuries, and Street will establish at trial, according to proof, the precise amount of such damages.

**THIRD CROSS-CLAIM FOR RELIEF**

**(Promissory Estoppel)**

65.     Street incorporates by reference and realleges each and every allegation set forth in Paragraphs 51-56 above.

66.     On several occasions and prior to the execution of the 1992 Agreement, Vulcan represented that it would indemnify Street for all costs and liabilities associated with Street's activities in selling, marketing and distributing Vulcan's PerSec.  Additionally, Vulcan represented that it would list Street as an additional insured on Vulcan's insurance policies.  Indeed, Vulcan fulfilled its promise to defend and indemnify Street for costs and liabilities Street incurred in defending certain other claims that arose from Street's activities in selling, marketing and distributing Vulcan's PerSec.  Street relied on Vulcan's representations and conduct, such that Street was induced into continuing to sell, market, and distribute Vulcan's PerSec, which included engaging in activities that potentially subjected Street to liability to third parties.  Street reasonably and justifiably relied on Vulcan's representations and conduct to Street's detriment, and Street's reliance was foreseeable by Vulcan.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

67.    To avoid injustice resulting from Street's detrimental reliance, Vulcan should be estopped to deny that it is obligated to hold harmless and indemnify Street from and against any and all claims and liabilities in this matter.

### FOURTH CROSS-CLAIM FOR RELIEF

### (Declaratory Judgment)

68.    Street incorporates by reference and realleges each and every allegation set forth in Paragraphs 51-56 above.

69.    Vulcan's actions have created an actual and substantial controversy concerning the parties' respective rights and obligations under the 1992 Agreement.  In addition, there is an actual and substantial controversy between Street and Vulcan as to whether the parties' conduct requires Vulcan to indemnify Street under an implied indemnity and whether Vulcan is estopped to deny its duty to indemnify Street.

70.    Accordingly, pursuant to 28 U.S.C. § 2201(a), Street is entitled to

(a)    a declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense costs and attorney's fees incurred or to be incurred by Street in connection with this action; and

(b)    in the event that Street is found liable in this action, a declaration that Vulcan is obligated to hold harmless and indemnify Street from and against and all such liability.

### PRAYER FOR RELIEF

WHEREFORE, Street prays for judgment as follows:

1.    As to Stephen C. Lyon, Suzanne S. Lyon, Diane M. Tonda, Russell R. Tonda, and each of them, Street requests that the Court entered enter a judgment:

(a)    dismissing with prejudice all claims asserted against Street in their complaints;

(b)    awarding Street all attorneys' fees and costs allowed by law; and

(c)    awarding Street such other relief as the Court may deem just and proper.

2.    As to Legacy Vulcan Corp., formerly known as Vulcan Materials Corp., Street requests

///

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

(a)     a declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense costs and attorney's fees incurred or to be incurred by Street in connection with this action;

(b)     a declaration that Vulcan is obligated to hold harmless and indemnify Street from and against claims asserted in and all liability arising from this action;

(c)     damages, including litigation costs and attorney's fees incurred in prosecuting this action, in an amount to be proven at trial;

(d)     costs of suit incurred herein, including pre- and post-judgment interest to the full extent permitted by law; and

(e)     such other relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Street hereby demands a jury trial of all issues triable of right by a jury.

Dated:  February 26, 2008.

Respectfully submitted,

/s/ Eric Grant
ERIC GRANT
JOHN B. THOMAS
BRIAN M. KELLER

Counsel for Third-Party Defendant
R.R. STREET & CO. INC.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

# CERTIFICATE OF SERVICE

I hereby certify that I am a member of the bar of this Court in good standing and counsel of record for Third-Party Defendant R.R. Street & Co. Inc.  I further certify that the foregoing document, namely,

> FIRST AMENDED ANSWER OF THIRD-PARTY DEFENDANT R.R. STREET & CO. INC. TO THIRD-PARTY COMPLAINTS AND DEMANDS FOR JURY TRIAL OF STEPHEN C. LYON, SUZANNE S. LYON, DIANE M. TONDA, AND RUSSELL R. TONDA, INCLUDING STREET'S CROSS-CLAIM AGAINST LEGACY VULCAN CORP.

was served this date upon the following persons by the means indicated thereunder:

> Mr. Matthew J. McKeown
> Environment and Natural Resources Division
> Environmental Crimes Section
> 601 D Street, N.W.
> Washington, D.C. 20004
> Telephone:  (202) 305-0321
> (Via first-class mail, postage prepaid)
>
> *Attorney for Plaintiff United States of America*
>
> Mr. Alexander M. Weyand
> Peterson Weyand & Martin
> 49 Stevenson Street, Suite 1075
> San Francisco, California 94105
> Telephone:  (415) 399-2900
> (Via first-class mail, postage prepaid)
>
> *Attorney for Third-Party Defendant Bowe Permac, Inc.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 26, 2008.

> /s/ Eric Grant
> ERIC GRANT
>
> Counsel for Third-Party Defendant
> R.R. STREET & CO. INC.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833