# EXHIBIT 6

1    R. PARKER WHITE
     State Bar No. 95579
2    **POSWALL, WHITE & CUTLER**
     1001 G Street, Suite 301
3    Sacramento, California 95814
     Telephone: (916) 449-1300

4

5    Attorneys for Plaintiffs

6

7

8            IN THE SUPERIOR COURT OF STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF STANISLAUS

10

| | |
|---|---|
| 11   ESTATE OF CHRISTINA GARCIA, by and through JEFFREY R. | ) CASE NO. 611655 |
| 12   FLETTERICK, Administrator; KELSEY FLETTERICK, a minor, by and through | ) **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| 13   her Guardian ad Litem, JEFFREY R. FLETTERICK; SAM GARCIA and LILIA | ) **(Personal Injury; Wrongful Death)** |
| 14   GARCIA, | ) |
| 15          Plaintiffs, | ) |
| 16       v. | ) |
| 17   THE DOW CHEMICAL COMPANY; VULCAN MATERIALS COMPANY; | ) |
| 18   R.R. STREET & CO., INC.; PPG INDUSTRIES, INC.; OCCIDENTAL | ) |
| 19   CHEMICAL CORPORATION; MODESTO STEAM LAUNDRY & | ) |
| 20   CLEANERS INC.;ESTATE OF SHANTILAL JAMNADAS, dba | ) |
| 21   HALFORD'S CLEANERS; GOSS-JEWETT COMPANY OF NORTHERN | ) |
| 22   CALIFORNIA, INC.; AMERICAN LAUNDRY MACHINERY, INC.; I. E. | ) |
| 23   DuPONT DE NEMOURS & COMPANY; FULLER SUPPLY CO., INC.; MARVEL | ) |
| 24   MANUFACTURING COMPANY, INC.; and DOE 1 through DOE 100, inclusive, | ) |
| 25 | ) |
| 26       Defendants. | ) |

27

28

---

SECOND AMENDED COMPLAINT FOR DAMAGES

1    Plaintiffs, ESTATE OF CHRISTINA GARCIA, by and through JEFFREY R.

2  FLETTERICK, Administrator, KELSEY FLETTERICK, a minor, by and through her

3  Guardian ad Litem, JEFFREY R. FLETTERICK; SAM GARCIA and LILIA GARCIA,

4  complains of defendants, and each of them, for an amount in excess of $25,000.00 and

5  in excess of the minimum jurisdictional limits of this Court, and allege that at all relevant

6  times:

7                                **THE PARTIES**

8      **A.**    **The Plaintiffs**

9      1.    Plaintiffs are now, and at all times herein mentioned were, citizens of and

10  residents within the State of California, and the defendants, and each of them, are now,

11  and at all times herein mentioned were, citizens of and residents within the State of

12  California, and the amount in controversy exceeds the minimum jurisdictional limits of

13  the Court.

14     2.    Generally, plaintiffs allege that the City of Modesto's sewer system was

15  contaminated with toxic chlorinated solvents as a direct result of defendants' negligent

16  conduct in manufacturing, distributing, using, controlling, and disposing of chlorinated

17  solvents, and the equipment designed to use chlorinated solvents, which cause

18  chlorinated solvents to contaminate the City of Modesto's sewer system which

19  contaminated plaintiff's decedent's drinking water and environment.

20     **B.**    **The Chlorinated Solvent Manufacturer Defendants**

21     3.    Defendant, THE DOW CHEMICAL COMPANY ("DOW"), is a Delaware

22  corporation with its principal place of business located in Midland, Michigan.

23     4.    Defendant, E.I. DuPONT DE NEMOURS AND CO. ("DuPONT"), is a

24  Delaware corporation with its principal place of business located in Wilmington,

25  Delaware.

26     5.    Defendant, R.R. STREET & CO., INC. ("STREET"), is a corporation with

27  its principal place of business located in Naperville, Illinois.

28  ///

---

SECOND AMENDED COMPLAINT FOR DAMAGES

1      6.     Defendant, PPG INDUSTRIES ("PPG"), is a Pennsylvania corporation

2   with its principal place of business located in Pittsburgh, Pennsylvania.

3      7.     Defendant, VULCAN MATERIALS COMPANY ("VULCAN"), is a New

4   Jersey corporation with its principal place of business located in Pittsburgh,

5   Pennsylvania.

6      8.     Defendant, OCCIDENTAL CHEMICAL CORPORATION

7   ("OCCIDENTAL"), is a New York corporation with its principal place of business located

8   in Dallas, Texas.

9      9.     Plaintiffs are ignorant of the true names and/or capacities of the

10  defendants sued under the fictitious names DOES 1 through 25, inclusive.

11     10.    Defendants, DOW, STREET, DuPONT, OCCIDENTAL, PPG, VULCAN,

12  and DOES 1 through 12, and each of them: (1) manufactured, distributed, transported,

13  packaged, sold and/or disposed of toxic chlorinated solvents called Perchlorethylene

14  ("PERC") and/or Trichloroethylene ("TCE") (PERC and TCE, and their degradation

15  products and ingredients, are referred to collectively as "chlorinated solvents") in the

16  State of California and/or were involved in the manufacture of equipment sold in the

17  State of California specifically designed to store, use, process, and dispose of

18  chlorinated solvents; (2) DOES 13 through 25, and each of them, manufactured,

19  distributed, transported, packaged, sold and/or disposed of TCE in the State of

20  California; (3) defendants DOW, STREET, DuPONT, OCCIDENTAL, PPG, VULCAN,

21  and DOES 1 through 25, and each of them were legally responsible for and committed

22  each of the tortious and wrongful acts alleged in this Complaint.  Each Defendant who

23  manufactured the toxic chemical and product Perchlorethylene either called it by its

24  name Perclorethylene or some form of it, such as Dow-Per for Dow and Perchlor for

25  Dupont and PPG,

26     11.    Each of the defendants named in paragraphs 1 through 10 above, and

27  defendants DOES 1 through 25, will be collectively referred to as the "manufacturer

28  defendants" or "manufacturers."

SECOND AMENDED COMPLAINT FOR DAMAGES

C.    **Distributor Defendants**

12.    Defendant, FULLER SUPPLY COMPANY, INC. ("FULLER"), is a California corporation with its principal place of business located in San Francisco, California.

13.    Defendant, GOSS-JEWETT COMPANY OF NORTHERN CALIFORNIA, INC. ("GOSS-JEWETT"), is a California corporation with its principal place of business located in San Mateo, California.

14.    Plaintiffs are ignorant of the true names and/or capacities of the defendants sued under the fictitious names DOES 26 through 50, inclusive.

15.    Defendants, FULLER, GOSS-JEWETT, and DOES 26 through 50, and each of them: (1) purchased chlorinated solvents from one or more of the manufacturer defendants, and then resold the chlorinated solvents to one or more of the retailer defendants in the State of California; and (2) were legally responsible for and committed each of the tortious and wrongful acts alleged in this complaint.

16.    In addition to engaging in the distributor activities more fully described in paragraph 15 above, DOES 40 through 50 also engaged in the manufacturing acts and activities fully described in paragraph 10 above, which is incorporated in full herein.

D.    **Chlorinated Solvent Equipment Manufacturers**

17.    Defendant, AMERICAN LAUNDRY MACHINERY, INC. ("AMERICAN LAUNDRY"), is an Ohio corporation with its principal place of business located in San Mateo, California.

18.    Defendant, MARVEL MANUFACTURING COMPANY, INC. ("MARVEL"), is a Texas corporation with its principal place of business located in San Antonio, Texas.

19.    Plaintiffs are ignorant of the true names and/or capacities of the defendants sued under the fictitious names DOES 51 through 75, inclusive ("chlorinated solvent equipment manufacturers").

///

20.    Defendants, AMERICAN LAUNDRY, MARVEL, and DOES 51 through 75, and each of them: (1) manufactured, distributed, designed, assembled, installed, maintained, supervised, controlled, sold, operated and/or repaired equipment, parts and appurtenances, including, but not limited to, dry cleaning equipment, in the State of California specifically designed for the storage, application, and disposal of chlorinated solvents by the retailer defendants "chlorinated solvent equipment"); and (2) were legally responsible for and committed each of the tortious and wrongful acts alleged in this complaint.

21.    In addition to the chlorinated solvent equipment activities alleged in paragraph 20 above, DOES 65 through 75 also engaged in the chlorinated solvent manufacturing acts and activities fully described in paragraph 10 above, which is incorporated in full herein.

**E.**    **The Retailer Defendants**

22.    Defendant, MODESTO STEAM LAUNDRY & CLEANERS, INC. ("MODESTO STEAM"), is a business organization (form unknown) with its principal place of business located in the City of Modesto, California.

23.    Defendant, ESTATE OF SHANTILAL JAMNADAS, dba HALFORD'S CLEANERS ("HALFORD"), is a business organization (form unknown) with its principal place of business located in the City of Modesto, California.

24.    Plaintiffs are ignorant of the true names and/or capacities of the defendants sued under the fictitious names DOES 76 through 100, inclusive.

25.    Defendants, MODESTO STEAM, HALFORD, and DOES 751 through 1000, and each of them: (1) owned and/or operated in the City of Modesto retail dry cleaners, laundry facilities, and/or in some other business or personal capacity involving the use of chlorinated solvents; and (2) were legally responsible for and committed each of the tortious and wrongful acts alleged in this complaint.

26.    Each of the defendants named in paragraphs 22 through 25, and DOES 76 through 100, are collectively referred to as the "retailer defendants."

SECOND AMENDED COMPLAINT FOR DAMAGES

## BACKGROUND OF CHLORINATED SOLVENTS

27.    Perchlorethylene ("PERC") and Trychloroethylene ("TCE") are toxic organic cleaning solvents.  Dry cleaning machines were designed and developed to use PERC and TCE.  PERC was the most widely used dry cleaning chemical in the United States.  PERC is also referred to as PCE, carbon dichloride, and 1,1,2,2-tetrachloroethylene.  In soil, PERC can be transformed by biological degradation and by reductive dehalogenation into TCE, vinyl chloride, and trichloroethane ("TCA").

28.    In or about the 1940's, the defendants knew, or should have known, that PERC could be absorbed in the lungs, skin, and gastrointestinal tract which could cause severe damage to the liver, kidneys, central nervous system and other toxic effects.  PERC is a known carcinogen which causes genetic damage.  The defendant also knew, or should have known, that PERC and its degradation products and ingredients create a substantial risk of harm to groundwater and soil.

29.    Similarly, TCE, including its degradation products and ingredients, is a known carcinogen which can cause cancer, liver and kidney damage and death.  Since the early 1990's, among other things, TCE was marketed as a chemical to extract soybean meal for use as cattle feed.  This use of TCE was discontinued in the 1950's after numerous reports of widespread hemorrhagic cattle disease and deaths directly linked to the ingestion of TCE.

30.    Commencing in or about the 1940's, there were published reports of groundwater contamination caused by TCE which rendered water unfit for drinking. Defendants knew, or should have known, that TCE and its degradation products and ingredients create a substantial rick of harm to the environment, groundwater, and soil.

31.    Notwithstanding defendants' knowledge of health and environmental hazards of chlorinated solvent equipment defendants, and distributor defendants designed, manufactured, marketed, and/or supplied chlorinated solvents and chlorinated solvent dry cleaning equipment and replacement parts to retail dry cleaners, including the retailer defendants.  The equipment was specifically designed to store,

1  use, process, and dispose of chlorinated solvents.  Defendants were aware of the

2  typical use, waste, and disposal practices resulting from the intended use of their

3  equipment, including the practice of dumping chlorinated solvent wastewater and muck

4  into the public sewer systems, and the release of chlorinated solvents into the

5  environment during the foreseeable and expected use of chlorinated solvent

6  equipment.

7       32.   Notwithstanding the fact that the defendants knew, or should have known,

8  of the serious health hazards caused by the use and disposal of chlorinated solvents

9  and that chlorinated solvents pass through sewer pipes and concrete floors thereby

10  contaminating soil and migrating into groundwater, defendants negligently and

11  carelessly: (1) issued instructions that chlorinated solvents could be discharged into the

12  sewers permitting chlorinated solvents to contaminate the sewer system and

13  surrounding property; (2) designed and operated dry cleaning machines,

14  appurtenances, and other types of machinery designed to be used with chlorinated

15  solvents into the sewer system and/or which failed to adequately prevent and/or

16  minimize the loss of chlorinated solvents; (3) failed to recall and/or warn the users of

17  the negligently designed chlorinated solvent equipment of the dangers of groundwater

18  contamination as a result of chlorinated solvents disposal in the sewer system; and (4)

19  further failed and refused to issue the appropriate warnings and/or recalls to the users

20  of chlorinated solvents regarding the proper means of use and disposal of this toxic

21  chemical, notwithstanding the fact that the respective defendant knew the identity of the

22  purchaser of the chlorinated solvent equipment and/or chlorinated solvents.

23           **CONTAMINATION OF THE SEWER SYSTEM**

24       33.   As a direct cause of the defendants' acts alleged in this complaint, the

25  City of Modesto's sewer system, including soil, water and improvements, have been

26  contaminated by PERC and TCE.  As a direct and proximate result thereof, plaintiffs'

27  decedent died as a result of the contaminated drinking water and environment

28  contamination.

# FIRST CAUSE OF ACTION
(Personal Injury)

34.   Plaintiff, ESTATE OF CHRISTINA GARCIA, by and through JEFFREY R. FLETTERICK, Administrator, incorporates by reference herein paragraphs 1 through 33 as if fully set forth herein.

35.   Generally, plaintiff alleges that the City of Modesto's water supply and environment was contaminated with toxic chlorinated solvents as a direct result of defendants' negligent conduct in manufacturing, distributing, using, controlling, and disposing of chlorinated solvents, and the equipment designed to use chlorinated solvents, which caused chlorinated solvents to contaminate plaintiff's decedent's drinking water and environment.  As a result, decedent was exposed to the toxins, and the toxins entered her body.

36.   As a proximate result of the said negligence and carelessness of the defendants, and each of them, plaintiff's decedent, Christina Garcia, was hurt and injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person and ultimately death. Specifically, decedent's toxic exposure to PERC and TCE, caused non-hodgkin's lymphoma in decedent resulting in her death. Each toxin that entered decedent's body was a substantial factor in bringing about her illness of non-hodgkin's lymphoma.  Decedent was exposed to the toxins for fifteen years prior to her premature death on December 17, 2004, all to plaintiff's general damage in an amount in excess of the minimum jurisdictional limits of this Court.  Decedent was only 26 years old at the time of her death.

37.   As a further proximate result of the negligence of defendants, and each of them, plaintiff's decedent, Christina Garcia, was required to and did employ, physicians and surgeons to examine, treat and care for her and did incur, and will in the future incur, medical and incidental expenses.  The exact amount of such expense is unknown to plaintiff at this time, and plaintiff shall seek leave to amend this pleading when the same has been ascertained by him.

38.   As a further proximate result of the said negligence of the defendants, and each of them, plaintiff's decedent, Christina Garcia, was prevented from attending to her usual occupation, all to plaintiff's further damage in an amount unknown at this time, and plaintiff will ask leave to amend its complaint to show the exact amount when determined.

WHEREFORE, plaintiff, ESTATE OF CHRISTINA GARCIA, by and through JEFFREY R. FLETTERICK, Administrator, prays for judgment against the defendants, and each of them, as follows:

1.   For general damages in a sum in excess of the minimum jurisdictional limits of this Court;

2.   For medical and incidental expenses according to proof;

3.   For loss of earnings according to proof;

4.   For all costs of suit incurred herein; and

5.   For such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
(Wrongful Death)

39.   Plaintiffs, KELSEY FLETTERICK, a minor, by and through her Guardian ad Litem, JEFFREY R. FLETTERICK; SAM GARCIA and LILIA GARCIA, incorporate by reference herein paragraphs 1 through 38 as if fully set forth herein.

40.   That plaintiffs, KELSEY FLETTERICK, a minor, by and through her Guardian ad Litem, JEFFREY R. FLETTERICK; SAM GARCIA and LILIA GARCIA are the surviving dependent step-child and parents, respectively, and sole heirs at law of Christina Garcia, who died on December 17, 2004.

41.   That during the times herein mentioned, the defendants, and each of them, negligently manufactured, distributed, transported, packaged, sold, resold, designed, assembled, installed, maintained, supervised, controlled, operated and/or repaired equipment, parts, appurtenances and/or disposed of toxic chlorinated solvents

1  which contaminated the City of Modesto's sewer system, soil, groundwater, and public

2  drinking water supplies, resulting in the death on December 17, 2004, of decedent

3  Christina Garcia, which proximately caused the hereinafter described injuries and

4  damages to plaintiffs.  Specifically, decedent's toxic exposure to PERC and TCE,

5  caused non-hodgkin's lymphoma in decedent resulting in her death. Decedent was

6  exposed to the toxins for fifteen years prior to her premature death.  Decedent was only

7  26 years old at the time of her death.

8       42.    As a proximate result of the said negligence and carelessness of the

9  defendants, and each of them, plaintiffs have been deprived of the services, comfort,

10  protection, care and society of a kind, faithful and loving step-mother/daughter, all to

11  their general damage in a sum in excess of the jurisdictional minimum of this Court,

12  together with prejudgment interest thereon from the date of the incident herein.

13       43.    As a further proximate result of the negligence of defendants, and each of

14  them, plaintiffs were required to and did incur funeral and burial expenses and medical

15  bills in an amount unknown to them at this time, but they shall seek leave to amend this

16  pleading when the same has been ascertained, together with prejudgment interest

17  thereon from the date of the incident herein.

18       WHEREFORE, plaintiffs, KELSEY FLETTERICK, a minor, by and through her

19  Guardian ad Litem, JEFFREY R. FLETTERICK; SAM GARCIA and LILIA GARCIA,

20  pray for judgment against the defendants, and each of them, as follows:

21       1.    For general damages in a sum in excess of the minimum jurisdictional

22  limits of this Court;

23       2.    For funeral, burial and medical expenses according to proof;

24       3.    For any and all prejudgment interest on general and special damages

25  from the date of the accident of the present complaint;

26       4.    For all costs of suit incurred herein; and

27  ///

28  ///

SECOND AMENDED COMPLAINT FOR DAMAGES

1    5.    For such other and further relief as this Court may deem just and proper.

2

3   Dated: March ___, 2008                          **POSWALL, WHITE & CUTLER**

4

5                                                   By_____
                                                       R. PARKER WHITE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES

**GARCIA, ET AL. v. THE DOW CHEMICAL COMPANY, ET AL.**
**STANISLAUS COUNTY SUPERIOR COURT CASE NO. 611655**

PROOF OF SERVICE

I am a citizen of the United States and a resident of the county of Sacramento. I am over the age of 18 years and not a party to the within above-entitled action; my business address is 1001 G Street, Suite 301, Sacramento, California 95814. I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.

On the below date, I served the **SECOND AMENDED COMPLAINT FOR DAMAGES (Personal Injury; Wrongful Death)** in said action as addressed below by causing a true copy thereof to be:

XX   Mailed
__   Personally Delivered
__   Federal Express
__   Faxed

**ADDRESSED AS FOLLOWS:**

Gennaro A. Filice III
Daniel J. Nichols
J. Garret Deal
Filice Brown Eassa & McLeod LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612

Douglas R. Young
James H. Colopy
Ruth Ann Castro
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

Eric Grant
8001 Folsom Boulevard, Suite 100
Sacramento, CA 95826

Thomas C. Hurrell
Mai T. Nugyen
Adrianna Corrado
Hurrell Cantrall LLP
660 South Figueroa Street, 21st Floor
Los Angeles, CA 90017

1  Stephen C. Lewis
   Kathryn L. Oehlschlager
2  Barg Coffin Lewis & Trapp, LLP
   350 California Street, 22nd Floor
3  San Francisco, CA  94104-1435

4
   Andrew Nelson
5  Walsworth, Franklin, Bevins & McCall
   601 Montgomery Street, 9th Floor
6  San Francisco, CA  94111

7
   Keith D. Chidlaw
8  Schuering Zimmerman Scully
   Tweedy & Doyle, LLP
9  400 University Avenue
   Sacramento, CA  95825
10

11 Robert N. Berg
   Sedgwick, Detert, Moran & Arnold
12 One Market Plaza
   Steuart Tower, 8th Floor
13 San Francisco, CA  94105

14

15      I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.  Executed March 7, 2008, at Sacramento, California.
16

17                                              _____

18                                              CHERYL L. STEINER

19

20

21

22

23

24

25

26

27

28

---

PROOF OF SERVICE OF SECOND AMENDED COMPLAINT FOR DAMAGES (Personal Injury; Wrongful Death)

- 2 -