# EXHIBIT 9

RAY L. WONG (SBN 84193)
WILLIAM J. BARON (SBN 111288)
NILOO SAVIS (SBN 186809)
HANCOCK ROTHERT & BUNSHOFT LLP
Four Embarcadero Center, Suite 300
San Francisco, California 94111-4168
Telephone: (415) 981-5550
Facsimile: (415) 955-2599

AMY C. BAGHRAMIAN (SBN 223340)
HANCOCK ROTHERT & BUNSHOFT LLP
515 South Figueroa Street, 17th Floor
Los Angeles, California 90071-3334
Telephone: (213) 623-7777
Facsimile: (213) 623-5405

Attorneys for Plaintiff
TRANSPORT INSURANCE COMPANY

**FILED**
LOS ANGELES SUPERIOR COURT
JAN 3 1 2005
JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY J. SUNGA, DEPUTY

Case assigned to Judge RITA MILLER
D.16

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TRANSPORT INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>VULCAN MATERIALS COMPANY, a corporation, and Does 1-100, inclusive,<br><br>Defendants. | CASE NO. BC328022<br><br>**TRANSPORT INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF**<br><br>**1. No Duty to Indemnify**<br>**2. No Duty to Indemnify for Defense Costs**<br>**3. No Occurrence**<br>**4. No Property Damage During the Policy Period**<br>**5. Pollution Exclusion**<br>**6. Absolute Exclusion For Costs Of Cleaning Up Pollution**<br>**7. Deductibles and Self-Insured Retentions**<br>**8. Allocation** |




Plaintiff Transport Insurance Company (hereafter "Transport") alleges:

**NATURE OF THE ACTION**

1. This is a civil action for declaratory relief pursuant to California Code of Civil Procedure Section 1060. Plaintiff Transport asks the Court to declare and adjudge the rights, obligations, and duties of the parties under certain insurance policies issued by Transport in favor of Vulcan Materials Company (hereafter, "Vulcan"), as more fully set forth below. Specifically, Transport asks the Court to determine that Transport has no duty to indemnify Vulcan under the insurance policies identified in paragraph 13 of this Complaint (hereafter, the "Policies"), with respect to claims asserted against Vulcan arising from the alleged release of chemicals into the environment from dry cleaner sites in the city of Modesto, California (hereafter, the "Modesto Environmental Claims," as more fully defined in paragraphs 20-24 of this Complaint). In addition, if the Court finds that Transport has any duty to pay Vulcan under the Policies with respect to the Modesto Environmental Claims, Transport seeks an appropriate allocation as to the amount of Vulcan's environmental liability and other costs that may be found to be owed by Transport under the Policies (if any).

**THE PARTIES**

2. Plaintiff Transport Insurance Company is a property and casualty insurance company organized under the laws of Ohio with its principal place of business in Cincinnati, Ohio.

3. Defendant Vulcan Materials Company is a New Jersey corporation, that at all relevant times was and is authorized to do business in California, and that at all relevant times was and is doing business in California.

4. Defendants Does 1 through 100, inclusive, are sued herein under fictitious names. Their true names, capacities and respective liabilities are unknown to Transport. When their true names, capacities and respective liabilities are ascertained, Transport will amend this complaint by inserting their true names, capacities and respective liabilities herein. Transport is informed and believes, and thereon alleges, that each of the Does 1 through 100 claims an interest in the Policies at issue in this action.

## JURISDICTION

5. This declaratory relief action is brought under Section 1060 of the California Code of Civil Procedure to determine the rights, duties, and obligations of Transport and Vulcan under the Policies with respect to the Modesto Environmental Claims.

6. An actual and justiciable controversy exists between Transport and Vulcan concerning the parties' rights, duties, and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims, as described more fully in paragraphs 25-34 of this Complaint.

7. Upon information and belief, at all relevant times Vulcan was and is authorized and qualified under California law to do business in California and Vulcan has various branch offices in California. At all relevant times, Vulcan has conducted business at various locations in California, including the City of Los Angeles.

8. Vulcan is in the business of designing, manufacturing, packaging distributing, and/or selling certain chemicals and substances that were allegedly sold to and used by various drycleaners in California in their activities and operations at their retail locations in California. Vulcan's insurance claim against Transport with respect to the Modesto Environmental Claims concerns alleged contamination involving toxic chemicals at various dry cleaner sites in located in California.

9. In this action, Transport seeks a judgment declaring that the Policies do not cover alleged losses at sites that are located in Modesto, California. The allegedly contaminated sites at issue in this action are all located within California.

10. For the reasons set forth herein, jurisdiction over this declaratory relief action is proper in this Court.

## VENUE

11. Venue is proper in this Court because, upon information and belief, at all relevant times Vulcan was and is authorized and qualified under California law to do business in California, and Vulcan's principal California business office is located in the County of Los Angeles.

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO CA 94111
(415) 981-5550



12. Specifically, venue is proper in this Court because Vulcan has filed a Statement by a Foreign Corporation with the California Secretary of State, which states that Vulcan's principal business office in California is within the City of Los Angeles, and thus within the County of Los Angeles.

## THE POLICIES

13. Transport issued certain liability insurance policies to Vulcan, which have the following policy numbers and policy periods:

| Policy Numbers: | Policy Periods: |
|---|---|
| 031001 | January 1, 1963 to January 1, 1972; |
| GLX-731-76-1 | January 1, 1976 until cancellation January 1, 1978; |
| GLX-731-78-1 | January 1, 1978 to January 1, 1981; and |
| XGL-731-81-1 | January 1, 1981 until cancellation January 1, 1982. |

14. Attached hereto as Exhibit A are true and correct copies of documents reflecting the wording of Transport Policy Number 031001, issued to Vulcan for the policy period commencing on January 1, 1963, which was extended to January 1, 1972.

15. Attached hereto as Exhibit B are true and correct copies of documents reflecting the wording of Transport Policy Number GLX-731-76-1, issued to Vulcan for the policy period commencing on January 1, 1976, which was cancelled effective January 1, 1978.

16. Attached hereto as Exhibit C are true and correct copies of documents reflecting the wording of Transport Policy Number GLX-731-78-1, issued to Vulcan for the policy period from January 1, 1978 to January 1, 1981.

17. Attached hereto as Exhibit D are true and correct copies of documents reflecting the wording of Transport Policy Number XGL-731-81-1, issued to Vulcan for the policy period commencing on January 1, 1981, which was cancelled effective January 1, 1982.

18. Policy Numbers 031001, GLX-731-76-1, GLX-731-78-1, and XGL-731-81-1 are collectively referred to herein as the "Policies."

19. On information and belief, other insurers also issued to Vulcan other insurance policies with policy periods in effect during the relevant time periods.

**THE ENVIRONMENTAL LAWSUITS AGAINST VULCAN**

20. On or about November 18, 1998, the City of Modesto Redevelopment Agency filed a complaint for alleged damages against Vulcan, among others. That action is entitled *City of Modesto Redevelopment Agency v. Dow Chemical Company, et al.*, and is filed in the California Superior Court for the County of San Francisco, Case No. 999345 (hereafter "the Redevelopment Agency Suit"). The operative Fourth Amended Complaint in that action alleges causes of action for strict liability, negligence, negligence *per se*, private and public nuisance, private and public nuisance *per se*, trespass, response costs under the California Superfund Act, declaratory relief, ultra-hazardous activity, and recovery under the Polanco Redevelopment Act.

21. On or about December 3, 1998, the City of Modesto and City of Modesto Sewer District No. 1 also filed a complaint against Vulcan, among others. That action is entitled *City of Modesto, et. al. v. Dow Chemical Company, et al.*, and is filed in the California Superior Court for the County of San Francisco, Case No. 999643 (hereafter "the City of Modesto Suit"). The plaintiffs' operative Third Amended Complaint in the City of Modesto Suit alleges causes of action for strict liability, negligence, negligence *per se*, private and public nuisance, private and public nuisance *per se*, trespass, response costs under the California Superfund Act, declaratory relief, ultra-hazardous activity, and utility tampering. The Redevelopment Agency Suit and the City of Modesto Suit are herein collectively referred to as the "Environmental Suits."

22. As of the filing of this Complaint, the Environmental Suits are pending before the San Francisco County Superior Court. On or about March 24, 2003, by order of the Court in the Environmental Suits, the City of Modesto Suit and the Redevelopment Agency Suit were consolidated under San Francisco County Superior Court Case No. 999345.

23. The complaints in the Environmental Suits name four categories of defendants: (1) manufacturers of chemicals that were allegedly used in dry cleaning operations in Modesto, California, (2) distributors of chemicals used in dry cleaning operations, (3) manufacturers of the equipment in which chemicals were used in dry cleaning operations, and (4) retail dry cleaners which used chemicals in the dry cleaning operations. The plaintiffs in the Environmental Suits assert a claim against Vulcan as an alleged manufacturer of certain

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

 

chemicals, including but not limited to perchloroethylene ("PERC"), that were distributed to retail dry cleaners in Modesto, California.

24. The plaintiffs in the Environmental Suits seek to recover from Vulcan and others the costs of removing, nullifying, or cleaning up environmental contamination allegedly arising from the release of chemicals, including PERC and trichloroethylene ("TCE"), into the environment from various dry cleaning operations in Modesto. The claims asserted against Vulcan in the Environmental Suits are herein referred to as the "Modesto Environmental Claims."

**VULCAN'S INSURANCE CLAIM AGAINST TRANSPORT**

25. On or about December 22, 1998, Vulcan notified Transport of the Environmental Suits. Vulcan has claimed that the Modesto Environmental Claims are covered under the Policies. Specifically, Vulcan has claimed that Transport is obligated to indemnify Vulcan for liability that Vulcan may incur with respect to the Modesto Environmental Claims, and Vulcan has advised Transport that it intends to seek recovery of defense costs incurred in the Environmental Suits from its insurers that, Vulcan asserts, allegedly are obligated to provide a defense to Vulcan.

26. In response to Vulcan's insurance claim, Transport advised Vulcan that Transport would monitor the claim under complete reservation of rights, including the right to deny coverage under the Policies for the Modesto Environmental Claims. Transport asked Vulcan to provide Transport with information that could establish an alleged indemnity obligation under the Policies with respect to the Modesto Environmental Claims. Vulcan has provided Transport with certain information regarding the Modesto Environmental Claims.

27. Transport contends that the information Vulcan has provided to Transport does not establish that Transport is obligated to pay any claimed indemnity costs with respect to the Modesto Environmental Claims. Based on the information that Transport has obtained, Transport contends that the language of the Policies precludes any obligation by Transport to pay or reimburse claimed defense costs incurred by Vulcan in defending against the Modesto Environmental Claims. Based on the information that Transport has obtained, Transport contends that the language of the Policies precludes any obligation to indemnify Vulcan for liability that

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550




Vulcan may incur with respect to the Modesto Environmental Claims. Transport's contention that it has no obligation to indemnify Vulcan in connection with the Modesto Environmental Claims is based on several grounds, including but not limited to the grounds set out in the following paragraphs 28-34.

28. Each of the Policies limits coverage to damages resulting from property damage caused by Vulcan's products during the applicable policy period. (*See* Exhibit A to this Complaint, at page 3 and Endorsement No. 12; Exhibit B to this Complaint, at pages 1-2 and Endorsement No. 26; Exhibit C to this Complaint, at pages 1-2 and Endorsement No. 24A; and Exhibit D to this Complaint, at pages 1 and 4.) To the extent that chemicals manufactured by Vulcan did not cause property damage at the dry cleaner sites at issue during the period of the Policies, Transport has no obligation to indemnify Vulcan under the Policies with respect to the Modesto Environmental Claims.

29. Moreover, to the extent that chemicals manufactured by Vulcan did not cause an appreciable amount of property damage at the dry cleaner sites at issue during the period of the Policies, Transport has no obligation to indemnify Vulcan under the Policies with respect to the Modesto Environmental Claims.

30. Policy Number GLX-731-76-1 (January 1, 1976 to January 1, 1978), Policy Number GLX-731-78-1 (January 1, 1978 to January 1, 1981), and Policy Number XGL-731-81-1 (January 1, 1981 to January 1, 1982) contain pollution exclusions. To the extent that the pollution exclusions in these Policies apply to the alleged contamination at issue in the Modesto Environmental Claims, Transport has no obligation to indemnify Vulcan under Policies Numbers GLX-731-76-1, GLX-731-78-1, or XGL-731-81-1 with respect to the Modesto Environmental Claims.

31. To the extent any loss incurred by Vulcan does not exceed the deductibles and/or self insured retentions stated in the Policies, Transport has no obligation to indemnify Vulcan under the Policies with respect to the Modesto Environmental Claims.

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO CA 94111
(415) 981-5550

32. The Policies do not provide a duty by Transport to defend the Modesto Environmental Claims. Certain of the Policies provide that Transport may be obligated to pay certain defense costs incurred in connection with covered losses, but any such obligation could only arise as part of an indemnity obligation under the Policies, subject to the policy limits, only after Vulcan incurs liability for covered damages and only after Vulcan establishes that such damages are covered by the Policies. To the extent Vulcan cannot establish that liability incurred for the Modesto Environmental Claims is covered by the Policies, Transport has no obligation to indemnify Vulcan for defense costs under the Policies with respect to the Modesto Environmental Claims.

33. Further investigation and discovery may reveal other grounds for concluding that the Policies do not obligate Transport to indemnify Vulcan in connection with the Modesto Environmental Claims. Transport may seek leave to amend this Complaint to request declarations that the Policies do not provide coverage for the Modesto Environmental Claims on such other grounds if such information is obtained through further investigation or discovery.

34. Vulcan has the burden of proving that its insurance claims are covered by the terms of the Policies.

**FIRST CAUSE OF ACTION**

**For Declaratory Relief Against Vulcan and Does 1 Through 100**

**(No Duty to Indemnify)**

35. Transport refers to and incorporates herein by this reference paragraphs 1 through 34, inclusive, of this Complaint, as though fully set forth herein.

36. Vulcan contends that the Modesto Environmental Claims are covered under the Policies. Vulcan contends that Transport is obligated to indemnify Vulcan for liability that Vulcan may incur with respect to the Modesto Environmental Claims.

37. Based on the information available to it, Transport contends that it has no duty to indemnify Vulcan with respect to the Modesto Environmental Claims, on the grounds stated in paragraphs 28-34 of this Complaint, among other grounds.

38. An actual and justiciable controversy exists between Transport and Vulcan concerning their rights, duties and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims.

39. Transport desires and seeks a judicial declaration pursuant to Code of Civil Procedure Section 1060, of its rights, obligations, and duties under the Policies (if any) with respect to Vulcan's claims for indemnity under the Policies in connection with the Modesto Environmental Claims. Transport seeks a general declaration that it has no duty under the Policies to indemnify Vulcan in connection with the Modesto Environmental Claims, and seeks associated declarations as required to support the requested general declaration.

40. A judicial declaration is necessary and appropriate at this time so that the parties, including Transport and Vulcan, may ascertain their rights, duties, and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims.

**SECOND CAUSE OF ACTION**

**For Declaratory Relief Against Vulcan and Does 1 Through 100**

**(No Duty to Indemnify for Defense Costs)**

41. Transport refers to and incorporates herein by this reference paragraphs 1 through 40, inclusive, of this Complaint, as though fully set forth herein.

42. Vulcan has advised Transport that it intends to seek recovery of defense costs incurred in the Environmental Suits from its insurers that, Vulcan asserts, allegedly are obligated to provide a defense to Vulcan.

43. The Policies do not provide a duty by Transport to defend the Modesto Environmental Claims. Certain of the Policies provide that Transport may be obligated to pay certain defense costs incurred in connection with covered losses, but any such obligation could only arise as part of an indemnity obligation under the policies, subject to the policy limits, and only after Vulcan incurs liability for covered damages and only after Vulcan establishes that such damages are covered by the Policies. To the extent Vulcan cannot establish that liability incurred for the Modesto Environmental Claims is covered by the Policies, Transport has no obligation to

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5660

indemnify Vulcan for defense costs under the Policies with respect to the Modesto Environmental Claims.

44. An actual and justiciable controversy exists between Transport and Vulcan concerning Vulcan's claim that it is entitled to seek recovery of defense costs incurred in the Environmental Suits from its insurers. Transport desires and seeks a judicial declaration pursuant to Code of Civil Procedure Section 1060 that Transport has no duty under the Policies to indemnify Vulcan for defense costs incurred by Vulcan in connection with the Modesto Environmental Claims.

45. A judicial declaration is necessary and appropriate at this time so that the parties, including Transport and Vulcan, may ascertain their rights, duties, and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims.

**<u>THIRD CAUSE OF ACTION</u>**

**For Declaratory Relief Against Vulcan and Does 1 Through 100**

**(No Occurrence)**

46. Transport refers to and incorporates herein by this reference paragraphs 1 through 45, inclusive, of this Complaint, as though fully set forth herein.

47. Vulcan contends that the Modesto Environmental Claims are covered under the Policies. Vulcan contends that Transport is obligated to indemnify Vulcan for liability that Vulcan may incur with respect to the Modesto Environmental Claims.

48. Based on the information available to it, Transport contends that it has no duty to indemnify Vulcan for liability or defense costs under the Policies with respect to the Modesto Environmental Claims, due to the "occurrence" wording in the Policies. The Policies apply only to Vulcan's liability for property damage if such damage or injury arose from a covered occurrence. To the extent that the property damage giving rise to the Modesto Environmental Claims did not arise from a covered occurrence, there is no coverage for such property damage under the Policies.

49. An actual and justiciable controversy exists between Transport and Vulcan concerning their rights, duties and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims. Transport desires and seeks a judicial declaration pursuant to Code of Civil Procedure Section 1060 that Transport has no duty under the Policies to indemnify Vulcan in connection with the Modesto Environmental Claims, based on the Policies' occurrence requirement.

50. A judicial declaration is necessary and appropriate at this time so that the parties, including Transport and Vulcan, may ascertain their rights, duties, and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims.

**FOURTH CAUSE OF ACTION**

**For Declaratory Relief Against Vulcan and Does 1 Through 100**

**(No Property Damage During The Policy Period)**

51. Transport refers to and incorporates herein by this reference paragraphs 1 through 50, inclusive, of this Complaint, as though fully set forth herein.

52. Vulcan contends that the Modesto Environmental Claims are covered under the Policies. Vulcan contends that Transport is obligated to indemnify Vulcan for liability that Vulcan may incur with respect to the Modesto Environmental Claims.

53. Based on the information available to it, Transport contends that it has no duty to indemnify Vulcan for liability or defense costs under the Policies with respect to the Modesto Environmental Claims, due to the requirement stated in the Policies that covered property damage must take place during the policy period. Each of the Policies limits coverage to damages resulting from property damage caused by Vulcan's products during the applicable policy period. To the extent that chemicals manufactured by Vulcan did not cause property damage at the dry cleaner sites at issue during the period of the Policies, Transport has no obligation to indemnify Vulcan under the Policies with respect to the Modesto Environmental Claims.

54. Moreover, to the extent that chemicals manufactured by Vulcan did not cause an appreciable amount of property damage at the dry cleaner sites at issue during the period of the Policies, Transport has no obligation to indemnify Vulcan under the Policies with respect to the Modesto Environmental Claims.

55. An actual and justiciable controversy exists between Transport and Vulcan concerning their rights, duties and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims. Transport desires and seeks a judicial declaration pursuant to Code of Civil Procedure Section 1060 that Transport has no duty under the Policies to indemnify Vulcan in connection with the Modesto Environmental Claims, based on the Policies' requirement that coverage can only apply to the extent that property damage takes place during the policy period.

56. A judicial declaration is necessary and appropriate at this time so that the parties, including Transport and Vulcan, may ascertain their rights, duties, and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims.

**FIFTH CAUSE OF ACTION**

**For Declaratory Relief Against Vulcan and Does 1 Through 100**

**(Pollution Exclusion)**

57. Transport refers to and incorporates herein by this reference paragraphs 1 through 56, inclusive, of this Complaint, as though fully set forth herein.

58. Vulcan contends that the Modesto Environmental Claims are covered under the Policies. Vulcan contends that Transport is obligated to indemnify Vulcan for liability that Vulcan may incur with respect to the Modesto Environmental Claims.

59. Based on the information available to it, Transport contends that it has no duty to indemnify Vulcan for liability or defense costs under the Policies with respect to the Modesto Environmental Claims under Policy Numbers GLX-731-76-1, GLX-731-78-1, or XGL-731-81-1, due to the pollution exclusions contained in those Policies.

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550



60. The pollution exclusions in Policy Number GLX-731-76-1 and GLX-731-78-1 provide, in the following language or substantially similar language, that coverage under the policies does not apply to harm:

> arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

(*See* Policy Number GLX-731-76-1, as modified by Endorsement No. 27 to this Policy, contained in Exhibit B to this Complaint; and Policy Number GLX-731-78-1, contained in Exhibit C to this Complaint.) This exclusion permits coverage for pollution damage only to the extent that such pollution was caused by a sudden and accidental discharge, dispersal, release, or escape of escape of chemicals.

61. The pollution exclusion in Policy Number XGL-731-81-1 provides that:

> This policy does not apply … to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water, but this exclusion does not apply if such discharge, dispersal, release, or escape is sudden or accidental….
>
> This policy does not apply
>
> (1) To the cost of removing, nullifying or cleaning up seeping, polluting, or contaminating substances.
>
> (2) Fines, penalties, punitive or exemplary damages.

(*See* Exclusion (i) to Policy Number XGL-731-81-1, as modified by Endorsement No. 5 to this Policy, contained in Exhibit D to this Complaint.) This exclusion permits coverage for certain types of damages resulting from pollution only to the extent that such pollution was caused by a sudden and accidental discharge, dispersal, release, or escape of chemicals. However, Policy Number XGL-731-81-1 does not permit any coverage for the cost of removing, nullifying or cleaning up seeping, polluting, or contaminating substances, under any circumstances.

62. To the extent that property damage at the dry cleaner sites at issue did not arise from a sudden and accidental discharge, dispersal, release, or escape of chemicals, Transport

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550




has no obligation to indemnify Vulcan under the Policy Numbers GLX-731-76-1, GLX-731-78-1, or XGL-731-81-1 with respect to the Modesto Environmental Claims. Moreover, to the extent that an appreciable amount of property damage during the applicable policy periods did not arise from a sudden and accidental discharge, dispersal, release, or escape of chemicals, Transport has no obligation to indemnify Vulcan under Policy Numbers GLX-731-76-1, GLX-731-78-1, or XGL-731-81-1 with respect to the Modesto Environmental Claims.

63. Vulcan has the burden of proving that the "sudden and accidental" exception to the pollution exclusion applies to permit coverage for its claims.

64. An actual and justiciable controversy exists between Transport and Vulcan concerning their rights, duties and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims. Transport desires and seeks a judicial declaration pursuant to Code of Civil Procedure Section 1060 that Transport has no duty to indemnify Vulcan under Policy Numbers GLX-731-76-1, GLX-731-78-1, or XGL-731-81-1 with respect to the Modesto Environmental Claims based on the pollution exclusion contained in these policies.

65. A judicial declaration is necessary and appropriate at this time so that the parties, including Transport and Vulcan, may ascertain their rights, duties, and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims.

**SIXTH CAUSE OF ACTION**

**For Declaratory Relief Against Vulcan and Does 1 Through 100**

**(Absolute Exclusion For Costs Of Cleaning Up Pollution)**

66. Transport refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, of this Complaint, as though fully set forth herein.

67. Vulcan contends that the Modesto Environmental Claims are covered under the Policies. Vulcan contends that Transport is obligated to indemnify Vulcan for liability that Vulcan may incur with respect to the Modesto Environmental Claims.

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550



68. Based on the information available to it, Transport contends that it has no duty to indemnify Vulcan for liability or defense costs under the Policies with respect to the Modesto Environmental Claims under Policy Number XGL-731-81-1, due to the pollution exclusion contained in that policy.

69. The pollution exclusion in Policy Number XGL-731-81-1 provides that:

> This policy does not apply ... to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water, but this exclusion does not apply if such discharge, dispersal, release, or escape is sudden or accidental....
>
> This policy does not apply
>
> (1) To the cost of removing, nullifying or cleaning up seeping, polluting, or contaminating substances.
>
> (2) Fines, penalties, punitive or exemplary damages.

(*See* Exclusion (i) to Policy Number XGL-731-81-1, as modified by Endorsement No. 5 to this Policy, contained in Exhibit D to this Complaint.) Under this exclusion, Policy Number XGL-731-81-1 does not permit any coverage for the cost of removing, nullifying or cleaning up seeping, polluting, or contaminating substances, under any circumstances.

70. The plaintiffs in the Environmental Suits seek to recover from Vulcan and others the costs of removing, nullifying, or cleaning up environmental contamination allegedly arising from various dry cleaning operations in Modesto. Transport has no obligation to indemnify Vulcan under Policy Number XGL-731-81-1 with respect to the Modesto Environmental Claims, based on the pollution exclusion in this policy.

71. An actual and justiciable controversy exists between Transport and Vulcan concerning their rights, duties and obligations under the Policies with respect to Vulcan's insurance claims against Transport in connection with the Modesto Environmental Claims. Transport desires and seeks a judicial declaration pursuant to Code of Civil Procedure Section 1060 that Transport has no duty to indemnify Vulcan under Policy Number XGL-731-81-1 with respect to the Modesto Environmental Claims based on the pollution exclusion contained in this policy.




72. A judicial declaration is necessary and appropriate at this time so that the parties, including Transport and Vulcan, may ascertain their rights, duties, and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims.

**SEVENTH CAUSE OF ACTION**

**For Declaratory Relief Against Vulcan and Does 1 Through 100**

**(Deductibles and Self-Insured Retentions)**

73. Transport refers to and incorporates herein by this reference paragraphs 1 through 72, inclusive, of this Complaint, as though fully set forth herein.

74. Vulcan contends that the Modesto Environmental Claims are covered under the Policies. Vulcan contends that Transport is obligated to indemnify Vulcan for liability that Vulcan may incur with respect to the Modesto Environmental Claims.

75. Based on the information available to it, Transport contends that it has no duty to indemnify Vulcan for liability or defense costs under the Policies with respect to the Modesto Environmental Claims under the Policies, due in part on the deductibles and self-insured retentions stated in the Policies.

76. The Policies state deductibles or self-insured retentions, under which Vulcan must pay certain amounts in respect of covered occurrences before Transport has any obligation to pay indemnity under the policies. To the extent any covered loss incurred and paid by Vulcan does not exceed the applicable deductibles and/or self insured retentions stated in the Policies, Transport has no obligation to indemnify Vulcan under the Policies.

77. Thus, before coverage could exist under the Policies, Vulcan must have first paid the amount of the applicable deductibles and self-insured retentions with respect to covered property damage caused by Vulcan's products during the applicable policy periods.

78. An actual and justiciable controversy exists between Transport and Vulcan concerning their rights, duties and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims. Transport desires and seeks a judicial declaration pursuant to Code of Civil Procedure Section

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

 

1060 that Transport has no duty to indemnify Vulcan under the Policies with respect to the Modesto Environmental Claims based in part on the deductibles and self-insured retentions stated in the Policies.

79. A judicial declaration is necessary and appropriate at this time so that the parties, including Transport and Vulcan, may ascertain their rights, duties, and obligations under the Policies with respect to Vulcan's insurance claim against Transport in connection with the Modesto Environmental Claims.

**EIGHTH CAUSE OF ACTION**

**For Declaratory Relief Against Vulcan and Does 1 Through 100**

**(Allocation)**

80. Transport refers to and incorporates herein by this reference paragraphs 1 through 79, inclusive, of this Complaint, as though fully set forth herein.

81. If the Court finds that Transport has any duty to pay Vulcan under the Policies with respect to the Modesto Environmental Claims, Transport seeks an appropriate allocation as to the amount of Vulcan's environmental liability and other costs that may be found to be owed by Transport under the Policies (if any), the amount of Vulcan's environmental liability and other costs that may be properly owed by others, and the amount of Vulcan's environmental liability and other costs for which Vulcan cannot recover insurance benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Transport prays for relief as follows:

1. For a judgment declaring that Transport has no obligation to indemnify Vulcan for defense costs under the Policies with respect to the Modesto Environmental Claims, as more fully set forth in this Complaint;

2. For a judgment declaring that Transport has no obligation to pay Vulcan indemnity under the Policies with respect to the Modesto Environmental Claims, as more fully set forth in this Complaint;

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO CA 94111
(415) 981-5550

Milt Policzer 213 974-8966 p.18

3. For a judicial declaration of whether and to what extent Transport has any obligation to indemnify Vulcan for defense or indemnity costs with respect to the Modesto Environmental Claims;

4. For a judicial declaration of the proper allocation between any obligations Transport may have under the Policies and the obligations of others for defense or indemnity costs with respect to the Modesto Environmental Claims;

5. For associated declarations as required to support the requested judicial declarations;

6. For Transport's costs incurred in this litigation; and

7. For such other and further relief as the Court may deem just and proper.

DATED: January 27, 2005

HANCOCK ROTHERT & BUNSHOFT, LLP

By: [signature]
Ray L. Wong
Attorneys for Plaintiff
TRANSPORT INSURANCE COMPANY

HANCOCK ROTHERT & BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

SFDOC:841-098-751543.5]
18
TRANSPORT INSURANCE CO.'S COMPLAINT FOR DECLARATORY RELIEF