# EXHIBIT 10



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 8 2006

John A. Clarke, Executive Officer/Clerk
By_____D. Giles_____ Deputy

1  Michael W. Ellison (SBN 145832)
   SMITH ♦ ELLISON
2  A Professional Corporation
   19800 MacArthur Boulevard, Suite 1475
3  Irvine, California 92612-2445
   Telephone:   (949) 442-1500
4  Facsimile:   (949) 442-1515

5  Attorneys for Plaintiffs First State Insurance Company
   and Nutmeg Insurance Company

6

7
                    SUPERIOR COURT OF CALIFORNIA
8
                    FOR THE COUNTY OF LOS ANGELES
9

10 FIRST STATE INSURANCE COMPANY   )   Case No. BC354664
   AND                             )
11 NUTMEG INSURANCE COMPANY,       )
                                   )   COMPLAINT FOR DECLARATORY
12        Plaintiffs,              )   RELIEF, EQUITABLE INDEMNITY,
                                   )   AND EQUITABLE CONTRIBUTION
13        v.                       )
                                   )
14 VULCAN MATERIALS COMPANY,       )
   ACE PROPERTY AND CASUALTY       )
15 INSURANCE COMPANY,              )
   AFFILIATED FM INSURANCE         )
16 COMPANY,                        )
   ALLIANZ UNDERWRITERS INSURANCE  )
17 COMPANY,                        )
   AMERICAN EXCESS INSURANCE       )
18 EXCHANGE,                       )
   AMERICAN HOME ASSURANCE         )
19 COMPANY,                        )
   AMERICAN RE-INSURANCE COMPANY,  )
20 ATLANTA INTERNATIONAL           )
   INSURANCE COMPANY,              )
21 CENTURY INDEMNITY COMPANY,      )
   CERTAIN UNDERWRITERS AT LLOYDS  )
22 OF LONDON,                      )
   CONTINENTAL CASUALTY COMPANY,   )
23 EMPLOYERS REASSURANCE           )
   CORPORATION,                    )
24 EMPLOYERS REINSURANCE           )
   CORPORATION,                    )
25 FIREMAN'S FUND INSURANCE        )
   COMPANY,                        )
26 GERLING AMERICA INSURANCE       )
   COMPANY,                        )
27 GRANITE STATE INSURANCE         )
   COMPANY,                        )
28                                 )

vulcan3.cmp.doc

Complaint For Declaratory Relief, Equitable Indemnity, And
Equitable Contribution

| | |
|---|---|
| 1 | HOLLAND-AMERICA INSURANCE COMPANY, |
| 2 | INDUSTRIAL INDEMNITY INSURANCE SERVICES, INC., |
| 3 | INSURANCE COMPANY OF NORTH AMERICA, |
| 4 | INTEGRITY INSURANCE COMPANY, |
| | LEXINGTON INSURANCE COMPANY, |
| 5 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, |
| 6 | NORTHWESTERN NATIONAL INSURANCE COMPANY OF |
| 7 | MILWAUKEE, WISCONSIN, |
| | PACIFIC EMPLOYERS INSURANCE |
| 8 | COMPANY, |
| | PACIFIC INDEMNITY COMPANY, |
| 9 | SAFETY NATIONAL CASUALTY CORPORATION, |
| 10 | STONEWALL INSURANCE COMPANY, |
| | THE CONTINENTAL INSURANCE |
| 11 | COMPANY, |
| | TIG INSURANCE COMPANY, |
| 12 | TRANSPORT INSURANCE COMPANY, |
| | UNIGARD INDEMNITY COMPANY, |
| 13 | UNITED STATES FIRE INSURANCE COMPANY, |
| 14 | XL INSURANCE AMERICA, INC., |
| | ZURICH AMERICAN INSURANCE |
| 15 | COMPANY, |
| | and DOES 1 through 300, inclusive, |
| 16 | |
| | Defendants. |
| 17 | |

18

19        As a Complaint against VULCAN MATERIALS COMPANY, ACE PROPERTY

20 AND CASUALTY INSURANCE COMPANY, AFFILIATED FM INSURANCE

21 COMPANY, ALLIANZ UNDERWRITERS INSURANCE COMPANY, AMERICAN

22 EXCESS INSURANCE EXCHANGE, AMERICAN HOME ASSURANCE COMPANY,

23 AMERICAN RE-INSURANCE COMPANY, ATLANTA INTERNATIONAL INSURANCE

24 COMPANY, CENTURY INDEMNITY COMPANY, CERTAIN UNDERWRITERS AT

25 LLOYDS OF LONDON, CONTINENTAL CASUALTY COMPANY, EMPLOYERS

26 REASSURANCE CORPORATION, EMPLOYERS REINSURANCE CORPORATION,

27 FIREMAN'S FUND INSURANCE COMPANY, GERLING AMERICA INSURANCE

28 COMPANY, GRANITE STATE INSURANCE COMPANY, HOLLAND-AMERICA

vulcan3.cmp.doc      2.

INSURANCE COMPANY, INDUSTRIAL INDEMNITY INSURANCE SERVICES, INC., INTEGRITY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN, PACIFIC EMPLOYERS INSURANCE COMPANY, PACIFIC INDEMNITY COMPANY, SAFETY NATIONAL CASUALTY CORPORATION, STONEWALL INSURANCE COMPANY, THE CONTINENTAL INSURANCE COMPANY, TIG INSURANCE COMPANY, TRANSPORT INSURANCE COMPANY, UNIGARD INDEMNITY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, XL INSURANCE AMERICA, INC., ZURICH AMERICAN INSURANCE COMPANY, and Does 1 through 300, inclusive (collectively, "Defendants"), Plaintiffs FIRST STATE INSURANCE COMPANY and NUTMEG INSURANCE COMPANY (collectively, "Plaintiffs") allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this civil action for declaratory relief pursuant to California Code of Civil Procedure Section 1060. Plaintiffs ask the Court to declare and adjudge the rights, obligations and duties of the parties under certain insurance policies issued or allegedly issued by Plaintiffs and allegedly providing coverage to Vulcan Materials Company ("Vulcan") and/or Does 1 through 100, as more fully set forth below.

2. Specifically, Plaintiffs ask the Court to determine that they have no duty to indemnify Vulcan and/or Does 1 through 100 under any insurance policies issued by Plaintiffs and allegedly providing coverage to Vulcan and/or Does 1 through 100, for some or all of the costs, expenses, damages, settlements or judgments incurred or to be incurred with respect to environmental lawsuits against Vulcan arising from the alleged release of chemicals into the environment from sites in the city of Modesto, California, (the "Modesto Environmental Lawsuits," as defined more fully below).

3. In addition, if the Court finds that Plaintiffs have a duty to indemnify Vulcan and/or Does 1 through 100 with respect to the Modesto Environmental Lawsuits, Plaintiffs

seek an appropriate allocation as to the amount of Vulcan's liability and other costs as among Plaintiffs and the Defendants.

## THE PARTIES

4. Plaintiff First State Insurance Company is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Massachusetts and is authorized to conduct the business of insurance within the State of California.

5. Plaintiff Nutmeg Insurance Company is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut and is authorized to conduct the business of insurance within the State of California.

6. Plaintiffs allege on information and belief that defendant Vulcan Materials Company ("Vulcan") is a New Jersey Corporation, that at all relevant times was and is authorized to do business within the State of California, with its principal office in California located within Los Angeles County.

7. Plaintiffs allege on information and belief that defendant Ace Property and Casualty Insurance Company is a corporation duly organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania, and was at all relevant times authorized to transact the business of insurance within the State of California.

8. Plaintiffs allege on information and belief that defendant Affiliated FM Insurance Company is a corporation duly organized and existing under the laws of the State of Rhode Island with its principal place of business in Rhode Island, and was at all relevant times authorized to transact the business of insurance within the State of California.

9. Plaintiffs allege on information and belief that defendant Allianz Underwriters Insurance Company is a corporation duly organized and existing under the laws of the State of California with its principal place of business in California, and was at all relevant times authorized to transact the business of insurance within the State of California.

10. Plaintiffs allege on information and belief that defendant American Excess Insurance Exchange is a corporation duly organized and existing under the laws of the State of

1  Vermont with its principal place of business in Vermont, and was at all relevant times
2  authorized to transact the business of insurance within the State of California.
3        11.   Plaintiffs allege on information and belief that defendant American Home
4  Assurance Company is a corporation duly organized and existing under the laws of the State
5  of New York with its principal place of business in New York, and was at all relevant times
6  authorized to transact the business of insurance within the State of California.
7        12.   Plaintiffs allege on information and belief that defendant American Re-
8  Insurance Company is a corporation duly organized and existing under the laws of the State of
9  Delaware with its principal place of business in New Jersey, and was at all relevant times
10 authorized to transact the business of insurance within the State of California.
11       13.   Plaintiffs allege on information and belief that defendant Atlanta
12 International Insurance Company is a corporation duly organized and existing under the laws
13 of the State of New York with its principal place of business in Georgia, and was at all
14 relevant times authorized to transact the business of insurance within the State of California.
15       14.   Plaintiffs allege on information and belief that defendant Certain
16 Underwriters at Lloyds of London is comprised of certain underwriters transacting insurance
17 related business as an unincorporated association at Lloyd's of London and/or certain London
18 Market insurance companies, whose principal places of business in California are unknown to
19 Plaintiffs, but Plaintiffs believe they were at all relevant times authorized to transact the
20 business of insurance within the State of California.
21       15.   Plaintiffs allege on information and belief that defendant Continental
22 Casualty Company is a corporation duly organized and existing under the laws of the State of
23 Illinois with its principal place of business in Illinois, and was at all relevant times authorized
24 to transact the business of insurance within the State of California.
25       16.   Plaintiffs allege on information and belief that defendant Employers
26 Reassurance Corporation is a corporation duly organized and existing under the laws of the
27 State of Kansas with its principal place of business in Kansas, and was at all relevant times
28 authorized to transact the business of insurance within the State of California.

17. Plaintiffs allege on information and belief that defendant Employers Reinsurance Corporation is a corporation duly organized and existing under the laws of the State of Missouri with its principal place of business in Kansas, and was at all relevant times authorized to transact the business of insurance within the State of California.

18. Plaintiffs allege on information and belief that defendant Fireman's Fund Insurance Company is a corporation duly organized and existing under the laws of the State of California with its principal place of business in California, and was at all relevant times authorized to transact the business of insurance within the State of California.

19. Plaintiffs allege on information and belief that defendant Gerling America Insurance Company is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in New York, and was at all relevant times authorized to transact the business of insurance within the State of California.

20. Plaintiffs allege on information and belief that defendant Granite State Insurance Company is a corporation duly organized and existing under the laws of the State of Pennsylvania with its principal place of business in New York, and was at all relevant times authorized to transact the business of insurance within the State of California.

21. Plaintiffs allege on information and belief that defendant Holland-America Insurance Company is a corporation duly organized and existing under the laws of the State of Missouri with its principal place of business currently unknown, and was at all relevant times authorized to transact the business of insurance within the State of California.

22. Plaintiffs allege on information and belief that defendant Industrial Indemnity Insurance Services, Inc. is a corporation duly organized and existing under the laws of the State of California with its principal place of business in California, and was at all relevant times authorized to transact the business of insurance within the State of California.

23. Plaintiffs allege on information and belief that defendant Insurance Company of North America is a corporation duly organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania, and was at all relevant times authorized to transact the business of insurance within the State of California.

24. Plaintiffs allege on information and belief that defendant Integrity Insurance Company is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business currently unknown, and was at all relevant times authorized to transact the business of insurance within the State of California.

25. Plaintiffs allege on information and belief that defendant Lexington Insurance Company is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Massachusetts, and was at all relevant times authorized to transact the business of insurance within the State of California.

26. Plaintiffs allege on information and belief that defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania is a corporation duly organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania, and was at all relevant times authorized to transact the business of insurance within the State of California.

27. Plaintiffs allege on information and belief that defendant Northwestern National Insurance Company of Milwaukee, Wisconsin is a corporation duly organized and existing under the laws of the State of Wisconsin with its principal place of business in Ohio, and was at all relevant times authorized to transact the business of insurance within the State of California.

28. Plaintiffs allege on information and belief that defendant Pacific Employers Insurance Company is a corporation duly organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania, and was at all relevant times authorized to transact the business of insurance within the State of California.

29. Plaintiffs allege on information and belief that defendant Pacific Indemnity Company is a corporation duly organized and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin, and was at all relevant times authorized to transact the business of insurance within the State of California.

30. Plaintiffs allege on information and belief that defendant Safety National Casualty Corporation is a corporation duly organized and existing under the laws of the State

of Missouri with its principal place of business in Missouri, and was at all relevant times authorized to transact the business of insurance within the State of California.

31. Plaintiffs allege on information and belief that defendant Stonewall Insurance Company is a corporation duly organized and existing under the laws of the State of Rhode Island with its principal place of business in Massachusetts, and was at all relevant times authorized to transact the business of insurance within the State of California.

32. Plaintiffs allege on information and belief that defendant The Continental Insurance Company is a corporation duly organized and existing under the laws of the State of South Carolina with its principal place of business in Illinois, and was at all relevant times authorized to transact the business of insurance within the State of California.

33. Plaintiffs allege on information and belief that defendant TIG Insurance Company is a corporation duly organized and existing under the laws of the State of California with its principal place of business in New Hampshire, and was at all relevant times authorized to transact the business of insurance within the State of California.

34. Plaintiffs allege on information and belief that defendant Transport Insurance Company is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business in Ohio, and was at all relevant times authorized to transact the business of insurance within the State of California.

35. Plaintiffs allege on information and belief that defendant Unigard Indemnity Company is a corporation duly organized and existing under the laws of the State of Washington with its principal place of business in Washington, and was at all relevant times authorized to transact the business of insurance within the State of California.

36. Plaintiffs allege on information and belief that defendant United States Fire Insurance Company is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey, and was at all relevant times authorized to transact the business of insurance within the State of California.

37. Plaintiffs allege on information and belief that defendant XL Insurance America, Inc. is a corporation duly organized and existing under the laws of the State of

Delaware with its principal place of business in Connecticut, and was at all relevant times authorized to transact the business of insurance within the State of California.

38. Plaintiffs allege on information and belief that defendant Zurich American Insurance Company is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in Illinois, and was at all relevant times authorized to transact the business of insurance within the State of California.

39. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 100 are unknown to Plaintiffs at the present time and said defendants are therefore sued by such fictitious names pursuant to California Code of Civil Procedure section 474. When the true names and capacities of said Doe Defendants have been ascertained, Plaintiffs will amend this Complaint to include such true names and capacities. Plaintiffs allege on information and belief that each of the Defendants sued herein as Does 1 through 100 claim some rights pursuant to written insurance policies allegedly issued by Plaintiffs and/or the Defendants that are insurance companies ("Defendant Insurers") with respect to the Modesto Environmental Lawsuits.

40. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 101 through 300 are unknown to Plaintiffs at the present time and said Defendants are therefore sued by such fictitious names pursuant to California Code of Civil Procedure section 474. When the true names and capacities of said Doe Defendants have been ascertained, Plaintiffs will amend this Complaint to include such true names and capacities. Plaintiffs allege on information and belief that each of the Defendants sued herein as Does 101 through 300 issued, is alleged to have issued, or is otherwise responsible for the obligations under one or more liability insurance policies issued or allegedly issued to Vulcan and/or one or more of Does 1 through 100. Plaintiffs are unaware of the policy number, policy period, or other terms and conditions of the liability insurance policies issued or allegedly issued by Does 101 through 300, inclusive, but will amend this complaint to provide such policy information when, and if, any Doe defendants' true names and capacities are ascertained.

## JURISDICTION

41. This declaratory relief action is proper under Section 1060 of the California Code of Civil Procedure to determine the rights, duties and obligations of Plaintiffs, Vulcan, and the other Defendants with respect to insurance policies that Vulcan contends create some duty to indemnify with respect to the Modesto Environmental Lawsuits (the "Policies").

42. An actual and justiciable controversy exists between Plaintiffs, Vulcan, and the other Defendants concerning the parties' rights, duties and obligations under the Policies.

43. Vulcan is in the business of designing, manufacturing, packaging, distributing, and/or selling certain chemicals and substances to and used by various dry cleaners in the State of California in their activities and operations at retail locations in California.

## VENUE

44. Venue is proper in this Court because, upon information and belief, at all relevant times Vulcan was and is authorized and qualified under California law to do business in California and Vulcan's principal business office in California is located in the County of Los Angeles.

45. Specifically, venue is proper in this Court because Vulcan has filed a Statement by a Foreign Corporation with the California Secretary of State, which states that Vulcan's principal business office in California is within the County of Los Angeles.

## THE POLICIES

46. Plaintiffs issued or are alleged to have issued certain liability insurance policies to Vulcan and/or Does 1 through 100 or allegedly providing coverage to Vulcan and/or Does 1 through 100, including, but not limited to, policies allegedly identified as Policies Nos. 921416, 922285, 923370, 924390, 924614, 926638, 927923, 917384, 930112, 930119, BXS100017, BXS101004, 931004, and 931026 (the "Plaintiffs' Policies").

47. On information and belief, the Defendant Insurers also issued or are alleged to have issued certain liability insurance policies to Vulcan and/or Does 1 through 100 and/or which allegedly provide coverage to Vulcan and/or Does 1 through 100 with policy periods in

effect during the relevant time periods. The Plaintiffs' Policies and the insurance policies issued by the Defendants Insurers are referred to herein collectively as the "Policies."

### ENVIRONMENTAL LAWSUITS AGAINST VULCAN

48. On or about November 18, 1998, the City of Modesto Redevelopment Agency filed a complaint for alleged damages against Vulcan, among others. That action is entitled *City of Modesto Redevelopment Agency v. Dow Chemical Company, et al.* and is filed in the California Superior Court for the County of San Francisco, Case No. 999345 (the "Redevelopment Agency Suit").

49. On or about December 3, 1998, the City of Modesto and City of Modesto Sewer District No. 1 also filed a complaint against Vulcan, among others. That action is entitled *City of Modesto, et al. v. Dow Chemical Company, et al.* and is filed in the California Superior Court for the County of San Francisco, Case No. 999643 (the "City of Modesto Suit").

50. On or about March 24, 2003, by order of the Court, the City of Modesto Suit and the Redevelopment Agency Suit were consolidated under the San Francisco County Superior Court Case No. 999345. The consolidated Redevelopment Agency Suit and City of Modesto Suit are herein collectively referred to as the "Modesto Environmental Lawsuits."

51. The plaintiffs in the Modesto Environmental Lawsuits asserted a claim against Vulcan as an alleged manufacturer of certain chemicals, including but not limited to perchloroethylene ("PERC"), that were distributed to retail dry cleaners in Modesto, California.

52. The plaintiffs in the Modesto Environmental Lawsuits seek to recover from Vulcan and others the costs of removing, nullifying, or cleaning up environmental contamination allegedly arising from the release of chemicals, including PERC and trichloroethylene ("TCE"), into the environment from various dry cleaning operations in Modesto.

53. On June 13, 2006, a jury in the Modesto Environmental Lawsuits awarded compensatory damages of Three Million One Hundred and Seventy Thousand Dollars

($3,170,000) against Vulcan and certain other underlying defendants and punitive damages of One Hundred Million Dollars ($100,000,000) against Vulcan, hereafter referred to as the "Modesto Jury Verdict."

54. Plaintiffs allege on information and belief that at various times Vulcan notified or allegedly notified some or all of the Plaintiffs and the Defendant Insurers of the Modesto Environmental Lawsuits and Vulcan has asserted that some or all of the Plaintiffs and/or the Defendant Insurers has, had or may have a duty to defend or indemnify Vulcan for costs, expenses, damages, settlements or judgments with respect to the Modesto Environmental Lawsuits under their respective alleged insurance policies.

55. Plaintiffs contend that they are not obligated to indemnify Vulcan or Does 1 through 100 for some or all costs, expenses, damages, settlements or judgments incurred or entered with respect to the Modesto Environmental Lawsuits, including with respect to the Modesto Jury Verdict.

56. Plaintiffs believe that the Defendant Insurers also contend that they are not obligated to indemnify Vulcan or Does 1 through 100 for some or all costs, expenses, damages, settlements or judgments incurred or entered with respect to the Modesto Environmental Lawsuits, including with respect to the Modesto Jury Verdict.

57. Plaintiffs now seek a declaration of the rights, duties, and liabilities of themselves (if any), Vulcan, and Does 1 through 100 related to the Modesto Environmental Lawsuits.

58. Plaintiffs also seek a declaration of the rights, duties, and liabilities (if any) among themselves and the Defendant Insurers under all of the Policies with respect to the claims of Vulcan and/or Does 1 through 100 for costs, expenses, damages, settlements or judgments related to the Modesto Environmental Lawsuits, including with respect to the Modesto Jury Verdict. Plaintiffs further seek a declaration that, if it is determined that either of the Plaintiffs have a duty to indemnify Vulcan and/or Does 1 through 100 in any respect related to the Modesto Environmental Lawsuits, such Plaintiff(s) are entitled to equitable contribution and/or equitable indemnification from the Defendant Insurers under the policies

issued by them, such that each such Plaintiff's ultimate share of monies payable, shall not be greater than each such Plaintiff's appropriate share (if any).

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Duty To Indemnify Re Modesto Environmental Lawsuits – Against Vulcan And Does 1-100)

59. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 59, inclusive, as set forth above.

60. Plaintiffs allege on information and belief that Vulcan and Does 1 through 100 contend that Plaintiffs and the Defendant Insurers are obligated to indemnify Vulcan and/or Does 1 through 100 for costs, expenses, damages, settlements or judgments with respect to the Modesto Environmental Lawsuits. Plaintiffs contend that they are not obligated to indemnify Vulcan and/or Does 1 through 100 for some or all costs, expenses, damages, settlements or judgments incurred or entered with respect to the Modesto Environmental Lawsuits. A dispute has arisen and an actual controversy exists concerning the alleged obligations of each of the Plaintiffs and each of the Defendant Insurers to indemnify Vulcan and/or Does 1 through 100 in connection with the Modesto Environmental Lawsuits.

61. Pursuant to California Code of Civil Procedure section 1060, Plaintiffs seek a judicial declaration of the parties' respective rights and obligations under the actual or alleged liability policies with respect to the Modesto Environmental Lawsuits and, in particular, whether and to what extent each of the Plaintiffs has a duty to indemnify Vulcan and/or any of Does 1 through 100 for costs, expenses, damages, settlements or judgments with respect to the Modesto Environmental Lawsuits.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – Duty To Indemnify Re Modesto Jury Verdict – Against Vulcan And Does 1-100)

62. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 59, 61 and 62, inclusive, as set forth above.

63. Plaintiffs allege on information and belief that Vulcan and Does 1 through 100 contend that Plaintiffs and the Defendant Insurers are obligated to indemnify Vulcan and/or Does 1 through 100 with respect to the Modesto Jury Verdict. Plaintiffs contend that they are not obligated to indemnify Vulcan and/or Does 1 through 100 with respect to the Modesto Jury Verdict. A dispute has arisen and an actual controversy exists concerning the alleged obligations of each of the Plaintiffs and each of the Defendant Insurers to indemnify Vulcan and/or Does 1 through 100 in connection with the Modesto Jury Verdict.

64. Pursuant to California Code of Civil Procedure section 1060, Plaintiffs seek a judicial declaration of the parties' respective rights and obligations under the actual or alleged liability policies with respect to the Modesto Jury Verdict and, in particular, whether and to what extent each of the Plaintiffs has a duty to indemnify Vulcan and/or any of Does 1 through 100 with respect to the Modesto Jury Verdict.

## THIRD CAUSE OF ACTION

**(Declaratory Relief – Duty To Indemnify – Against All Defendants)**

65. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 59, 61, 62, 64, and 65, inclusive, as set forth above.

66. Plaintiffs contend that if Plaintiffs are found to be obligated to indemnify Vulcan and/or Does 1 through 100 for costs, expenses, damages, settlements or judgments with respect to the Modesto Environmental Lawsuits, including the Modesto Jury Verdict, then some or all of the Defendants are also obligated to indemnify Vulcan and/or Does 1 through 100 with respect to the Modesto Environmental Lawsuits, including the Modesto Jury Verdict, and/or to contribute to the alleged amounts incurred or to be incurred by Vulcan and/or Does 1 through 100. Plaintiffs allege on information and belief that some or all of the Defendants contend that even if Plaintiffs are found to be obligated to indemnify Vulcan and/or Does 1 through 100 for costs, expenses, damages, settlements or judgments with respect to the Modesto Environmental Lawsuits, they are not obligated to indemnify Vulcan and/or Does 1 through 100 for costs, expenses, damages, settlements or judgments with

1  respect to the Modesto Environmental Jury Lawsuits, including the Modesto Jury Verdict,
2  and/or to contribute to any alleged amounts incurred or to be incurred.

3      67.    An actual justiciable controversy therefore presently exists among Plaintiffs
4  and the Defendants. Pursuant to California Code of Civil Procedure section 1060, Plaintiffs
5  seek a judicial declaration of the parties' respective rights and obligations under the insurance
6  policies actually or allegedly issued by Plaintiffs and each of the Defendant Insurers that are
7  alleged to provide coverage for the Modesto Environmental Lawsuits. In particular, Plaintiffs
8  seek a declaration that, if one or more of Plaintiffs is required to indemnify Vulcan and/or any
9  of Does 1 through 100 for costs, expenses, damages, settlements or judgments with respect to
10 the Modesto Environmental Lawsuits, then one or more of the Defendants are required to
11 contribute an appropriate share of the total amount of costs, expenses, damages, settlements or
12 judgments paid and/or to be paid by Plaintiffs to or on behalf of Vulcan and/or any of Does 1
13 through 100 with respect to the Modesto Environmental Lawsuits.

## FOURTH CAUSE OF ACTION

### (Equitable Indemnity – Against All Defendants)

16     68.    Plaintiffs reallege and incorporate herein by this reference each and every
17 allegation contained in paragraphs 1 through 59, 61, 62, 64, 65, 67, and 68, inclusive, as set
18 forth above.

19     69.    If it is adjudicated that Plaintiffs are obligated to indemnify Vulcan and/or
20 any of Does 1 through 100 for costs, expenses, damages, settlements or judgments with
21 respect to the Modesto Environmental Lawsuits, then, based upon the principle of equitable
22 indemnification, some or all of the Defendants should be required to contribute or reimburse
23 an appropriate portion of the total amount paid and/or to be paid to or on behalf of Vulcan
24 and/or any of Does 1 through 100.

25 ///
26 ///
27 ///
28 ///

## FIFTH CAUSE OF ACTION

### (Equitable Contribution – Against All Defendants)

70. Plaintiffs reallege and incorporate herein by this reference each and every allegation contained in paragraphs 1 through 61, 62, 64, 65, 67, 68, and 70, inclusive, as set forth above.

71. If it is adjudicated that Plaintiffs are obligated to indemnify Vulcan and/or any of Does 1 through 100 for costs, expenses, damages, settlements or judgments with respect to the Modesto Environmental Lawsuits, then, based upon the principle of equitable contribution, some or all of the Defendants should be required to contribute an appropriate portion of the total amount paid and/or to be paid to or on behalf of Vulcan and/or any of Does 1 through 100.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

### On The First, Second, And Third Causes Of Action

1. For a judicial declaration of the respective rights and obligations of each of the Plaintiffs and each of the Defendants under all policies allegedly applicable to the costs, expenses, damages, settlements or judgments allegedly incurred or to be incurred with respect to the Modesto Environmental Lawsuits, including with respect to the Modesto Jury Verdict;

### On The Fourth And Fifth Causes Of Action

1. For a judicial declaration of the respective rights and obligations of each of the Plaintiffs and each of the Defendants for indemnity and/or contribution related to the Modesto Environmental Lawsuits and, in particular, if it is adjudicated that Plaintiffs are obligated to indemnify Vulcan and/or any of Does 1 through 100 for any costs, expenses, damages, settlements or judgments with respect to the Modesto Environmental Lawsuits, that some or all of the Defendants are liable to one or both of the Plaintiffs for their appropriate share of the amounts incurred and/or to be incurred;

///

///

**On All Causes Of Action**

1. For attorneys' fees and costs incurred herein; and

2. For such other and further relief as the Court deems appropriate.

DATED: June 28, 2006

Michael W. Ellison
Smith ♦ Ellison
A Professional Corporation

By: _____
Michael W. Ellison
Attorney for Plaintiffs First State Insurance
Company and Nutmeg Insurance Company