IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| R.R. STREET & CO. INC., and<br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA.,<br>as Subrogee of R.R. STREET & CO. INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>VULCAN MATERIALS CORPORATION,<br>n/k/a LEGACY VULCAN, CORP.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.: 08 CV 1182<br>)  Honorable Virginia M. Kendall<br>)<br>)<br>)<br>)<br>) |

**INITIAL JOINT STATUS REPORT**

The parties, R.R. STREET & CO. INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as Subrogee of R.R. STREET & CO. INC., and VULCAN MATERIALS CORPORATION, n/k/a LEGACY VULCAN, CORP., by and through their attorneys, jointly submit the following initial status report for the initial status hearing on May 21, 2008:

1.   **The attorneys of record for the parties, including the attorneys expected to try the case are as follows:**

| Party | Attorneys |
|---|---|
| Plaintiff, R.R. Street & Co. Inc., ("Street") | John B. Thomas – lead trial attorney<br>Stephen M. Loftin<br>HICKS, THOMAS & LILIENSTERN, LLP<br>700 Louisiana, Suite 2000<br>Houston, Texas 77002<br>Tel: (713) 547-9100<br>Fax: (713) 547-9150 |

| | |
|---|---|
| Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA. ("National Union") | Bryan G. Schumann – lead trial attorney<br>BOLLINGER, RUBERRY & GARVEY<br>500 West Madison Street, Suite 2300<br>Chicago, Illinois 60661-2511<br>Tel: (312) 466-8000<br>Fax: (312) 466-8001 |
| Defendant, Vulcan Materials Corporation n/k/a Legacy Vulcan Corp. ("Vulcan") | Richard C. Godfrey, P.C. – lead trial attorney<br>Matthew T. Regan, P.C.<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Telephone: 312-861-2000<br>Facsimile: 312-861-2200 |

2. **The basis for federal jurisdiction:** The Amended Complaint alleges that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1) since the litigants are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Street's principal place of business is Illinois. In addition to their suit for damages, Plaintiffs bring suit for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and Fed. R. Civ. P. 57.

Defendant Vulcan believes the Court should abstain from exercising jurisdiction, in favor of existing litigation in California Superior Court, Los Angeles County, styled *In re Vulcan Materials Consolidated Coverage Litigation*, pending before the Honorable Carl J. West. Vulcan's arguments are outlined in its F.R.C.P. 12(b)(1) Motion to Dismiss or, in the Alternative, Stay the Complaint ("Motion to Dismiss"), filed May 2, 2008, which it asserts against the Amended Complaint as well.[1]

---

[1] As indicated by the order on this Court's docket sheet, Plaintiffs filed their Amended Complaint, and Vulcan filed its Motion to Dismiss at essentially the same time. Vulcan has filed a motion to dismiss the Amended Complaint, adopting its May 2, 2008 filings for purposes of that motion.

{00122491.DOC}  - 2 -

The parties are submitting a Proposed Agreed Order setting forth a briefing schedule for the issues raised in the Motion to Dismiss.

3. **The nature of the claims asserted in the complaint and any expected counterclaim**: Plaintiffs' state that their Amended Complaint brings common law causes of action for breach of an indemnity agreement, implied indemnity, promissory estoppel and declaratory judgment. Both Street and National Union (as subrogee) request relief in the form of monetary damages, based in part upon Vulcan's duties arising under an indemnity agreement between Vulcan and Street, which is expressly governed by Illinois law. Street also requests declaratory relief regarding ongoing and future obligations on the part of Vulcan.

In light of its pending Motion to Dismiss, Vulcan respectfully does not anticipate answering or filing counterclaims in this Court. However, in the event that the Court denies its Motion, Vulcan anticipates that it will be necessary to bring substantial counterclaims and affirmative defenses.

4. **The name of any party not yet served and the circumstances regarding non-service**: Vulcan waived service on March 6, 2008, and appeared and filed a Motion to Dismiss on May 2, 2008.

5. **The principal legal issues**: Plaintiffs' contend that the principal legal issues are the construction and scope of the indemnity agreement between Street and Vulcan (which expressly "shall be governed by the laws of Illinois") and whether Street and National Union (as subrogee) are entitled to monetary damages and other relief for Vulcan's alleged breaches of its indemnity obligations.

Vulcan believes the threshold and fundamental legal question is whether this is the appropriate forum for plaintiffs' claims, as Defendant believes the Court should abstain from exercising jurisdiction in favor of litigation in California Superior Court, as outlined in its F.R.C.P. 12(b)(1) Motion to Dismiss.

Plaintiffs' oppose the motion to dismiss and believe jurisdiction has been established and this matter is properly before this Court. Plaintiffs will fully set forth its position in response to Vulcan's motion to dismiss.

6. **The principal factual issues:** Plaintiffs' understanding of the facts are as set forth in their Amended Complaint. Which, if any, of these facts are in dispute cannot yet be determined since Vulcan has not yet filed an Answer.

Vulcan states that the factual issues bearing on the issue of jurisdiction are set forth in its F.R.C.P. 12(b)(1) Motion to Dismiss.

7. **Whether a jury trial is expected by either party:** Plaintiffs have made a jury demand and expect a jury trial in the event any factual disputes cannot be resolved.

8. **A short description of any discovery undertaken to date and any anticipated in the future:** There has been no discovery undertaken to date. Plaintiffs expect to file interrogatories, production requests, and deposition notices shortly after the receipt of Vulcan's Rule 26 disclosures. Plaintiffs believe that, due to the underlying litigation, discovery will require the review of significant numbers of documents and suggest that discovery deadlines reflect the number of documents.

Vulcan does not believe discovery will be necessary for purposes of adjudicating its F.R.C.P. 12(b)(1) Motion to Dismiss. However, in the event that the Court denies Defendant's Motion, Vulcan agrees that discovery could be substantial in view of other underlying and pending actions.

9. **The earliest date the parties will be ready for trial and the length of the trial:** Depending on the existence of factual disputes (as opposed to legal disputes subject to a Summary Judgment), Plaintiffs do not anticipate being ready for trial until, at the earliest, the end of 2009 or early 2010.

Vulcan does not have an estimate of when these matters would be ready for trial.

10. **Whether the parties unanimously consent to proceed before the Magistrate Judge:** Plaintiffs would consent to proceeding before a Magistrate Judge for the limited purpose of resolving any discovery disputes, but reserve their right to decide whether to proceed before a Magistrate Judge for other issues in the instant case.

Defendant Vulcan does not consent.

11. **The status of any settlement discussions and whether the parties request a settlement conference:** The parties presently are not in settlement discussions and do not request a settlement conference at this time.

Respectfully submitted,

PLAINTIFFS:

_____/s/ - Electronic Signature_____
John B. Thomas
Stephen M. Loftin
HICKS, THOMAS & LILIENSTERN, LLP
700 Louisiana, Suite 2000
Houston, Texas 77002
Tel: (713) 547-9100
Fax: (713) 547-9150

ATTORNEYS FOR R.R. STREET & CO. INC.

_____/s/ - Electronic Signature_____
Bryan G. Schumann
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2511
Tel: (312) 466-8000
Fax: (312) 466-8001

ATTORNEYS FOR NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

DEFENDANT:

_____/s/ - Electronic Signature_____
Richard C. Godfrey, P.C.
Matthew T. Regan, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
Tel.: (312) 861-2000

ATTORNEYS FOR DEFENDANT VULCAN MATERIALS COMPANY, N/K/A LEGACY VULCAN CORP.