**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **R.R. STREET & CO. INC. and** § <br> **NATIONAL UNION FIRE INSURANCE** § <br> **COMPANY OF PITTSBURGH, PA, as** § <br> subrogee of R.R. Street & Co. Inc. § <br>   Plaintiffs, § <br> § <br> v. § <br> § <br> **VULCAN MATERIALS COMPANY, n/k/a** § <br> **LEGACY VULCAN CORP.,** § <br>   Defendant. § | Case No. 1:08-CV-01182 <br> Judge: Hon. Virginia M. Kendall <br> (Jury Requested) |

**R.R. STREET & CO. INC.'S RESPONSE TO**
**LEGACY VULCAN CORP.'S MOTION TO DISMISS OR, IN THE**
**ALTERNATIVE, STAY PLAINTIFFS' AMENDED COMPLAINT**

HICKS, THOMAS & LILIENSTERN, LLP

John B. Thomas
Texas State Bar No. 09585000
Federal Admission ID No. 10675
Stephen M. Loftin
Texas State Bar No. 12489510
Federal Admission ID No. 12676
700 Louisiana, Suite 2000
Houston, Texas 77002
Tel: (713) 547-9100
Fax: (713) 547-9150

**ATTORNEYS FOR PLAINTIFF,**
**R.R. STREET & CO. INC.**

Dated:    June 4, 2008.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................................1

FACTUAL BACKGROUND............................................................................................................2

ARGUMENT......................................................................................................................................4

    A.    *Wilton/Brillhart* Dismissal Is Not Applicable............................................................5

        1.    *Wilton/Brillhart* Is Based On The Discretionary Language Of The Declaratory Judgment Act. ............................................................................5

        2.    *Wilton/Brillhart* Does Not Apply To Cases Involving Both Damage Claims And Declaratory Claims....................................................6

        3.    Vulcan's Authority Is Inapplicable And Not Well Reasoned......................8

    B.    Abstention Is Not Proper Under *Colorado River*. ....................................................9

        1.    This Case And The Los Angeles State Court Action Are Not Parallel Proceedings.....................................................................................10

        2.    None Of The *Colorado River* Factors Supports Abstention......................11

            a.    The inconvenience of the federal forum. .......................................12

            b.    The desirability of avoiding piecemeal litigation. .........................12

            c.    The adequacy of the state court action to protect the federal plaintiff's rights...................................................................13

            d.    The source of governing law, state, or federal...............................13

            e.    The adequacy of the state court action to protect the federal plaintiff's rights...................................................................13

            f.    The relative progress of the state and federal proceedings.............14

            g.    The vexations or contrived nature of the federal claim. .................14

CONCLUSION.................................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AAR International v. Nimelias Enterprises S.A.*,
    250 F.3d 510 (7th Cir. 2001) ............................................................................................. 14

*Allen v. Board of Education, Unified School District 436*,
    68 F.3d 401 (10th Cir. 1995) ............................................................................................. 11

*American Guarantee & Liability Insurance Co. v. Anco Insulations, Inc.*,
    408 F.3d 248 (5th Cir. 2005) ............................................................................................... 6

*Brillhart v. Excess Insurance Company of America*,
    316 U.S. 491, 62 S.Ct. 1173 (1942) .................................................................................... 4

*Cedar Rapids Cellular Telephone, L.P. v. Miller*,
    280 F.3d 874 (8th Cir. 2002) ............................................................................................... 7

*Chase Brexton Health Services, Inc. v. Maryland*,
    411 F.3d 457 (4th Cir. 2005) ............................................................................................. 11

*Colorado River Water Conservation District v. U.S.*,
    424 U.S. 800, 96 S.Ct. 1236 (1976) ......................................................................... 4, 6, 10

*Coltec Industries, Inc. v. Continental Insurance Co.*,
    No. Civ. A. 04-5718, 2005 WL 1126951 (E.D. Pa. May 11, 2005) .................................... 9

*England v. Louisiana State Board of Medical Examiners*,
    375 U.S. 411, 84 S.Ct. 461 (1964) ...................................................................................... 5

*Great American Insurance Company v. Gross*,
    468 F.3d 199 (4th Cir. 2006) ............................................................................................... 7

*Hudson v. Deutsche Bank AG*,
    No. 05 C 6783, 2007 WL 1018137 (N.D. Ill. March 30, 2007) ................................. 10, 14

*ITT Industries, Inc. v. Pacific Employers Insurance Company*,
    427 F. Supp. 2d 552 (E.D. Pa. 2006) .................................................................................. 9

*Lumen Construction, Inc. v. Brant Construction Co., Inc.*,
    780 F.2d 691 (7th Cir. 1985) ............................................................................................. 11

*Medema v. Medema Builders, Inc.*,
    854 F.2d 210 (7th Cir. 1988) ............................................................................................. 10

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1, 103 S.Ct. 927 (1983) .................................................................. 10, 11

*Mountain Funding Inc. v. Frontier Insurance Company*,
    No. 01 C 2785, 2003 WL 21518556 (N.D. Ill. July 1, 2003) ........................................... 11

*RJ Reynolds Tobacco Company v. Market Basket Food Stores, Inc.*,
    Civil Action No. 5:05CV253-V, 2006 WL 2270403 (W.D.N.C. August 7, 2006) .......... 11

*Royal Indemnity Co. v. Apex Oil Co.*,
    511 F.3d 788 (8th Cir. 2008) ........................................................................ 6, 9

*Snodgrass v. Provident Life and Acc. Ins. Co.*,
    147 F.3d 1163 (9th Cir. 1998) ........................................................................ 8

*United National Insurance Co. v. R&D Latex Corp.*,
    242 F.3d 1102 (9th Cir. 2001) ........................................................................ 7, 8

*Village of Westfield v. Welch's*,
    170 F.3d 116 (2d Cir. 1999) ........................................................................... 6

*Wilton v. Seven Falls Co.*,
    515 U.S. 277, 115 S.Ct. 2137 (1995) ............................................................... 4, 6

### Statutes

28 U.S.C. § 1332 ................................................................................................. 5

28 U.S.C. § 2201(a) ............................................................................................ 6

### Rules

Cal. Rules of Court Rule 3.400(b) .................................................................... 13

Plaintiff, R.R. Street & Co. Inc. ("Street") files this its Response to Legacy Vulcan Corp.'s Motion to Dismiss, or, In the Alternative, Stay Plaintiffs' May 2, 2008 Amended Complaint ("Motion to Dismiss")(Docket No. 22)[1]:

## INTRODUCTION

This case involves Street's claim for damages against Vulcan Materials Company, n/k/a Legacy Vulcan Corp. ("Vulcan") for Vulcan's breach of its indemnity obligations to Street. In addition, Street also seeks declaratory relief regarding Vulcan's future indemnity obligations. Only after Street filed this action did Vulcan attempt to forum shop by filing its third-party claim against Street in Vulcan's insurance coverage litigation and in an effort to interject Street's breach of contract claims into Vulcan's massive coverage litigation in California State Court.

Vulcan's Motion to Dismiss seeks to dismiss Street's claims under the *Wilton/Brillhart* doctrine or, in the alternative, to stay Street's claims under the *Colorado River* abstention doctrine. As set forth below, the law is clear that when a case involves both a claim for damages and a request for a declaratory judgment, the court cannot dismiss the case under *Wilton/Brillhart*. Also, Vulcan has failed to satisfy the exceptional circumstances test of the *Colorado River* doctrine necessary to support abstention. Accordingly, the Court should deny Vulcan's Motion to Dismiss, retain jurisdiction, and proceed to adjudicate this dispute.

## FACTUAL BACKGROUND

As reflected by Street's Amended Complaint (Docket No. 18)(hereinafter "Complaint"), this case relates solely to Vulcan's indemnity obligations to Street.[2] Beginning in 1961, Street

---

[1] While Vulcan's Motion to Dismiss addressed Street's original Complaint, pursuant to the Court's May 20, 2008 Order (Docket No. 25), the motion applies to Street's Amended Complaint.

[2] Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is one of Street's insurers and it has paid for some of the defense costs for which Street now seeks indemnification from Vulcan. National Union is in this case only as a subrogee to Street's rights under the indemnity agreement at issue.

-1-

became Vulcan's marketing agent and exclusive distributor of PerSec in the continental United States.[3] PerSec is Vulcan's trade name for perchloroethylene ("perc"), a chemical used in dry cleaning. From the 1960's through the 1990's, Street marketed, sold and distributed significant quantities of Vulcan's PerSec. During this period of time, the parties agreed that Vulcan would indemnify Street for all liabilities (including the costs of defending any claims) arising out of Street's activities in selling, marketing and distributing Vulcan's PerSec.

In the early 1990's, in light of the growing concern of potential liability associated with the past and future sale of perc on behalf of Vulcan, the parties discussed how to best address the responsibility for any such liabilities, including contractual indemnities. In 1992, these discussions culminated in an agreement entitled Perchloroethylene Agency Agreement Between Vulcan Chemicals and R.R. Street & Co., Inc. (the "1992 Agency Agreement"). Pursuant to the terms of the 1992 Agency Agreement, Vulcan expressly agreed to defend and indemnify Street for all claims relating to injury, sickness, death, and property damage, including all liability for environmental or pollution-related damages or injuries arising from Street's activities in selling PerSec.

Despite Vulcan's obligation to indemnify Street for defense costs, as they are incurred by Street, Vulcan has refused to defend Street in connection with certain lawsuits.[4] Contrary to its

---

[3]  National Union is also filing a response to Vulcan's Motion to Dismiss. Conscious of the Court's page limitations and in an effort to avoid unnecessary repetition, Street will not reiterate the factual background and arguments set forth in National Union's Response, but instead incorporates them by reference as if set forth fully herein.

[4]  These cases include, but are not limited to: (a) *City of Modesto Redevelopment Agency, et al. v. The Dow Chemical Company, et al.*; Case Nos. 999345 and 999643 (Consolidated); In the Superior Court of the State of California, County of San Francisco ("*Modesto I*"); (b) *City of Modesto, et al v. The Dow Chemical Company, et al.*; Case No. MS CO6-01019; In the Superior Court of the State of California, County of Contra Costa ("*Modesto II*"); (c) *Estate of Christina Garcia v. The Dow Chemical Co., et al.*; Case No. 61655; In the Superior Court of the State of California, County of Stanislaus ("*Garcia*"); and *United States Environmental Protection Agency v. Stephen Lyon, et al.;* and *Rajendra Jamnadas,*

-2-

indemnity obligations, Vulcan has forced Street to initiate litigation to enforce Vulcan's defense obligations. Street filed this action on February 26, 2008 to recover the costs it has already incurred and to also have the court declare that Vulcan is obligated to indemnify Street for the liability, if any, found to be owed by Street to the third-party claimants in the above referenced actions.[5]

On April 11, 2008, more than six weeks after Street initiated this breach of contract action, and prior to responding to Street's Complaint, Vulcan filed a cross-complaint (the California equivalent of a third-party complaint) against Street and others in a state court lawsuit pending in Los Angeles, California in an effort to make Street a party to Vulcan's insurance coverage litigation. *See In Re Vulcan Materials Consolidated Coverage Litigation*; Lead case No. BC328022; In the Superior Court of the State of California for the County of Los Angeles ("the Vulcan Insurance Action").[6] As is self evident by the name of the action, the Vulcan Insurance Action is a dispute between Vulcan and dozens of its insurers about the scope of insurance coverage afforded to Vulcan by policies issued by those insurers. By Order dated

---

*personal representative of the Estate of Shantilal Jamnadas v. Stephen C. Lyon, et al.*; Case No. 07-CV-00491; In the United States District Court, Eastern District of California, Fresno Division ("*Lyon*").

[5]   On the same day that it filed this case, but subsequent to the time that it filed this case, Street also filed a cross-claim against Vulcan in *Lyon*. That cross-claim, which Street filed in order to preserve its rights, seeks only damages for the defense costs Street has incurred in the *Lyon* case. As it has done in the present case, Vulcan has also asked to stay Street's cross-claim in the *Lyon* case in favor of the Vulcan Insurance Action described below. For the reasons discussed in this brief, Street does not believe the *Lyon* case should be stayed in favor of the Vulcan Insurance Action. Nevertheless, Street has no objection to the *Lyon* case being stayed in favor of this case. Contemporaneously with the filing of this Response, Street is filing a response in the *Lyon* case to that effect.

[6]   The Vulcan Insurance Action was filed in January 31, 2005. *See* Exhibit 9 to Vulcan's Motion to Dismiss.

May 28, 2008, the state court stayed indefinitely all activity pertaining to Vulcan's Third-Party Complaint.[7]

Then, on May 2, 2008, Vulcan filed its Motion to Dismiss in the instant case asserting that this action should be dismissed or stayed in favor of Vulcan's third-party complaint subsequently filed in Vulcan's insurance coverage morass. As set forth below, Vulcan's efforts to manipulate proceedings in various actions in hopes of avoiding this Court's jurisdiction are misguided and vexatious. Vulcan's Motion to Dismiss should be denied.

## ARGUMENT

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246 (1976). This is because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id*. However, in certain limited circumstances a federal court may refrain from exercising its jurisdiction and stay or dismiss a claim. In particular, based on the language of the Federal Declaratory Judgment Act, a federal court may refrain from hearing a Declaratory Judgment Act case when there is a similar case pending in state court. This limited exception to jurisdiction is known as the *Wilton/Brillhart* doctrine. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995) and *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942). As discussed more fully below, the *Wilton/Brillhart* doctrine is not applicable to cases, like this one, that involve both a claim for declaratory relief and another type of claim.

---

[7] The Minute Order dated May 28, 2008 and the April 21, 2008 Minute Order to which it refers are attached as Exhibits 1 and 2, respectively.

Where the *Wilton/Brillhart* doctrine does not apply, a federal court may sometimes stay a case in favor of a similar case pending in state court under what is referred to as the *Colorado River* abstention doctrine. However, as described below, applicability of *Colorado River* deference is extremely limited and Vulcan has not established that *Colorado River* deference is proper under the facts of this case.

**A.     *Wilton/Brillhart* Dismissal Is Not Applicable.**

Vulcan seeks to dismiss Street's Complaint under the *Wilton/Brillhart* doctrine based solely upon the assertion that Street's Complaint contains a declaratory judgment claim in addition to Street's breach of contract claim. However, Vulcan's premise is faulty, for the *Wilton/Brillhart* doctrine does not apply where, as here, a case contains a claim for damages that can be maintained separate and apart from a pendant declaratory judgment claim. Because Street's breach of contract claim stands on its own, the *Wilton/Brillhart* doctrine is not applicable.

        **1.     *Wilton/Brillhart* Is Based On The Discretionary Language Of The Declaratory Judgment Act.**

It is beyond dispute that this Court has jurisdiction of all of Street's claims against Vulcan pursuant to 28 U.S.C. § 1332 (diversity of citizenship):

> When a Federal Court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction. . . . The right of a party plaintiff to choose a Federal court where there is a choice cannot properly be denied.

*England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 415, 84 S.Ct. 461, 464-65 (1964). However, the language of the Declaratory Judgment Act creates a limited exception to this obligation in cases containing only a request for declaratory relief.

Had Street's Complaint asserted solely a declaratory judgment claim, the Court might have discretion to stay or possibly dismiss the action. Specifically, the Declaratory Judgment Act provides that a court:

> **may** declare the rights and other legal relations of any interested party seeking such declaration.

28 U.S.C. § 2201(a) (emphasis added). Based on the use of the discretionary term "may," the Supreme Court has granted federal district courts leeway in declining to exercise jurisdiction over Declaratory Judgment Act claims when similar litigation is pending in state court. *See Wilton*, 15 U.S. at 286, 115 S. Ct. at 2142.

However, when non-Declaratory Judgment Act claims are present, the discretionary directive embodied in the above-quoted language of the Declaratory Judgment Act vanishes, and the courts are constrained by "the virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246.

### 2. *Wilton/Brillhart* Does Not Apply To Cases Involving Both Damage Claims And Declaratory Claims.

Given the statutory origin of the *Wilton/Brillhart* doctrine, it is not surprising that every federal court of appeals that has considered the issue has held that if a suit involves both a claim for declaratory relief and another type of claim, the *Wilton/Brillhart* doctrine does not apply.[8] *See Village of Westfield v. Welch's*, 170 F.3d 116, 124 n. 5 (2d Cir. 1999) ("*Wilton* does not apply here. Although Welch did seek a declaration of rights . . . the federal action did not seek purely declaratory relief."); *American Guarantee & Liability Insurance Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005)("If the suit involves a request for monetary or other

---

[8] Vulcan cites *Royal Indemnity Co. v. Apex Oil Co.*, 511 F.3d 788 (8th Cir. 2008) believing it supports dismissal under *Wilton/Brillhart*. However, a closer reading reveals that *Apex Oil* is in accord with the balance of federal appellate opinions and supports denial of Vulcan's Motion to Dismiss. *See* discussion, *infra* at p. 9.

relief, the district court's discretion to stay is 'narrowly circumscribed' by its obligation to hear cases within its jurisdiction, even if declaratory relief is also requested, and the propriety of a stay is governed by the 'exceptional circumstances' standard of *Colorado River* . . . ."); *Cedar Rapids Cellular Telephone, L.P. v. Miller*, 280 F.3d 874, 879 (8th Cir. 2002)("*Brillhart* applies to declaratory judgment actions generally, but not to actions that, like this one, involve good faith claims for injunctive relief."); *United National Insurance Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001) ("The proper analysis, then, must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed.")

The Fourth Circuit, has indicated that it is likely to follow the Second, Fifth, Eighth, and Ninth Circuits and find that the *Wilton/Brillhart* doctrine does not apply to cases involving both declaratory and non-declaratory claims. *See Great American Insurance Company v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006) ("[I]n a 'mixed' complaint scenario, the *Brillhart/Wilton* standard does not apply, at least to the nondeclaratory claims.")

While all of the appellate cases described above are significant, and demonstrate that this Court should retain jurisdiction over this case, the Ninth Circuit's decision in the *R&D Latex Corp.* case is particularly instructive. In that case, as here, a party sought reimbursement for previously expended defense costs and a declaration of rights under a contract. *See R&D Latex Corp.*, 242 F.3d at 1106-1109. The district court held that it had the discretion to refuse to exercise jurisdiction based on its conclusion that the reimbursement claim and the Declaratory Judgment Act claim were not independent of one another; but, rather, that the reimbursement claim was derivative of the Declaratory Judgment Act claim.

The Ninth Circuit reversed, stating: "[w]e do not believe this is the proper analysis." *R&D Latex Corp.*, 242 F.3d at 1112. Instead:

> The proper analysis . . . must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed. In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief. . . . So the question we face is whether the request for reimbursement could have been sustained in federal court in the absence of any claim for declaratory relief. If it could . . . the district court abused its discretion by remanding to state court.

*R&D Latex Corp.*, 242 F.3d at 1113. *See also Snodgrass v. Provident Life and Acc. Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998) (*per curiam*).

Because Street's claim for damages arising from Vulcan's breach of its indemnity obligations (*i.e.*, claims for reimbursement of defense costs) can be maintained in federal court even in the absence of the Declaratory Judgment Act claim, the *Wilton/Brillhart* doctrine is not applicable and Vulcan's Motion to Dismiss should be denied.

### 3. Vulcan's Authority Is Inapplicable And Not Well Reasoned.

Vulcan completely ignores the overwhelming weight of appellate authority inconsistent with its position, and instead relies almost exclusively on several less-than-well-reasoned district court cases. None of Vulcan's cited cases justifies the departure from the well-established appellate rule.

In general, the cases on which Vulcan relies apply a "heart of the action" standard. That is, they consider whether the action is at its core a Declaratory Judgment Act claim. In particular, in the context of a declaration of a party's obligations under an insurance policy joined to a claim for damages, these courts have considered whether the breach of contract claim was dependent on how the applicable insurance policy was interpreted by the court in

considering the Declaratory Judgment Act claim. *See Coltec Industries, Inc. v. Continental Insurance Co.*, No. Civ. A, 04-5718, 2005 WL 1126951*3 (E.D. Pa. May 11, 2005); *ITT Industries, Inc. v. Pacific Employers Insurance Company*, 427 F. Supp. 2d 552, 556-57 (E.D. Pa. 2006). This approach would in effect turn every breach of contract claim into a Declaratory Judgment Act claim. It was this very approach that was rejected by the Ninth Circuit in *R&D Latex Corp*.

Vulcan does cite one appellate opinion, albeit in a footnote.[9] *See Royal Indemnity Co. v. Apex Oil Co.*, 511 F.3d 788, 793-96 (8th Cir. 2008). However, *Apex Oil* actually supports Street's position. Except for the boilerplate prayer for "other and further relief," all four of the plaintiffs' prayers in *Apex Oil* expressly sought relief "declaring that . . . ." *Id*. at 794. It was no surprise, therefore, that the Eighth Circuit found that "the essence of this lawsuit is one for declaratory judgment." *Id*. By contrast, the prayer for relief on Street's claims against Vulcan expressly seeks "[a]ll actual damages" (i.e. monetary relief) separate and apart from, and in addition to, declaratory relief. *See* Street's Complaint at p. 7.

Because Street's Complaint contains a breach of contract claim that is independent of its declaratory judgment claim, the Court has no discretion to dismiss the claims under the Declaratory Judgment Act.

**B.    Abstention Is Not Proper Under *Colorado River*.**

Vulcan has also requested that the Court stay Street's claims in favor of claims subsequently filed by Vulcan in the Vulcan Insurance Action, under the *Colorado River* doctrine. However, because none of the *Colorado River* factors militates in favor of abstention, Vulcan's Motion to Dismiss should be denied.

---

[9]    *See* Brief in Support of Motion to Dismiss at p. 8, note 4.

Federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817, 97 S.Ct. at 1246. In applying *Colorado River*, a district court's task is "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25-26, 103 S.Ct. 927, 942 (1983)(emphasis in original). Accordingly, there is a presumption that the district court will exercise its jurisdiction and only exceptional circumstances will justify abstention.

Moreover, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction" and "the mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816-17, 96 S.Ct. at 1246. *See also Hudson v. Deutsche Bank AG*, No. 05 C 6783, 2007 WL 1018137 *6 (N.D. Ill. March 30, 2007).

For *Colorado River* deference to apply, two conditions must be satisfied: (1) the state and federal cases must be "parallel" and (2) there must be "exceptional circumstances" warranting an abstention, which circumstances are determined using a non-exclusive multifactor balancing test. *See Colorado River*, 424 U.S. at 818; *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir. 1988). Neither condition is satisfied here.

**1.　This Case And The Los Angeles State Court Action Are Not Parallel Proceedings.**

Cases are parallel if "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Medema*, 854 F.2d at 213. "Any doubt regarding the parallel nature of the competing suits should be resolved in favor of exercising

jurisdiction. . . . ." *Mountain Funding Inc. v. Frontier Insurance Company*, No. 01 C 2785, 2003 WL 21518556 *4 (N.D. Ill. July 1, 2003). *See also Allen v. Board of Education, Unified School District 436*, 68 F.3d 401, 403 (10th Cir. 1995).

As indicated above, the Vulcan Insurance Action involves substantially more parties than this case and numerous issues unrelated to this case. In particular, the Vulcan Insurance Action involves over forty of Vulcan insurers and the interpretation of an untold number of Vulcan insurance policies that have nothing to do with Street's breach of contract claim. Consequently, this case and the Vulcan Insurance Action cannot be said to be substantially similar. *See Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005); *RJ Reynolds Tobacco Company v. Market Basket Food Stores, Inc.*, Civil Action No. 5:05CV253-V, 2006 WL 2270403*6 (W.D.N.C. August 7, 2006). ("[There are] 17 more defendants in the federal action than exist in the . . . [state]action . . . . The parties are not 'substantially similar.'") This alone supports denial of Vulcan's Motion to Dismiss.

### 2. None Of The *Colorado River* Factors Supports Abstention.

Based on established Supreme Court precedent, the Seventh Circuit has recognized a nonexclusive list of ten factors to consider in determining whether *Colorado River* deference is appropriate. *See Lumen Construction, Inc. v. Brant Construction Co., Inc.*, 780 F.2d 691, 694 (7th Cir. 1985). In considering these factors, the question is not whether the factors establish that jurisdiction is appropriate but, rather, whether they establish that exceptional circumstances exist sufficient to justify *surrender* of this Court's jurisdiction.[10] *See Moses H. Cone*, 460 U.S. at 25-

---

[10] Three of the articulated factors are not applicable to this case: 1) whether the state court has assumed jurisdiction over property; 2) the presence or absence of concurrent jurisdiction; and 3) the availability of removal. Consequently, these factors are not further discussed.

26, 103 S.Ct. at 942.  As set forth below, these factors do not support abstention in this case.  Accordingly, Vulcan's Motion to Dismiss should be denied.

### a. The inconvenience of the federal forum.

Street is based in the Chicago area and its records and many of its witnesses are in the Chicago area.  It is more convenient for Street to be in federal court in Illinois than in a state court in California.  Vulcan is based in Alabama and willingly entered into a contract with an Illinois-based corporation, which contract is expressly governed by Illinois law.  Specifically, the 1992 Agency Agreement provides:

> **8.9 Jurisdiction and Governing Law**.  Except to the extent this Agreement modifies the provisions of such laws, this Agreement shall be governed by the law of Illinois.[11]

It is certainly no more inconvenient for Vulcan to be in court in Illinois than in California. Consequently, this factor does not support abstention.

Vulcan's argument that the pendency of the claims in the Vulcan Insurance Action establishes the inconvenience of the federal forum is erroneous.  The fact that Vulcan subsequently filed its third-party complaint in the state action cannot logically establish inconvenience *per se*, otherwise inconvenience could always be contrived.

### b. The desirability of avoiding piecemeal litigation.

There is no issue of piecemeal litigation.  This case involves a dispute between Street and Vulcan over a contract of indemnity between the two of them.  That dispute can be tried in its entirety in Illinois.[12]  Issues pertaining to Vulcan's insurance policies should properly be tried separately in California.  This factor does not support abstention.

---

[11]   *See* 1992 Agency Agreement, attached as Exhibit 3.

[12]   In its Motion to Dismiss, Vulcan appears to confuse the concept of duplicative litigation with piecemeal litigation.

### c.  The order in which jurisdiction was obtained.

There is no dispute that Street filed this case before Vulcan filed its third-party complaint. Vulcan's claim that its cross claims in the Vulcan Insurance Action were filed first is ludicrous.

### d.  The source of governing law, state or federal.

That the applicable law in this case is state law is no different from other diversity action and thus cannot support abstention. Moreover, the parties agreed that Illinois law governs. Consequently, this Court, with more familiarity with Illinois state law, is a preferable forum to a California state court. This factor weighs against abstention.

### e.  The adequacy of the state court action to protect the federal plaintiff's rights.

The Vulcan Insurance Action is a less than adequate forum to protect Street's rights. It involves more than forty (40) insurance providers seeking declarations of their rights and obligations under numerous insurance policies issued as far back as the 1960's.[13] Not surprisingly, the Vulcan Insurance Action has previously been designated as "complex."[14]

It is extremely unlikely that Street's contract claims, if required to proceed in the Vulcan Insurance Action, will be resolved any time soon. The Vulcan Insurance Action has already been pending for over three years and, from what Street can discern, little progress has been

---

[13]   *See* Exhibits 9 and 10 to Vulcan's Motion to Dismiss.

[14]   *See* Exhibit 12 to Vulcan's Motion to Dismiss. According to Rule 3.400(b) of the California Rules of Court, the factors considered in designating a case as complex include:

- Numerous pre-trial motions raising difficult or novel issues that would be time consuming to resolve;
- Management of a large number of witnesses or substantial documentary evidence;
- Management of a large number of separately represented parties; and
- Substantial post judgment supervision.

(Cal. Rules of Court Rule 3.400(b)). That the Vulcan Insurance Action has been designated as complex is no surprise, but simply illustrates the prejudice to Street by being inserted into the middle of a complicated case that has no bearing on its contract claim against Vulcan.

-13-

made. Moreover, the judge presiding over the Vulcan Insurance Litigation recently issued an order staying indefinitely further proceedings related to Vulcan's cross-complaint.[15]

In short, Street would be required to incur unnecessary costs associated with the much larger insurance coverage morass and resolution of its unrelated contract dispute with Vulcan would be unnecessarily delayed by the "complex" proceedings pertaining to Vulcan's insurance carriers. *See Hudson v. Deutsche Bank AG*, No. 05C6783, 2007 WL 1018137*7 (N.D. Ill. March 30, 2007) ("If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the *complete and prompt* resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation.") (quoting *AAR International v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001))(emphasis added). This factor weighs against abstention.

### f. The relative progress of the state and federal proceedings.

Both this case and Vulcan's cross-complaint were only recently filed, and thus there has been no significant progress in either matter. However, due to the stay issued by the Los Angeles state court, it seems apparent that this action will progress more rapidly than the state action. This factor does not support abstention.

### g. The vexatious or contrived nature of the federal claim.

There is nothing vexatious or contrived about Street's claims.[16] It seems self-evident that it is Vulcan that is being vexatious by subsequently filing a third-party action against Street in Vulcan's insurance coverage dispute. Vulcan should not be rewarded for its gamesmanship.

---

15  *See* Exhibit 1.

16  That Street filed a similar claim in the *Lyon* case does not indicate otherwise. As noted above, the *Lyon* claim is limited to costs in *Lyon*. Moreover, as also indicated above, Street is prepared to agree to a stay in *Lyon* in favor of this proceeding.

## CONCLUSION

This is a case about an indemnity agreement between Street and Vulcan wholly unrelated to Vulcan's ongoing massive insurance litigation in California state court. There is no reason, let alone any exceptional reason, to stay or dismiss this case in deference to the Los Angeles State Court Action. Vulcan's thinly veiled attempt to create a basis for abstention by injecting Street's breach of contract claim into the middle of Vulcan's wide-ranging insurance coverage litigation should not be sanctioned. Vulcan's Motion to Dismiss should be denied.

Dated:   June 4, 2008.                    Respectfully submitted,

                                          HICKS, THOMAS & LILIENSTERN, LLP

                                                /s/ John B. Thomas
                                          John B. Thomas
                                          Texas State Bar No. 09585000
                                          Federal Admission ID No. 10675
                                          Stephen M. Loftin
                                          Texas State Bar No. 12489510
                                          Federal Admission ID No. 12676
                                          700 Louisiana, Suite 2000
                                          Houston, Texas  77002
                                          Tel:  (713) 547-9100
                                          Fax:  (713) 547-9150

                                          **ATTORNEYS FOR PLAINTIFF,
                                          R.R. STREET & CO. INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all parties, by and through their counsel of record, electronically via the Court's ECF system on this the **4th** day of **June**, **2008**.

                                                /s/ John B. Thomas
                                          John B. Thomas