UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| **R.R. STREET & CO. INC.** and **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,** as subrogee of R.R. Street & Co. Inc.<br>　　　Plaintiffs,<br><br>v.<br><br>**VULCAN MATERIALS COMPANY, n/k/a LEGACY VULCAN CORP.**<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.  1:08-CV-01182<br>Hon. Virginia M. Kendall |

_____

**NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA'S RESPONSE TO LEGACY VULCAN CORP.'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY
PLAINTIFFS' AMENDED COMPLAINT**

_____


　　　　　　　　　　　　　　　　　　　BOLLINGER, RUBERRY & GARVEY

　　　　　　　　　　　　　　　　　　　Bryan G. Schumann
　　　　　　　　　　　　　　　　　　　Federal Admission ID No. 6190102
　　　　　　　　　　　　　　　　　　　500 West Madison Street, Suite 2300
　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60661-2511
　　　　　　　　　　　　　　　　　　　Tel:  (312) 466-8000
　　　　　　　　　　　　　　　　　　　Fax:  (312) 466-8001

　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF,
　　　　　　　　　　　　　　　　　　　NATIONAL UNION FIRE INSURANCE
　　　　　　　　　　　　　　　　　　　COMPANY OF PITTSBURGH, PA, as subrogee
　　　　　　　　　　　　　　　　　　　of R.R. STREET & CO. INC.**

Date:　　　June 6, 2008

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .....................................................................................................................2

    A. The Lawsuits ..........................................................................................................2

        *1. Street's Indemnity Action* ............................................................................... 2

        *2. The Vulcan Insurance Action and Vulcan's Cross-Complaint* ................... 2

    B. Vulcan's arguments lead to two equally illogical conclusions: (1) that every cause of action is a mere "declaratory action" and (2) that every lawsuit underlying any insurance coverage action must be litigated in the same forum as the insurance coverage action. ............................................3

    C. Under the *Colorado River* Doctrine, Vulcan's improper efforts to forum shop Street's indemnity claims should mandate denial of its motion. ....................................................................................................................4

III. CONCLUSION ..................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**
*Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1246, 1246 (1976) .................................................................................................................................... 5
*Travelers Indemnity Co. v. Madonna*, 914 F.2d 1364, 1371 (9th Cir. 1990) ................................. 5

**Statutes**
Cal. Code Civ. Pro. § 430.10(c) ................................................................................................... 3

Case 1:08-cv-01182   Document 30   Filed 06/06/2008   Page 3 of 8

NOW COMES the Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("NATIONAL UNION") as subrogee of R.R. STREET & CO. INC. ("STREET"), by and through its attorneys, Bollinger, Ruberry & Garvey, and for its response to Defendant LEGACY VULCAN CORP.'S ("VULCAN") Motion to Dismiss, or in the Alternative, Stay Plaintiffs' Amended Complaint ("Motion"), states as follows:

## I. INTRODUCTION

National Union adopts and incorporates the entirety of Co-Plaintiff Street's response to Vulcan's Motion. Nevertheless, National Union respectfully would like to emphasize a few supplemental key points to aid in this Court's resolution of the Motion:

(1) Vulcan filed its Cross-Complaint against Street in the California insurance coverage action ("the Vulcan Insurance Action") only *after* Street and National Union filed this indemnity action; therefore, the Cross-Complaint is not a prior pending claim;

(2) Vulcan's arguments lead to the illogical conclusion that every case is a declaratory judgment action and is, therefore, subject to stay or dismissal in the federal courts;

(3) Vulcan's arguments also lead to the equally illogical conclusion that virtually every lawsuit underlying any insurance coverage litigation should be dismissed, stayed or transferred to the forum wherein the insurance coverage litigation is venued;

(4) Vulcan's effort to subsequently inject Street's indemnity claims into the Vulcan Insurance Action constitutes improper forum shopping, which should mandate a denial of Vulcan's Motion; and

(5) Despite Vulcan's improper attempt to forum shop Street's indemnity claims, the California state court has indefinitely *stayed* Vulcan's Cross-Complaint in the Vulcan Insurance Action.

## II. ARGUMENT

**A. The Lawsuits**

*1. Street's Indemnity Action*

On February 26, 2008, Street and National Union[1] filed this lawsuit against Vulcan seeking damages for Vulcan's past and continuing breaches of its indemnity obligations to Street and a declaration regarding Vulcan's future indemnity obligations (hereinafter referred to as the "Indemnity Action"). (Docket No. 1). The Indemnity Action addresses only Vulcan's indemnity obligations to Street.[2] An Amended Complaint was filed on May 2, 2008. (Docket No. 18).

*2.     The Vulcan Insurance Action and Vulcan's Cross-Complaint*

On January 31, 2005, a declaratory action involving Vulcan's numerous insurers was filed in the Superior Court of the State of California for the County of Los Angeles (the "Vulcan Insurance Action"). (Docket No. 19, Ex. 9, ¶ 1). This action seeks a declaration that Vulcan's insurers have no duty to defend or indemnify Vulcan for its own liability in the *City of Modesto* and other perchloroethylene ("perc") lawsuits. (Docket No. 19, Ex. 9, ¶ 1).

---

[1] National Union is a party only in its capacity as Street's subrogee and thus "stands in Street's shoes" via National Union's subrogation rights.

[2] Street and Vulcan agreed in part that Vulcan would indemnify Street for all liability (including Street's reasonable defense costs and attorneys' fees) against

> all claims by or liabilities to third parties arising out of any acts, omissions or transactions related to the handling, use or disposal of perchloroethylene or PerSec, including, but not limited to, liability for injury, sickness, death and property damage, and including all liability for environmental or pollution-related damage or injury, sickness or death, whether or not any such liability is a result of civil, criminal or governmental action.

See, e.g., Section 5.1 of "Perchlorethylene Agency Agreement Between Vulcan Chemicals and R.R. Street & Co., Inc." "The 1992 Agency Agreement") (Ex. 3 to Street's Response Brief Appendix.)

On May 2, 2008, Vulcan filed a Cross-Complaint (the California equivalent of a third party action) in the Vulcan Insurance Action against its insurers and Street. (Docket No. 19, Ex. 11). The Cross-Complaint was filed over two months *after* this Indemnity Action was filed. (Docket No. 19, Ex. 11, pg. 4). Vulcan's Cross-Complaint seeks declarations concerning: (1) whether Vulcan has any obligation to indemnify Street and; (2) if so, whether Vulcan's indemnity obligations are covered by its insurers. *Id.*

The California state court has stayed Vulcan's Cross-Complaint indefinitely while it resolves issues relating to Vulcan's numerous insurance policies, which have nothing to do with Vulcan's indemnity obligations to Street. (Minute Orders dated May 28, 2008 and April 21, 2008 are attached as Exhibits 1 and 2 to Street's response). If that stay is ever lifted, Street and National Union will object by demurrer pursuant to Cal. Code Civ. Pro. § 430.10(c) which states in part:

> The party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds: … (c) <u>There is another action pending between the same parties on the same cause of action</u>. (Emphasis added.)

Therefore, contrary to Vulcan's suggestions, the Cross-Complaint is not the "prior pending" action, but the subsequently filed one that should be stopped.

**B. Vulcan's arguments lead to two equally illogical conclusions: (1) that every cause of action is a mere "declaratory action" and (2) that every lawsuit underlying any insurance coverage action must be litigated in the same forum as the insurance coverage action.**

Due to Street's able presentation of why the *Colorado River* abstention doctrine does not apply to this case, it is unnecessary for National Union to reiterate those arguments here. National Union incorporates and adopts those arguments in their entirely herein. National Union would just add to those positions that if this case were to be stayed or dismissed on the basis of

3

Vulcan's argument that, at heart, Street's indemnity action is merely a "declaratory action" then that would logically necessitate that virtually *every* cause of action could be characterized ultimately as a "merely" a suit for declaratory relief, because every cause of action, whether it arises from breach of contract or tort, requires some kind of declaratory relief from the court. No authority supports Vulcan's illogical approach.

Furthermore, Vulcan essentially suggests that virtually every lawsuit underlying any insurance coverage litigation involving a defendant should be dismissed, stayed or transferred to the forum wherein the insurance coverage litigation is venued. If this were the proper approach, any defendant could effectively trump a plaintiff's selected forum by subsequently interjecting claims from an underlying action into an existing insurance coverage suit or by subsequently filing a declaratory coverage action against one of its insurers raising any coverage issue concerning the underlying action. Not surprisingly, Vulcan cites no authority in support of this position because none exists.

**C. Under the *Colorado River* Doctrine, Vulcan's improper efforts to forum shop Street's indemnity claims should mandate denial of its motion.**

The only explanation for Vulcan's actions in filing the wholly-unrelated Cross-Complaint in its massive insurance coverage action *after* the Indemnity Action was filed is that Vulcan was and is impermissibly forum-shopping.

The 1992 Agency Agreement between Street and Vulcan expressly provides, *inter alia*:

> **8.9    Jurisdiction and Governing Law.**  Except to the extent this Agreement modifies the provisions of such laws, this Agreement shall be governed by the law of Illinois.

Therefore, notwithstanding the parties' agreement regarding "jurisdiction and governing law" choosing Illinois, not to mention that Street is located here, in its effort to avoid this court's jurisdiction, Vulcan essentially seeks to bury Street's indemnity claims in the morass of

4

insurance coverage issues to be resolved in the Vulcan Insurance Action. Worse, because of the order entered by the California state court indefinitely staying Vulcan's subsequently-filed Cross-Complaint, resolution of Street's indemnity claims will no doubt take years to resolve and then only after Street and National Union have incurred untold unnecessary litigation expenses navigating a myriad of unrelated insurance coverage issues.

There is a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1246, 1246 (1976). Aware of this "unflagging obligation" to exercise jurisdiction, the Ninth Circuit has held that forum-shopping by a party can in some instances mandate denial of a stay under *Colorado River*. *Travelers Indemnity Co. v. Madonna*, 914 F.2d 1364, 1371 (9th Cir. 1990). These circumstances justify such a denial.

### III.  CONCLUSION

For the reasons discussed above (and in Street's incorporated brief) National Union respectfully requests that this court deny Vulcan's Motion to Dismiss, or in the Alternative Stay, Plaintiffs' Amended Complaint.

BOLLINGER, RUBERRY & GARVEY

_____/s/ Bryan G. Schumann_____
Bryan G. Schumann
Federal Admission ID No. 6190102
500 West Madison Street, Suite 2300
Chicago, Illinois  60661-2511
Tel:  (312) 466-8000
Fax:  (312) 466-8001

**ATTORNEYS FOR PLAINTIFFS,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, as
subrogee of R.R. STREET**