# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| R.R. STREET & CO. INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, individually and as subrogee of R.R. Street & Co. Inc., | ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 1:08-cv-01182 |
| v. | ) ) | The Honorable Virginia M. Kendall |
| VULCAN MATERIALS COMPANY, n/k/a LEGACY VULCAN CORP., | ) ) ) | |
| Defendant. | ) ) | |

## LEGACY VULCAN CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY

Richard C. Godfrey, P.C.
Matthew T. Regan, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: 312-861-2000
Facsimile: 312-861-2200

*Attorneys for Defendant Legacy Vulcan Corp.*

Dated: June 27, 2008

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ...................................................................................................................1

I.     THE COURT HAS DISCRETION TO DISMISS PLAINTIFFS' ACTION
       BECAUSE IT PRIMARILY SEEKS DECLARATORY RELIEF. ...................................3

       A.     Plaintiffs Primarily Seek Declaratory Relief. ..........................................................3

       B.     The *Wilton/Brillhart* Standard Applies to Plaintiffs' Claims. ................................4

              1.     The *Wilton/Brillhart* Standard Applies to Claims "Primarily
                     Seeking Declaratory Relief." ........................................................................5

              2.     Plaintiffs' Authorities Are Unpersuasive......................................................6

II.    ALTERNATIVELY, THE *COLORADO RIVER* FACTORS SUPPORT A STAY
       OF PLAINTIFFS' CLAIMS...............................................................................................8

       A.     The California Action and This Action Are Parallel Because They Involve
              the Same Parties Litigating Substantially Similar Issues.........................................9

       B.     The Court Should Stay the Amended Complaint Based on Application of
              the *Colorado River* Factors..................................................................................10

              1.     A Stay Will Avoid Duplicative and Wasteful Piecemeal Litigation. ........10

              2.     The "Order in Which Jurisdiction Was Obtained by the Concurrent
                     Forums" and the "Relative Progress" of the Cases Support a Stay...........11

              3.     The "Inconvenience of the Federal Forum" Supports a Stay. ...................12

              4.     The Vexatious Nature of the Federal Action Supports a Stay..................13

              5.     The *Consolidated Coverage Litigation* Is Adequate to Protect
                     Plaintiffs' Rights. ......................................................................................13

              6.     The Remaining *Colorado River* Factors Do Not Counsel Against a
                     Stay. ...........................................................................................................14

CONCLUSION....................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Brillhart v. Excess Insurance Company of America*,
    316 U.S. 491 (1942).............................................................................................. 4

*Chase Brexton Health Services, Inc. v. Maryland*,
    411 F.3d 457 (4th Cir. 2005) ........................................................................... 10

*Clark v. Lacy*,
    376 F.3d 682 (7th Cir. 2004) .............................................................. 9, 10, 11

*Colorado River Water Conservation District v. United States*,
    424 U.S. 800 (1976)......................................................................................... 8, 11

*Coltec Industries Inc. v. Continental Insurance Co.*,
    No. Civ.A 04-5718, 2005 WL 1126951 (E.D. Pa. May 11, 2005) .................... 6

*Day v. Union Mines Inc.*,
    862 F.2d 652 (7th Cir. 1988) ........................................................................ 11, 12

*Great American Insurance Co. v. Gross*,
    468 F.3d 199 (4th Cir. 2006) ............................................................................. 7

*Hudson v. Deutsche Bank AG*,
    No. 05 C 6783, 2007 WL 1018137 (N.D. Ill. Mar. 30, 2007) ......................... 13

*Ingalls v. The AES Corp.*,
    No. 1:07-cv-00104, 2007 WL 2362967 (S.D. Ind. Aug. 16, 2007)................... 13

*Interstate Material Corp. v. City of Chicago*,
    847 F.2d 1285 (7th Cir. 1988) ......................................................................... 13

*ITT Industries, Inc. v. Pacific Employers Insurance Co.*,
    427 F. Supp. 2d 552 (E.D. Pa. 2006) ................................................................ 6

*Keown v. Tudor Insurance Co.*,
    No. 08-00041, 2008 WL 2230722 (D. Haw. May 30, 2008)............................. 6

*LaDuke v. Burlington Northern Railroad Co.*,
    879 F.2d 1556 (7th Cir. 1989) ...................................................................... 11, 12

*Lumen Construction, Inc. v. Brant Construction Co.*,
    780 F.2d 691 (7th Cir. 1986) .......................................................................... 10

*Maui Land & Pineapple Co. v. Occidental Chemical Corp.*,
    24 F. Supp. 2d 1079 (D. Haw. 1998)................................................................. 6

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
    460 U.S. 1 (1983) ........................................................... 11, 14

*North Pacific Seafoods, Inc. v. National Union Fire Insurance Co. of Pittsburgh, PA*,
    No. C06-795RSM, 2008 WL 53180 (W.D. Wash. Jan. 3, 2008) ...................... 6

*R.J. Reynolds Tobacco Co. v. Market Basket Food Stores, Inc.*,
    No 5:05CV253-V, 2006 WL 2270403 (W.D.N.C., Aug. 7, 2006) ................... 10

*Royal Indemnity Co. v. Apex Oil Co.*,
    511 F.3d 788 (8th Cir. 2008) ........................................................ 7

*Schneider National Carriers, Inc. v. Carr*,
    903 F.2d 1154 (7th Cir. 1990) ..................................................... 10

*Tyrer v. City of South Beloit, Illinois*,
    456 F.3d 744 (7th Cir. 2006) ...................................................... 14

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ................................................................ 4

*Zivitz v. Greenberg*,
    No. 98 C 5350, 1999 WL 262123 (N.D. Ill. Apr. 9, 1999) ........................ 1, 5

### Statutes

Declaratory Judgment Act, 28 U.S.C. § 2201(a) ........................................... 4

## <u>INTRODUCTION</u>

Plaintiffs Street's and National Union's separate Responses to Vulcan's Motion to Dismiss[1] are notable more for what they avoid than for what they address.  In specific, Plaintiffs ignore the fundamental allegations of their Amended Complaint, *i.e.*, confirming that Plaintiffs "request declaratory relief" and "bring this action to resolve the question of whether certain underlying lawsuits are covered by Vulcan's indemnity and defense obligations."  (Am. Compl. ¶¶ 1, 10.)  On the law, other than insinuating that the opinion was "not well reasoned," Plaintiffs neither cite nor discuss *Zivitz v. Greenberg*, No. 98 C 5350, 1999 WL 262123 (N.D. Ill. Apr. 9, 1999), a case in this District which supports dismissal here.  Plaintiffs' avoidance is telling, and confirms that the Court is well within its discretion to dismiss this action in favor of the California *Consolidated Coverage Litigation* pending before the Honorable Carl J. West.

Since Plaintiffs filed their Responses, there have been two significant developments that further confirm the merit of dismissal of this action.  ***First***, in the California *Consolidated Coverage Litigation,* Judge West called a status conference on June 25, 2008, after he was informed that Plaintiffs here were arguing that his *sua sponte* May 28, 2008 Order staying responsive pleadings rendered the California state proceeding a "less than adequate" forum to protect Plaintiffs' rights.  (Street's Resp. at 13; 6/13/08 Order, attached as Ex. 1.)  At the June 25, 2008 status conference, Judge West ordered all cross-defendants, including Plaintiffs Street and National Union, to file answers to Vulcan's Cross-Complaint by July 25, 2008, and authorized Plaintiffs to file a Cross-Complaint making any claims "asserted in actions pending in the United States District Courts in the Northern District of Illinois and Eastern District of California [that]

---

[1] Vulcan files this single Reply to address the arguments made in each Plaintiff's Response brief.

are not at issue by virtue of the allegations" in Vulcan's Cross-Complaint.  (6/25/08 Order ¶ 4, attached as Ex. 2.)

**Second**, on June 26, 2008, the Honorable Lawrence J. O'Neill dismissed Plaintiff Street's identical Cross-Claim for declaratory relief and other claims in *United States v. Lyon, et al.*, No. 1:07-cv-00491-LJO-GSA (E.D. Cal.).  (6/26/08 Order, attached as Ex. 3.)  Applying the *Wilton/Brillhart* doctrine, Judge O'Neill held "the principle of 'wise judicial administration' weighs in favor of declining to exercise discretionary jurisdiction over this action."  (*Id.* at 7.)  The Court wrote, in pertinent part:

- "[S]tate law issues are the subject of Street's claims, which will be resolved in the *Consolidated Coverage Litigation*.  This Court finds that dismissal of these duplicative claims, more appropriately suited for the state court proceeding, 'furthers the policy against needlessly deciding unsettled state law issues, prevents duplicitous litigation, and discourages forum shopping.'" (*Id.* at 7, citing *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1422 (9th Cir. 1997));

- "[T]he *Wilton/Brillhart* doctrine applies, in particular, to insurance cases in which a party seeks declaratory relief, such as the instant action." (*Id.*);

- And, "Street's non-declaratory claim for relief is dependant on [] its claims for declaratory relief.  Street seeks a declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense costs, including attorneys fees, and against any liability arising from this action.  Street also seeks 'damages, including litigation costs and attorney's fees incurred prosecuting this action, in an amount to be proved at trial.'  Street would be unable to recover the costs of litigation and attorney's fees without this Court's declaration that Vulcan is obligated to indemnify Street." (*Id.* at 8–9.)

In conclusion, Judge O'Neill held:

> Because issues of state law are presented, which are duplicative of the state proceeding, and primarily declaratory in nature, this Court declines to exercise jurisdiction over Street's cross-claims. . . .  The Court finds further that the appropriate forum for those claims is the comprehensive *Consolidated Coverage Litigation*.  This Court agrees with the court in that case, which noted, "it just doesn't make a lot of sense to have determinations made of similar issues in multiple jurisdictions that can only lead to further confusion. . .  [A]ll of this coverage litigation ought to be centralized in one place[,] so if we ever get to the point where we can sit down and look at what the real issues are, or what the exposure is, or some potential for resolution, you have all the players there."

(*Id*. at 9.)

There is no basis for a different outcome here.  As confirmed by Judges West and O'Neill, the California state court is the appropriate forum for Plaintiffs' claims, where they can be addressed in conjunction with the interconnected insurance coverage issues and parties.  The Court has the discretion under *Wilton/Brillhart* to grant Vulcan's motion and dismiss this case.  Alternatively, a stay is warranted under the *Colorado River* doctrine.

**I.    THE COURT HAS DISCRETION TO DISMISS PLAINTIFFS' ACTION BECAUSE IT PRIMARILY SEEKS DECLARATORY RELIEF.**

Because this is an indemnity action primarily seeking declaratory relief, the Court should apply the *Wilton/Brillhart* standard and dismiss this action.  Plaintiffs raise two arguments to avoid that outcome:  first, they attempt to recast their allegations as something other than primarily seeking declaratory relief; and, second, they ignore the case in this District and others directly on point, in favor of an inaccurate presentation of cases from other Circuits.  Neither argument represents a credible basis for the Court to retain jurisdiction over their claims.

**A.    Plaintiffs Primarily Seek Declaratory Relief.**

Plaintiffs' Amended Complaint represents the starting point for analyzing Vulcan's motion.  In their own words, "Plaintiffs request declaratory relief by virtue of the Federal Declaratory Judgment Act," and "***Street and National Union bring this action to resolve the question of whether certain underlying lawsuits are covered by Vulcan's indemnity and defense obligations***."  (Am. Compl. ¶¶ 1, 10 (emphasis added).)[2]  Plaintiffs' allegations expressly confirm that (i) this is an indemnity action primarily seeking declaratory relief, and

---

[2] Plaintiffs confirmed in the Joint Status Report that "the principal legal issues are the construction and scope of the indemnity agreement," the very issue to be resolved by Plaintiffs' declaratory judgment claim.  (Initial Joint Status Report ¶ 5 (Docket No. 24).)

(ii) any monetary claims will be determined by the resolution of Plaintiffs' declaratory claims that certain lawsuits are covered by Vulcan's indemnity and defense obligations.  In specific:

- Plaintiffs expressly seek jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57.  (Am. Compl. ¶ 1.)

- Plaintiffs incorporate the *entirety* of the Amended Complaint's allegations into their declaratory judgment count.  (Am. Compl. ¶ 22.)

- Plaintiffs' monetary claims parrot the declaratory claim and seek the same relief—indemnification.  (Am. Compl. ¶ 6 ("This is an indemnity action by Street."), ¶ 14 (referring to "defense and indemnity obligations" in the breach of contract count), ¶¶ 16–18 (for implied indemnity), ¶ 21 (alleging Vulcan should be "estopped from denying that it is obligated to hold harmless and indemnify").)

Plaintiffs' allegations belie their effort to reframe their action as one primarily seeking defense costs already incurred.  (Street's Resp. at 1, 3.)  Plaintiffs' right to defense costs expressly depends on resolution of the declaratory claim.  *See* Am. Compl. ¶ 24(b) (seeking declaration that Vulcan is obligated to "indemnify Street and National Union for any and all liabilities, including defense costs").  Indeed, as Judge O'Neill held in examining *identical claims*, "Street's non-declaratory claim for relief is dependant on [] its claims for declaratory relief. . . .  Street would be unable to recover the costs of litigation and attorney's fees without this Court's declaration that Vulcan is obligated to indemnify Street."  (6/26/08 Order at 8–9, Ex. 3.)  Thus, as outlined below, and as Judge O'Neill held, this is an indemnity action primarily seeking declaratory relief and the *Wilton/Brillhart* discretionary standard applies.

**B.     The *Wilton/Brillhart* Standard Applies to Plaintiffs' Claims.**

Plaintiffs concede that, under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), the Court may refrain from exercising jurisdiction over a "declaratory judgment suit" when a pending state court suit presents the same issues between the same parties.  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

(Street's Resp. at 5.)   In their effort to avoid application of the *Wilton/Brillhart* standard, however, Plaintiffs ignore and mischaracterize the relevant case law.

>    **1.    The *Wilton/Brillhart* Standard Applies to Claims "Primarily Seeking Declaratory Relief."**

Plaintiffs first argue that the *Wilton/Brillhart* standard applies exclusively to cases "containing only a request for declaratory relief."  (Street's Resp. at 5.)  Plaintiffs are wrong. Many courts have held that the *Wilton/Brillhart* standard also applies to actions that, as here, primarily seek declaratory relief.

**First,** as discussed in detail on pages 2-3, *supra*, Judge O'Neill applied *Wilton/Brillhart* to dismiss the exact same claims that have been brought before this Court as to the *Lyon* case. (6/26/08 Order, Ex. 3.)

**Second,** *Zivitz v. Greenberg*, No. 98 C 5350, 1999 WL 262123 (N.D. Ill. Apr. 9, 1999), is also instructive.  In *Zivitz*, a third-party plaintiff brought a claim for indemnification, seeking both money damages for defense costs incurred and a declaration of future indemnity—the exact same type of damages Plaintiffs seek here.  Because the action was "primarily seeking declaratory relief" and the damages claim did not "require[] adjudication independently of the declaratory relief," Judge Conlon dismissed the claims under *Wilton/Brillhart,* in deference to pending California state court claims.  *Id.* at *3.[3]  Plaintiffs notably avoid any discussion of *Zivitz* in their Responses.

**Third**, the recent *North Pacific Seafoods, Inc. v. National Union Fire Insurance Co. of Pittsburgh, PA* case followed the same approach.  No. C06-795RSM, 2008 WL 53180, at *4

---

[3] Judge Conlon's opinion also cites and rejects application of the cases from other circuits that Street relies upon in its Response.  Judge Conlon determined that two of the cases cited by Plaintiffs from other jurisdictions undermined application of *Colorado River* over *Wilton/Brillhart*.  *Zivitz*, 1999 WL 262123, at *2–*3 (analyzing Second Circuit and Ninth Circuit cases and distinguishing them as not involving claims "primarily" for declaratory relief).

(W.D. Wash. Jan. 3, 2008) (applying the *Wilton/Brillhart* standard because the action was "primarily declaratory in nature").  Plaintiffs also ignore this case, which is notable because National Union was the party that successfully urged dismissal under *Wilton/Brillhart*.[4]

Thus, under the *Wilton/Brillhart* standard—as applied by courts examining these very claims, courts in this District, and elsewhere (including at the request of National Union)—judicial economy and fairness dictate dismissal here in deference to the pending *Consolidated Coverage Litigation*.

### 2.    Plaintiffs' Authorities Are Unpersuasive.

Plaintiffs neither cite nor address *Zivitz* and *North Pacific Seafoods*.  Instead, Plaintiffs rely on cases from other circuits, describe them inaccurately, and conclude that any contrary authority (*e.g.*, cases from this Circuit and cases where National Union urged the exact same outcome as Vulcan here) are "not well reasoned."  (Street's Resp. at 8.)  It is Plaintiffs' argument that lacks persuasion.

*First*, Plaintiffs argue that all appellate courts to consider the issue agree that the more stringent *Colorado River* standard should apply instead of the *Wilton/Brillhart* standard "if a suit

---

[4] Other courts similarly have applied the *Wilton/Brillhart* standard to cases primarily declaratory in nature.  *See Keown v. Tudor Ins. Co.*, No. 08-00041, 2008 WL 2230722, at *3, *8 (D. Haw. May 30, 2008) (applying the *Wilton/Brillhart* standard, finding that, "[w]ithout a declaration of rights under the subject policy, the request for a declaration that Defendant must pay for Plaintiff's attorneys' fees and costs incurred in defending against the underlying action could not exist alone"); *ITT Indus., Inc. v. Pac. Employers Ins. Co.*, 427 F. Supp. 2d 552, 557 (E.D. Pa. 2006) (applying the *Wilton/Brillhart* standard because "the outcome of the [monetary] claims depends on the resolution of the declaratory judgment claims," explaining "considerations underlying the decisions in *Colorado River* and *Wilton* regarding a district court's obligation to exercise jurisdiction over an action are better served by the fact-driven 'heart of the matter' approach…."); *Coltec Indus. Inc. v. Continental Ins. Co.*, No. Civ.A 04-5718, 2005 WL 1126951, at *3 (E.D. Pa. May 11, 2005) (applying the *Wilton/Brillhart* standard because "the outcome of those [monetary] claims depends on how we interpret the policies when we resolve the declaratory judgment claim," finding "the [heart of the action] approach . . . most faithful to the concerns that animated *Wilton*"); *Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1079, 1082 (D. Haw. 1998) (holding that monetary claims for defense costs and indemnification were not "independent claim[s]" because they sought "the relief that is the subject of the declaratory relief claim" and applying the *Wilton/Brillhart* standard).

involves both a claim for declaratory relief and another type of claim." (Street's Resp. at 6.) That is incorrect. For example, the Eighth Circuit has held that "the fact that [the plaintiff] seeks monetary damages in addition to declaratory relief does not require a federal court automatically to apply . . . *Colorado River*." *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008). The Eighth Circuit went on to hold that "a court may still abstain [under the Declaratory Judgment Act] in a case in which a party seeks damages as well as a declaratory judgment so long as . . . the *essence of the suit* remains a declaratory judgment action." *Id*. at 793–94 (emphasis added). In *Royal Indemnity,* plaintiff's monetary claims were subsumed and would be determined by the declaratory claims in that case: "If the district court were to reject Royal Indemnity Company's claims under the Declaratory Judgment Act, it could not recover on the claims for contribution, subrogation, unjust enrichment and equitable estoppel." *Id.* at 794. The same is true here.

Street also argues that *Royal Indemnity* supports its position because "plaintiffs' prayers . . . expressly sought relief 'declaring that. . . .'" (Street's Resp. at 9.) However, the opinion is clear that plaintiff sought "monetary damages in addition to a declaratory judgment." *Royal Indem.*, 511 F.3d at 794. Despite the monetary claims, the Eighth Circuit found the "essence of the suit" to be a declaratory claim because "[t]he damages Royal Indemnity Company seeks are not independent of the requested declaratory judgment, but are closely linked with it." *Id*. at 793–94. On that basis the court found the essence of the suit to be for declaratory relief, and affirmed the district court's abstention in favor of a parallel state lawsuit under *Wilton/Brillhart*.[5]

---

[5] Similarly, in *Great American Insurance Co. v. Gross*, the Fourth Circuit analyzed the question of whether to apply the *Wilton/Brillhart* standard but ultimately refrained from deciding the issue, while noting that courts have determined which standard to apply based on the "heart of the action." 468 F.3d 199, 210–11 (4th Cir. 2006).

**Second**, Plaintiffs' assertion that the *Zivitz* approach would "turn every breach of contract claim into a Declaratory Judgment Act claim" is, at best, an extreme overstatement.  (Street's Resp. at 9.)   The *Zivitz* approach only applies when the plaintiff, as here, has alleged a Declaratory Judgment Act claim, and then only when the action, as here, is "primarily" a Declaratory Judgment Act claim.  The logic is compelling:  when the relief sought by plaintiff is declaratory in nature, a court should apply the abstention standard applicable to declaratory claims, regardless of whether the plaintiff has also included contingent monetary claims.

*      *      *

In sum, as confirmed by Judge O'Neill's ruling and Plaintiffs' own pleading, the monetary claims at issue here depend on the resolution of the declaratory judgment claims.  Plaintiffs' allegations are properly analyzed, and should be dismissed, under the *Wilton/Brillhart* standard because Plaintiffs are primarily seeking declaratory relief.  It would be an unnecessary use of judicial resources for this Court to proceed and, indeed, could create an undue risk of inconsistent rulings on issues that will be litigated among all interested parties in the *Consolidated Coverage Litigation* in California state court.

## II.     ALTERNATIVELY, THE *COLORADO RIVER* FACTORS SUPPORT A STAY OF PLAINTIFFS' CLAIMS.

The *Wilton/Brillhart* standard should govern Plaintiffs' claims, and this case should be dismissed on that basis.  Alternatively, a stay of this action is also warranted by the *Colorado River* doctrine, for "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" support a stay.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citation omitted).  Plaintiffs oppose a stay, arguing that (1) the *Consolidated Coverage Litigation* and this

case are not parallel actions within the meaning of *Colorado River*, and (2) the *Colorado River*

factors do not support a stay.  Plaintiffs are wrong on both counts.

> **A.    The California Action and This Action Are Parallel Because They Involve the Same Parties Litigating Substantially Similar Issues.**

The *Consolidated Coverage Litigation* and this action are parallel cases, within the

meaning of *Colorado River*.  Here, there is a "substantial likelihood that the state litigation will

dispose of all claims presented in the federal case."  *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir.

2004) (internal quotations and citation omitted).  This is not theoretical; indeed, Judge West

encouraged Vulcan to bring all of the claims presented by this case into the California state court

litigation, and has since ordered Street and National Union to answer.  (3/12/08 Tr. at 21, App.

Ex. 1 to Legacy Vulcan's Mem. in Supp. of Its Mot. to Dismiss ("App. Ex."); 6/25/08 Order

¶¶ 1, 4, 5, Ex. 2.)  Moreover, Judge West's June 25 Order confirms that Street and National

Union can bring their claims in California:

> To the extent that the claims of R.R. Street & Co., Inc., and National Union
> Fire Insurance Company asserted in actions pending in the United States
> District Courts in the Northern District of Illinois and Eastern District of
> California are not at issue by virtue of the allegations contained in the
> Cross-Complaint of Vulcan Materials Company, the Court will permit these
> defendants to file a cross-complaint concurrently with the filing of their
> answer, provided that their failure to file a cross-complaint at this time will
> not constitute a waiver of their right to do so.

(6/25/08 Order ¶ 4, Ex. 2.)  Thus, it is beyond dispute that the claims and issues present here are

also at issue in the California litigation, making the two cases parallel.

Plaintiffs argue that the cases are not parallel because the *Consolidated Coverage*

*Litigation* involves "substantially more parties than this case and numerous issues unrelated to

this case," citing non-Seventh Circuit authority.  (Street's Resp. at 11.)  But Seventh Circuit law

is clear that the existence of additional parties in one proceeding does ***not*** prevent two cases from

being parallel.  *Clark*, 376 F.3d at 686 ("Nor does the presence of the four additional defendants

. . . render these lawsuits non-parallel.  The addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings.”); *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990) (stating that “[t]he existence of additional parties in one suit does not of itself destroy parallelism”); *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1986) (stating that “[i]f the rule were otherwise, the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties”).[6]  Likewise, the presence of additional claims in the *Consolidated Coverage Litigation* does not affect the parallel nature of the two cases.  *Clark*, 376 F.3d at 686–87.  Thus, this case is clearly parallel to the *Consolidated Coverage Litigation*.

**B.**    **The Court Should Stay the Amended Complaint Based on Application of the *Colorado River* Factors.**

The Seventh Circuit has expressed a nonexclusive list of ten factors to consider in applying the *Colorado River* doctrine, as outlined in Vulcan's Memorandum.  The parties agree three of these factors are not applicable, if a *Colorado River* analysis is required.  (Street's Resp. at 11, n.10.)  As set forth below, review of the remaining factors counsels for a stay of this case.

**1.**    **A Stay Will Avoid Duplicative and Wasteful Piecemeal Litigation.**

Plaintiffs summarily state that “[t]here is no issue of piecemeal litigation” because the “dispute can be tried in its entirety in Illinois.”  (Street's Resp. at 12.)  Plaintiffs' unsupported conclusion is incorrect.  “Piecemeal litigation occurs when different tribunals consider the same

---

[6] Furthermore, while Seventh Circuit case law is clear that the presence of additional parties does not destroy parallelism, Plaintiffs' non-binding authorities are also distinguishable.  Plaintiffs' authorities involve lawsuits where there were additional parties in the *federal* litigation; thus, unlike here, dismissing those federal claims would necessarily leave some parties without a forum.  *See Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005) (noting that five of the federal plaintiffs were not parties in the state proceeding)*; R.J. Reynolds Tobacco Co. v. Market Basket Food Stores, Inc.*, No 5:05CV253-V, 2006 WL 2270403, at *6 (W.D.N.C., Aug. 7, 2006) (noting 17 additional parties in the federal claim).  By contrast, dismissal or stay of this action will allow the parties to this action to litigate the issues in a forum where all necessary parties are at issue.

issue, thereby duplicating efforts and possibly reaching different results." *Day v. Union Mines Inc.*, 862 F.2d 652, 659 (7th Cir. 1988) (internal quotations and citation omitted). Parallel proceedings in this case will result in a "'grand waste' of the efforts of the parties and the courts," *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989) (citations omitted), because both this Court and the California state court will "oversee similar pre-trial motions and discovery matters and two different triers of fact [will] be asked to consider the same issues, evidence and witness." *Clark*, 376 F.3d at 687.

In short, (i) Vulcan, (ii) Street, (iii) National Union, (iv) Vulcan's insurers who also insure Street as an "additional insured," and (v) Vulcan's insurers who are obligated to cover indemnity obligations Vulcan has assumed by contract (as Street alleges) presently are litigating the same and related issues in Los Angeles Superior Court. Proceeding with Street's claims here would result in extraordinarily duplicative litigation, quite possibly with conflicting outcomes, and a clear waste of judicial resources.

**2.    The "Order in Which Jurisdiction Was Obtained by the Concurrent Forums" and the "Relative Progress" of the Cases Support a Stay.**

Vulcan has never contested that this action was filed prior to Vulcan's Cross-Claims in California. Plaintiffs' suggestions to the contrary are both puzzling and irrelevant, for the law is clear that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). There have been no proceedings in this Court since Street and National Union filed their Complaint. *See Colorado River*, 424 U.S. at 820 (ordering dismissal while citing "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss"). In contrast, progress has been made in the California state court action, which continues. (*See* 3/15/07

-11-

Order, App. Ex. 13; 4/21/08 Order, App. Ex. 15; 6/13/08 Order, Ex. 1; 6/25/08 Order, Ex. 2.)
This progress counsels strongly for a stay.  *See Day*, 862 F.2d at 658–59 ("Because there has
been substantial state court progress in the basic contractual disputes . . . this overall progress
should be determinative rather than the lack of progress on one specific legal theory.").

As discussed above, Plaintiffs make much of a May 28, 2008 stay in the *Consolidated
Coverage Litigation* to suggest that case is not progressing.  However, Judge West's June 25,
2008 Order lifting the stay and ordering Street and National Union to file Answers to Vulcan's
Cross-Complaint by July 25, 2008, with a further status conference set for August 7, 2008,
eliminates any confusion about whether that case is moving forward.  (6/25/08 Order, Ex. 2.)

Moreover, this case will not be rapid to resolve.  As indicated in the Joint Status Report,
Plaintiffs do not "anticipate being ready for trial until, at the earliest, the end of 2009 or early
2010."  (Initial Joint Status Report ¶ 9 (Docket No. 24).)

### 3.     The "Inconvenience of the Federal Forum" Supports a Stay.

This factor does not turn on the *relative* convenience of the forums, but rather whether
the federal forum is convenient for all parties.  Street's claim that it is "more convenient for
Street to be in federal court in Illinois than in a state court in California" is irrelevant.  (Street's
Resp. at 12.)  Plaintiffs already are litigating in multiple California state and federal courts, and
will remain there *regardless* of the outcome of this motion.  National Union has been a party to
the *Consolidated Coverage Litigation* since June 2006.  (*See First State* Compl., App. Ex. 10.)
Thus, all the parties to this case have been and will continue litigating these issues, as well as
underlying and related issues, in California state courts.  Litigating indemnity claims in a federal
forum in Illinois, separate from related coverage issues and the underlying suits on which they
are based, "would certainly inconvenience [all] parties."  *LaDuke*, 879 F.2d at 1560.  This factor
supports a stay.

### 4.    The Vexatious Nature of the Federal Action Supports a Stay.

Street's filing of overlapping, duplicative lawsuits in two federal courts on the same day renders this suit vexatious and contrived, and counsels for a stay. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1289 (7th Cir. 1988) ("the federal suit could be considered both vexatious and contrived" because plaintiff filed two suits "seeking substantially the same relief from substantially the same parties"). While curative of the prejudice of Street's duplicative filings, Judge O'Neill's June 26, 2008 dismissal of Street's Cross-Claim in *Lyon* does not alter the fact that Street's simultaneous complaint here was vexatious when filed.[7] This factor supports a stay.

### 5.    The *Consolidated Coverage Litigation* Is Adequate to Protect Plaintiffs' Rights.

Street and National Union argue that the California state court action is "a less than adequate forum" to protect their rights because that action is "complex" and will not "be resolved any time soon."[8] (Street's Resp. at 13.) Plaintiffs misunderstand the relevance of this factor. "A state court is adequate to protect a plaintiff's rights when 'the state court litigation will probably eliminate the need for any further proceedings in federal court.'" *Ingalls v. The AES Corp.*, No. 1:07-cv-00104, 2007 WL 2362967, at *7 (S.D. Ind. Aug. 16, 2007) (quoting *Lumen Constr.*, 780 F.2d at 695).

Plaintiffs provide no reasons why the state court would be unable to resolve all the issues or provide all the relief they seek. *See Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 757 (7th Cir.

---

[7] Street also accuses Vulcan of being vexatious by filing its Cross-Claim in California. Street again misunderstands the law; this factor tests whether the *federal* suit is vexatious or contrived. *Tyrer*, 456 F.3d at 754 (noting the factor as "the vexatious or contrived nature of the *federal* claim" (emphasis added)). And Vulcan's state Cross-Claim was filed with permission of the court.

[8] Plaintiffs cite *Hudson v. Deutsche Bank AG*, No. 05 C 6783, 2007 WL 1018137 (N.D. Ill. Mar. 30, 2007), to argue that any delay in the state court proceeding makes it inadequate. Judge West's June 25, 2008 order disposes of any assertion that his case will be delayed.

2006) (chastising plaintiff for the "insinuation that [the state] court[] will not live up to the standard of full and fair adjudication of the issues" as the form of "pure speculation that we expressly disavow"). Instead, Plaintiffs confuse the convenience of the state court, or their desire to litigate there, with its adequacy. However, the California state court is in a far superior position to manage the interconnections between determining insurance coverage for the indemnity at issue here, including that Street is an additional insured, and the nature and scope of the indemnity itself. Judge West's rulings on June 25, 2008 confirm that the California state court action is adequate to protect Plaintiffs' rights. (6/25/08 Order, Ex. 2.)

> **6.    The Remaining *Colorado River* Factors Do Not Counsel Against a Stay.**

The remaining *Colorado River* factors do not counsel against a stay. The source of governing law is "state, as opposed to federal, law," which "weighs in favor of a stay." Plaintiffs argue that the potential application of Illinois state law weighs against a stay. (Street's Resp. at 13.) But the "governing law" factor turns only on *whether* state or federal law governs, not on *which* state law governs. *See Moses H. Cone*, 460 U.S. at 23–26 (discussing the "state-versus-federal-law factor" and noting that this factor weighs against a stay in "the presence of federal-law issues"). And Plaintiffs agree that factors relating to jurisdiction over a *res*, concurrent jurisdiction, and the availability of removal do not apply here. (Street's Resp. at 11, n.10.)

## <u>CONCLUSION</u>

Proceeding with this federal action would be duplicative and constitute piecemeal litigation, given the parallel California state court claims.  There are no federal claims at issue, the parties in interest have been joined in the California litigation, and all claims can satisfactorily be brought and adjudicated before Judge West.  Judge O'Neill, reviewing Street's identical claims as to the *Lyon* action, has dismissed Street's claims under the *Wilton/Brillhart* standard.  Under the broad discretion conferred by the Declaratory Judgment Act, this Court should do the same in deference to the pending *In re Vulcan Materials Consolidated Coverage Litigation* in California Superior Court.  In the alternative, a stay is warranted under the *Colorado River* doctrine.

Dated:  June 27, 2008                              Respectfully submitted,

                                                   **s/Richard C. Godfrey, P.C.**
                                                   Richard C. Godfrey, P.C.
                                                   Matthew T. Regan, P.C.
                                                   Kirkland & Ellis LLP
                                                   200 East Randolph Drive
                                                   Chicago, Illinois  60601
                                                   Telephone:  312-861-2000
                                                   Facsimile:  312-861-2200

                                                   *Attorneys for Defendant Legacy Vulcan Corp.*

# EXHIBIT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/13/08 | DEPT. 31 |
| HONORABLE Carl J. West          JUDGE | R. Rully          DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A.      Deputy Sheriff | NONE          Reporter |

Jun 13 2008
10:12AM

20238714

---

| | |
|---|---|
| BC328022 | Plaintiff Counsel |
| TRANSPORT INS. V. | **NO APPEARANCES** |
| VS | Defendant |
| VULCAN MATERIALS | Counsel |
| COMPLEX 1-24-07 | |
| See X-Ref BC328022 (Lead) | |

---

**NATURE OF PROCEEDINGS:**

COURT'S ORDERS IN RESPONSE TO THE PARTIES' POSTINGS
ON THE LEXIS/NEXIS FILE & SERVE MESSAGE BOARD:

The Court, having reviewed the parties recent
postings on the Lexis/Nexis File & Serve Message
Board, declines to make orders in response to message
board postings that do not reflect a meaningful meet
and confer process and the views of both sides to
disputed issues. In the future, issues such as those
raised in the postings should be addressed in a
meaningful meet and confer process followed by the
filing of a Joint Statement identifying the nature of
the dispute, and the involved parties respective
positions.

The Court is concerned that there may be
confusion among the parties concerning the status of
pleadings and/or the need for responsive pleadings
to the recently amended Vulcan cross-complaint or the
Insurers' amended complaints that are due for filing
in the near future.  Accordingly the Court sets a
Further Status Conference for June 25, 2008, at
1:30 P.M., in Department CCW-311.

The parties shall file either joint or separate
statements, on or before June 20, 2008, addressing
their concerns with respect to the status of this
litigation, the need for an order addressing inter-
insurer contribution/indemnity claims, the filing of

Page    1 of  2    DEPT. 311

MINUTES ENTERED
06/13/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/13/08 | | DEPT. 311 |
| HONORABLE Carl J. West                    JUDGE | R. Rully | DEPUTY CLERK |
| HONORABLE                          JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A.        Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC328022 | Plaintiff<br>Counsel | **NO APPEARANCES** |
| TRANSPORT INS. V.<br>VS<br>VULCAN MATERIALS | Defendant<br>Counsel | |
| COMPLEX 1-24-07<br>See X-Ref BC328022 (Lead) | | |

**NATURE OF PROCEEDINGS:**

additional cross-complaints, and/or the filing of
challenges to the substantive allegations of the
Vulcan cross-complaint or the Insurers amended or
consolidated complaint(s).

    Recognizing the relatively short notice for the
June 25, 2008 Status Conference, counsel may appear
telephonically, however the date and time of the
conference will not be changed.


    The Court requests that the parties file an
original and one "courtesy" copy of all statements
and reports ordered by the Court, directly in
Department CCW-311.

    Pursuant to the Court's Order Authorizing
Electronic Service, a true and correct copy of this
Minute Order is served upon the parties to the above-
entitled case this date by posting a copy of the
Minute Order on the Lexis/Nexis File & Serve website.

MINUTES ENTERED
06/13/08
COUNTY CLERK

# EXHIBIT 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/25/08 | **DEPT.** 311 |
| HONORABLE Carl J. West JUDGE | R. Rully          DEPUTY CLERK |
| HONORABLE            JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A.   Deputy Sheriff | R. Rodriguez, C.S.R.    Reporter |

| | | |
|---|---|---|
| BC328022 | Plaintiff Counsel | Michael Ellison (x) |
| TRANSPORT INS. V. | | Donald W. Brown (x) |
| VS | Defendant Counsel | Wendy L. Feng (x) |
| VULCAN MATERIALS | | Ray L. Wong (x) |
| | | Cyndie M. Chang (x) |
| COMPLEX 1-24-07 | | Yvette D. Roland (x) |
| See X-Ref BC328022 (Lead) | | Eric Grant (x)          ** |

**NATURE OF PROCEEDINGS:**

FURTHER STATUS CONFERENCE:

The Court holds a Further Status Conference this date, in open court and on the record with counsel appearing as indicated.

After conferring with counsel, as fully reflected in the notes of the official Court Reporter, the Court makes Orders as follows:

1. All Defendants and Cross-Defendants named in the recently amended/filed pleadings (the Amended Complaint of Transport Insurance Company, the Cross-Complaint of Vulcan Materials Company and Certain Insurers' Consolidated Cross-Complaint), shall serve and file answers and raise as affirmative defenses all matters that could otherwise be raised by demurrer, motion to strike, or motion to stay or dismiss brought pursuant to Section 418.10 of the California Code of Civil Procedure, without prejudice to any such defenses.

2. The Court will set briefing schedules for potentially dispositive and/or jurisdictional defenses to insure the prompt resolution of any such defenses. This Order is entered to assist in the orderly and efficient management of this complex coverage litigation and in the exercise of the Court's inherent powers to manage complex cases.

Page    1 of    4    DEPT. 311

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/25/08

HONORABLE Carl J. West    JUDGE

HONORABLE    JUDGE PRO TEM

S. Zuckerman, C.A.    Deputy Sheriff

**DEPT.** 311

R. Rully    DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

R. Rodriguez, C.S.R.    Reporter

| | | |
|---|---|---|
| BC328022 | Plaintiff Counsel | Michael Ellison (x) |
| TRANSPORT INS. V. | | Donald W. Brown (x) |
| VS | Defendant Counsel | Wendy L. Feng (x) |
| VULCAN MATERIALS | | Ray L. Wong (x) |
| | | Cyndie M. Chang (x) |
| COMPLEX 1-24-07 | | Yvette D. Roland (x) |
| See X-Ref BC328022 (Lead) | | Eric Grant (x)        ** |

**NATURE OF PROCEEDINGS:**

3. Responsive pleadings/answers to First State Insurance Company/Nutmeg Insurance Company's Amended Inter-Insurer Complaint shall remain stayed pending further Order of the Court.

4. To the extent that the claims of R.R. Street & Co., Inc., and National Union Fire Insurance Company asserted in actions pending in the United States District Courts in the Northern District of Illinois and Eastern District of California are not at issue by virtue of the allegations contained in the Cross-Complaint of Vulcan Materials Company, the Court will permit these defendants to file a cross-complaint concurrently with the filing of their answer, provided that their failure to file a cross-complaint at this time will not constitute a waiver of their right to do so.

5. Answers filed pursuant to this Order shall be served and filed on or before July 25, 2008.

6. The Further Status Conference currently set for July 29, 2007 in Department CCW-311 is advanced to this date and continued to August 7, 2008, at 1:30 P.M., in Department CCW-311, to be held following the Hearing Re: Determination of Threshold Issues currently set for that date and time.

Page    2 of 4    DEPT. 311

MINUTES ENTERED
06/25/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/25/08 | **DEPT.** 311 |
| HONORABLE Carl J. West    JUDGE | R. Rully    DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A.    Deputy Sheriff | R. Rodriguez, C.S.R.    Reporter |

| | | |
|---|---|---|
| BC328022 | Plaintiff Counsel | Michael Ellison (x) |
| TRANSPORT INS. V. | | Donald W. Brown (x) |
| VS | Defendant Counsel | Wendy L. Feng (x) |
| VULCAN MATERIALS | | Ray L. Wong (x) |
| | | Cyndie M. Chang (x) |
| COMPLEX 1-24-07 | | Yvette D. Roland (x) |
| See X-Ref BC328022 (Lead) | | Eric Grant (x)    ** |

**NATURE OF PROCEEDINGS:**

7. Liaison counsel shall meet and confer to address the request of any party for briefing of potentially dispositive or jurisdictional issues, and file a Joint Statement, on or before July 31, 2008, advising the Court of any such requests and the parties' respective positions on the requests.

8. Any party that wishes to file a Separate Statement addressing case management issues may do so, on or before July 31, 2008.


**ADDITIONAL PERSONAL APPEARANCES BY COUNSEL:

Nicholas R. Andrea (x)          Michael S. Little (x)
Yancy Y. Fuller (x)             August L. Loharu (x)
Michael J. Leahy (x)            Richard E. Wirick (x)
Michael S. Little (x)


TELEPHONIC APPEARANCES BY COUNSEL:

Karren Baker (x)                Katherine E. Mast (x)
Bryan M. Barber (x)             Cynthia Mitchell (x)
Jeffrey C. Burt (x)             Sherry L. Pantages (x)
Charles Diaz (x)                Kevin J. Price (x)
Mark Froelich (x)               Bryan G. Schumann (x)
Mitchell B. Greenberg (x)       Bryan W. Walsh (x)
Walter J. Lipsman (x)           Dennis Zaragoza (x)
Andrew McCloskey (x)

Page    3 of    4    DEPT. 311

| MINUTES ENTERED |
|---|
| 06/25/08 |
| **COUNTY CLERK** |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/25/08 | **DEPT.** 311 |
| HONORABLE Carl J. West          JUDGE | R. Rully          DEPUTY CLERK |
| HONORABLE          JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A.     Deputy Sheriff | R. Rodriguez, C.S.R.     Reporter |

| | | |
|---|---|---|
| BC328022 | Plaintiff Counsel | Michael Ellison (x) |
| TRANSPORT INS. V. | | Donald W. Brown (x) |
| VS | Defendant Counsel | Wendy L. Feng (x) |
| VULCAN MATERIALS | | Ray L. Wong (x) |
| | | Cyndie M. Chang (x) |
| COMPLEX 1-24-07 | | Yvette D. Roland (x) |
| See X-Ref BC328022 (Lead) | | Eric Grant (x)          ** |

**NATURE OF PROCEEDINGS:**


       Pursuant to the Court's Order Authorizing
Electronic Service, a true and correct copy of this
Minute Order is served upon the parties to the above-
entitled case this date by posting a copy of the
Minute Order on the Lexis/Nexis File & Serve website.

Page    4 of  4    DEPT. 311

```
MINUTES ENTERED
06/25/08
COUNTY CLERK
```

# EXHIBIT 3

1

2

3

4

5

6

7               **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    UNITED STATES OF AMERICA,                    CASE NO. CV F 07-491 LJO GSA

10                          Plaintiff,            **ORDER ON THIRD-PARTY DEFENDANT**
                                                  **VULCAN'S MOTION TO DISMISS OR STAY**
11                                                **R. R. STREET'S CROSS-CLAIMS**
                                                  (Doc. 266)

12
            vs.
13
     STEPHEN C. LYON, et al.,
14
                            Defendants.
15   _____/

16
     AND RELATED CROSS-ACTIONS AND
17   THIRD-PARTY ACTIONS.

18   _____/

19          On May 2, 2008, third-party defendant Legacy Vulcan Corp. ("Vulcan") moved to dismiss  or

20   stay the cross-claims of third-party defendant R.R. Street & Co. Inc. ("Street").   Street seeks a

21   declaration that Vulcan is obligated to hold Street harmless and indemnify Street for defense and liability

22   costs in this action.  Street further seeks to recover those costs, if any.  Vulcan moves to dismiss or stay

23   Street's cross-claims pursuant to the *Wilton/Brillhart* standard, or the *Colorado River* doctrine, in

24   deference of a parallel state court proceeding.  Street argues this Court should either retain jurisdiction

25   over Street's cross-claims, or defer its jurisdiction to a parallel federal court proceeding.  This Court

26   finds this motion suitable for decision without oral argument, VACATES the July 2, 2008 hearing

27   pursuant to Local Rule 78-230(h), and issues the following order. For the reasons discussed below, this

28   Court GRANTS Vulcan's motion to dismiss Street's cross-claims.

1

1       **Background**

2  **Vulcan-Street Relationship**

3           Vulcan manufactured and sold perchloroethylene ("PCE"), a chlorinated solvent used in the dry

4  cleaning industry. Vulcan's PCE product was called PerSec. Street purchased PerSec from Vulcan in

5  bulk quantities and resold the product into the United States market.

6           In 1976, Vulcan included Street as an additional insured on Vulcan's comprehensive general

7  liability insurance policies. Street was included as an additional insured under Vulcan's policies each

8  year from 1976-1992.

9           In May 1992, Vulcan and Street entered into a "PCE Agency Agreement" ("1992 Agreement").

10  The 1992 Agreement defined Street's role as an agent to solicit and take orders for PerSec to

11  distributors in the dry cleaning industry. Street also agreed to prepare and transmit invoices for sales of

12  PerSec, collect payments, and remit appropriate amounts, less commissions, to Vulcan. The 1992

13  Agreement further addresses indemnity obligations. Pursuant to the 1992 Agreement, Vulcan shall

14  indemnify Street from claims or liabilities arising from acts, omissions, or transactions occurring after

15  May 1, 1992. Should a court determine that Street's liability resulted from an act beyond or outside its

16  authority as a sales agent for PerSec, however, the indemnity obligation will terminate retroactively.

17  Additionally, the 1992 Agreement required Street to purchase and keep in force during the term of the

18  Agreement commercially available comprehensive general liability insurance with respect to PerSec.[1]

19  **Five Modesto PCE Lawsuits**

20           The United States of America, for the Environmental Protection Agency, initiated this action

21  in March 2007 to pursue Comprehensive Environmental Response Compensation and Liability Act

22  ("CERCLA"), 42 U.S.C. §§ 9601, *et seq*. claims against the owners and operators of a dry cleaning

23  establishment named Halford's from 1977-2002. The Government seeks past and future costs to

24  investigate and remediate PCE contamination from Halford's facility, including groundwater

25  contamination. In turn, the owners and operators of Halford's facility filed third-party complaints

26  _____

27           [1]Street's cross-claims seek to enforce the 1992 Agreement. Vulcan contends that, to the extent it may have an
obligation to defend and indemnify Street pursuant to the 1992 Agreement, that obligation is secondary to Street's own
28  insurer's obligation to defend and indemnify Street.

2

against 22 third-party defendants to pursue causes of action for CERCLA and state law contribution, equitable indemnity and declaratory relief. Vulcan and Street are third-party defendants in this action.

Four other actions arising out of PCE contamination in Modesto were initiated against Vulcan, Street, and other PCE manufacturers, distributors, dry cleaners, and dry-cleaning equipment managers. Those actions are: (1) *City of Modesto Redevelopment Agency v. Dow Chemical Co., et al.*, No 999345 (Cal. Sup. Ct. S.F., filed Nov. 18, 1998); (2) *City of Modesto, et al. v. Dow Chemical Co., et al*, No. 999643 (Cal. Sup. Ct. S.F., filed Dec. 3, 1998); (3) *City of Modesto, et al. v. Dow Chemical Co., et al*, No. MSC06-01019 (Cal. Sup. Ct. Contra Costa County, filed Dec. 22, 2005); and (4) *Estate of Christina Garcia, et al. v. Dow Chemical Co., et al.*, No. 611655 (Cal. Sup. Ct. Stanislaus County, filed Dec. 14, 2006) ("*Garcia* action").

In 2007, Vulcan settled the three *City of Modesto* cases named above. The litigation continues in these three actions as against other defendants, including Street. Additionally, the *Garcia* action and the instant action (referred to as the "*Lyon* action") continue against both Vulcan and Street.

**Street's Tenders of Indemnity to Vulcan**

On October 1, 2007, Street sent letters to Vulcan tendering the *Lyon* and *Garcia* actions to Vulcan "as a claim for which Street is indemnified under" the 1992 Agreement. Vulcan responded in writing on October 30, 2007 ("October 30, 2007 letter") to advise Street of its position that liability insurance companies have the primary obligation and duty to provide Street with a defense to the *Lyon* and *Garcia* actions. Vulcan further advised that upon notice by Street of its insurers' refusal to accept Street's tender of defense, Vulcan would provide Street with a defense for the *Lyon* and *Garcia* actions.

Street confirmed to Vulcan that it tendered the defense of the *Lyon* and *Garcia* actions to its insurer, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). Thereafter, despite Vulcan's requests, Street failed to advise Vulcan of National's Union's response. Consequently, on February 11, 2008, Vulcan notified Street that it would defend Street against the claims in the *Lyon* and *Garcia* actions. Vulcan retained separate and independent attorneys and notified Street that, subject to reservations of rights set forth in the October 30, 2007 letter, Vulcan would pay the defense costs incurred and attorneys fees charges in defense of these two actions.

///

3

1  ***Consolidated Coverage Litigation***

2       In January 2005, one of Vulcan's general liability insurers, Transport Insurance Company, filed

3  a lawsuit against Vulcan to determine its obligations, if any, arising from Vulcan's settlements in the

4  three *City of Modesto* PCE-related actions.  *Transport Ins. Co. v. Vulcan Materials Co.*, No. BC328022

5  (Cal. Sup. Ct., L.A. City, filed Jan. 31, 2005).  In June 2006, two of Vulcan's excess liability insurers

6  filed a second lawsuit against Vulcan. *First State Ins. Co., et al. v. Vulcan Material Co.*, No. BC354664

7  (Cal. Sup. Ct. L.A. City, filed June 28, 2006).  Both of these actions were assigned to the Honorable Carl

8  J. West, who consolidated them as *In re Vulcan Materials Coverage Litigation* ("*Consolidated Coverage*

9  *Litigation*").

10      In the *Consolidated Coverage Litigation,* plaintiff insurers seek a declaration that the insurance

11  policies they issued to Vulcan at various times during the period Vulcan manufactured PerSec do not

12  obligate them to defend or indemnify Vulcan against sums it may be legally obligated to pay because

13  of damages caused by PCE.  Additionally, two of the plaintiff insurers sued approximately thirty other

14  insurers that sold general liability insurance policies to Vulcan, seeking to hold those other insurers

15  liable for equitable indemnity or equitable contribution if the plaintiff insurers are held to be obligated

16  to cover Vulcan's PCE-related liabilities.

17      National Union–Street's insurer–also issued several primary and excess layer general liability

18  insurance policies to Vulcan at various times during the period Vulcan manufactured and sold PerSec.

19  National Union is a defendant and party to the *Consolidated Coverage Litigation*.  National Union's

20  policies with Vulcan cover sums Vulcan is obligated to pay by reason of liability of a third party

21  assumed by Vulcan under contract, such as Street.  Additionally, the primary policy National Union

22  issued to Vulcan includes Street as an additional insured.

23      In the *Consolidated Coverage Litigation*, the court ordered all parties to exchange insurance

24  policies and insurance policy information.  This information is to be loaded into an electronic document

25  repository accessible to the parties and the Court.  The parties are currently engaged in mediation in an

26  effort to resolve the issues of responsibility for defense cost and liabilities incurred in the Modesto PCE-

27  related actions, including Street's defense costs and potential liability.

28  ///

4

**Street's Claims Against Vulcan**

Two weeks after Vulcan notified Street that Vulcan would defend Street against the claims in the *Lyon* and *Garcia* actions, Street filed two claims against Vulcan. First, Street and its insurer National Union filed an action in federal court in Illinois. *R.R. Street & Co., Inc. and National Union Fire Ins. Co. of Pittsburgh, PA, individually and as subrogee of R.R. Street v. Vulcan Materials Corp. n/k/a Legacy Vulcan Corp.*, No. 08 CV 1182 (N.D. Ill., filed Feb. 26, 2008) ("Illinois action"). Later that day, Street filed an amended answer to four of the third-party complaints filed in this action, as well as an answer to a third-party cross-claims. (Docs. 205, 241, 248) Street asserts the following cross-claims against Vulcan:

> 1. Breach of Contract (count one);
> 2. Implied Indemnity (count two);
> 3. Promissory Estoppel (count three); and
> 4. Declaratory Judgement (count four).

Street prays for the following relief:

> 1. A declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense costs and attorney's fees incurred or to be incurred by Street in connection with this action;
> 2. A declaration that Vulcan is obligated to hold harmless and indemnify Street from and against claims asserted in and all liability arising from this action;
> 3. Damages, including litigation costs and attorney's fees incurred in prosecuting this action, in an amount to be proven at trial;
> 4. Costs of suit incurred herein, including pre- and post-judgment interest to the full extent permitted by law; and
> 5. Such other relief and the Court may deem just and proper.

Street's complaint in the Illinois action and cross-claims in this action both seek an identical declaratory judgment that Vulcan is obligated to hold Street harmless and indemnify Street for defense costs, including attorneys fees incurred, as well as for any liability imposed on Street in this action. In addition to its claim in this action, Street and National Union seek declaratory relief in the Illinois action on the indemnity issue as it pertains to the other Modesto PCE-related lawsuits.

**Subsequent Filings in Separate Actions**

At this time, Street, Vulcan, and National Union proceed on their claims in three jurisdictions. As set out above, in February 2008, Street and National Union initiated the Illinois action against Vulcan, and Street filed cross-claims against Vulcan in this action. When Vulcan informed the court

5

1  in the *Consolidated Coverage Litigation* of the actions in this Court and in Illinois, the Court suggested

2  that Vulcan include Street's express indemnity claim in Vulcan's cross-complaint.  Accordingly, on

3  April 11, 2008, Vulcan filed a cross-complaint against National Union and Street in the *Consolidated*

4  *Coverage Litigation*, to include Street's 1992 Agreement express indemnity claim (Brown Declaration,

5  Exhibit I).  Street has not answered Vulcan's *Consolidated Coverage Litigation* complaint.  On April

6  18, 2008, Vulcan answered Street's cross-claims in this action.  On May 2, 2008, Vulcan moved to

7  dismiss or stay Street's cross-claims in this action.  On the same day, Vulcan moved to dismiss or stay

8  the Illinois action.

9

10  **DISCUSSION**

11  ***Wilton/Brillhart* Standard**

12  The Declaratory Judgement Act confers on federal courts "unique and substantial discretion in

13  deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

14  The statute provides that a court "*may* declare the rights and other legal relations of any interested party

15  seeking such declaration," *Id.* (quoting 28 U.S.C. §2201(a) (emphasis in original case, not original

16  statute).  The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts

17  rather than an absolute right on the litigant." *Id.* at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff*

18  *Co.*, 344 U.S. 237, 241 (1952)).

19  In *Wilton*, the Supreme Court reaffirmed the application of *Billhart v. Excess Ins. Co. of America*,

20  316 U.S. 491 (1942) to a declaratory judgment action:

21  Over 50 years ago, in *Brillhart...*, this Court addressed circumstances virtually identical
to those present in the case before us today.  An insurer, anticipating a coercive suit,
22  sought a declaration in federal court of nonliability on an insurance policy.  The District
Court dismissed the action in favor of a pending state garnishment proceedings, to which
23  the insurer had been added as a defendant...[T]his Court held that, "although the District
Court had jurisdiction of the suit under the Federal Declaratory Judgments (sic) Act, it
24  was under no compulsion to exercise that jurisdiction." The Court explained that
"ordinarily it would be uneconomical as well as vexatious for a federal court to proceed
25  in a declaratory judgment suit where another suit is pending in state court presenting the
same issues, not governed by federal law, between the same parties."  The question for
26  a district court presented with a suit under the Declaratory Judgment Act, the Court
found, is "whether the questions in controversy between the parties to the federal suit,
27  and which are not foreclosed under the applicable substantive law, can better be settled
in the proceeding pending in the state court. *Wilton*, 515 U.S. at 282 (quoting *Brillhart*)
28  (internal citations omitted).

6

1   Thus, the Declaratory Judgment Act gives this Court "competence to make a declaration of rights; it

2   [does] not impose a duty to do so." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th

3   Cir. 1998) (en banc).  This principle is referred to as to *Wilton/Brillhart* doctrine.

4      Vulcan argues that this Court should dismiss or stay Street's cross-claims in deference to the

5   *Consolidated Coverage Litigation* proceeding in California state court.  Vulcan contends that the state

6   court action is a parallel concurrent action that raises, or presents a forum in which Street (and National

7   Union) may raise, the same indemnity claims that Street's cross-claim raises in this action.  Vulcan

8   maintains that the *Consolidated Coverage Litigation* will resolve effectively and efficiently the

9   indemnity claims in a comprehensive fashion.  Accordingly, Vulcan moves to stay or dismiss Street's

10  cross-claims pursuant to the discretion conferred by the Declaratory Judgment Act's *Wilton/Brillhart*

11  standard.[2]

12      The principle of "wise judicial administration" weighs in favor of declining to exercise

13  discretionary jurisdiction over this action.  "[T]he normal principle that federal courts should adjudicate

14  claims within their jurisdiction yields to considerations of practicality and wise judicial administration."

15  *Wilton*, 515 U.S. at 288.  In exercising this Court's discretionary jurisdiction under *Brillhart/Wilton,* the

16  Court "should avoid needless determination of state law issues; it should discourage litigants from filing

17  declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."*Dizol*, 133

18  F.3d at1225.   Here, state law issues are the subject of Street's claims, which will be resolved in the

19  *Consolidated Coverage Litigation*. This Court finds that dismissal of these duplicative claims, more

20  appropriately suited for the state court proceeding, "furthers the policy against needlessly deciding

21  unsettled state law issues, prevents duplicitous litigation, and discourages forum shopping." *Polido v.*

22  *State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1422 (9th Cir. 1997).

23      Additionally, the *Wilton/Brillhart* doctrine applies, in particular, to insurance cases in which a

24  party seeks declaratory relief, such as the instant action.   The "practicality and wise judicial

25  administration" considerations "generally counsel against the exercise of federal-court jurisdiction over

26

27      [2]In the alternative, Vulcan moves this Court to abstain from the assumption of jurisdiction, pursuant to *Colorado*
    *River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*").  Because this Court rules on this
28  motion pursuant to the *Wilton/Brillhart* doctrine, this Court need not consider Vulcan's *Colorado River* argument.

1    claims for declaratory relief that involve only state law questions and are brought during the pendency

2    of a related state court proceeding.  Certainly that is the case with insurance coverage disputes." *Golden*

3    *Eagle v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996) (quoting  *Employers Reinsurance Corp. v.*

4    *Karussos,* 65 F.3d 796, 801 (9th Cir. 1995)).  Indeed, federal courts "should decline to assert jurisdiction

5    in insurance coverage cases...presenting only issues of state law during the pendency of parallel

6    proceedings in state court unless there are circumstances present to warrant an exception to that

7    rule."*Karussos*, 65 F.3d at 798, overruled on other ground in *Dizol*, 133 F.3d 1220 (9th Cir. 1998)

8    (internal quotations and citations omitted).  This is because "[s]tates have a free hand in regulating the

9    dealings between insurers and their policyholders." *SEC v. National Securities, Inc.*, 393 U.S. 453, 459

10   (1969).  Thus, comity concerns are "particularly weighty in insurance cases." *Karussos*, 65 F.3d at 799.

11       Street argues that the *Wilton/Brillhart* doctrine does not apply, because Street's cross-claim

12   against Vulcan seeks both declaratory and non-declaratory relief  "[W]hen other claims are joined with

13   an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission,

14   or claims for other monetary relief), the district court should not, as a general rule, remand or decline

15   to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1225 (1998).  Accordingly, "[t]he

16   appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there

17   are claims in the case that exist independent of any request for purely declaratory relief, that is, claims

18   that would continue to exist if the request for a declaration simply dropped from the case." *United Nat'l*

19   *Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (quotation omitted).  To determine

20   if a claim is independent, the Court considers whether the claim for monetary relief "could be litigated

21   in federal court even if no declaratory claim had been filed.  In other words, the district court should

22   consider whether it had subject matter jurisdiction over the monetary claim alone, and if so, whether that

23   claim must be joined with one for declaratory relief." *R & D Latex*, 242 F.3d at 1113.

24       Here, Street's non-declaratory claim for relief is dependant on the its claims for declaratory relief.

25   Street seeks a declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense

26   costs, including attorneys fees, and against any liability arising from this action.  Street also seeks

27   "damages, including litigation costs and attorney's fees incurred prosecuting this action, in an amount

28   to be proved at trial."  Street would be unable to recover the costs of litigation and attorney's fees

1   without this Court's declaration that Vulcan is obligated to indemnify Street. *Golden Eagle*, 103 F.3d

2   at 755; *Karussos*, 65 F.3d at 801. Thus, Street's "request for monetary relief is wholly dependent upon

3   a favorable decision on its claim for declaratory relief. The action is plainly one for declaratory relief."

4   *Golden Eagle*, 103 F.3d at 755. Under these circumstances, Streets counter-claims are a "quintessential

5   declaratory relief action" arising out of an insurance dispute and the Court should defer to the state court

6   proceeding. *Id*. at 752; *see also, Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163 (9th

7   Cir. 1998) (Most cases to invoke *Wilton/Brillhart* doctrine "involve actions that are purely or primarily

8   declaratory in nature: typically, claims in which an insurance company seeks a declaration that it has no

9   duty to defend a third party in an underlying dispute.").

10      Because issues of state law are presented, which are duplicative of the state proceeding, and

11   primarily declaratory in nature, this Court declines to exercise jurisdiction over Street's cross-claims.

12   *See R & D Latex*, 242 F.3d at 1114 (considering unique circumstances of case to determine whether

13   dismissal of declaratory and non-declaratory claims is appropriate). The Court finds further that the

14   appropriate forum for those claims is the comprehensive *Consolidated Coverage Litigation*. This Court

15   agrees with the court in that case, which noted,

16      it just doesn't make a lot of sense to have determinations made of similar issues in
     multiple jurisdictions that can only lead to further confusion...[A]ll of this coverage
17      litigation ought to be centralized in one place[,] so if we ever get to the point where we
     can sit down and look at what the real issues are, or what the exposure is, or some
18      potential for resolution, you have all the players there. (Brown Declaration, Exhibit G).

19   "[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory

20   judgment suit where another suit is pending in state court presenting the same issues, not governed by

21   federal law, between the same parties." *Wilton*, 515 U.S. at 282 (quoting *Brillhart*) (internal citations

22   omitted). Accordingly, Street's cross-claims against Vulcan are dismissed.

23   **Duplicative Federal Actions**

24      Alternatively, this Court dismisses Street's cross-claims based on the principle of federal comity.

25   Street "acknowledges the general rule that, with respect to federal proceedings, the first-filed action has

26   priority...[and] has no objection to is cross-claims against Vulcan in this case being stayed in favor of

27   the Illinois action." Opp. at 11. In a footnote, Vulcan also submits that this Court should exercise its

28   discretion to stay Street's cross-claims against Vulcan on the ground that it is duplicative of claims made

1 in the more comprehensive Illinois action. Thus, the parties agree that a "district court [may] decline

2 jurisdiction over an action when a complaint involving the same parties and issues has already been filed

3 in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).[3]

4   "While no precise rule has evolved, the general principle is to avoid duplicative litigation and

5 to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citing *Colorado*

6 *River*, 424 U.S. 800, 817, and *Church of Scientology v. United States Dept. of the Army*, 611 F.2d 738,

7 750 (9th Cir. 1979)). "Normally sound judicial administration would indicate that when two identical

8 actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should

9 try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter*, 678

10 F.2d at 95. In ruling on whether to dismiss a duplicative action based on federal comity, the Court

11 considers "wise judicial administration, giving regard to conservation of judicial resources and

12 comprehensive disposition of litigation." *Kerotest Manufacturing Co. v. C-O-Two Fire Equip. Co.*, 342

13 U.S. 180, 183-84 (1952).

14   Street's cross-claims are duplicative of Street's complaint in the Illinois action. A "suit is

15 duplicative if the claims, parties, and available relief do not significantly differ between the two actions."

16 *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (9th Cir. 1993); *see also Nakash v. Marciano*, 882

17 F.2d 1411, 1416 (9th Cir. 1989) (actions are parallel if they are "substantially similar."). Here, the

18 actions are nearly identical. Street's complaint in the Illinois action includes Street's cross-claims in this

19 action (Brown Declaration, Exhibit F). The central question in each is whether Vulcan is responsible

20 to defend and hold Street harmless for the Modesto PCE-related lawsuits. The Illinois action promotes

21 a more comprehensive disposition, because it seeks a declaration and damages related to the Modesto

22 PCE-related actions, including this action. The same parties are involved, and the remedies Street seeks

26                       

27   [3] Although the parties agree this Court should defer to the Illinois action, the parties request this Court to stay Street's counterclaims. However, when this Court declines to exercise its jurisdiction over a claim, denial is proper. *See Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684 (9th Cir. 2007); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d

28 93, 95 (9th Cir. 1982). Moreover, both parties cited to cases that dismissed, rather than stayed, the claims. *See id.*

do not significantly differ.[4]

Additionally, the goal of judicial efficiency would not be served by accepting jurisdiction over Street's counterclaims. "[P]ermitting multiple litigation of these identical claims could serve no judicial purpose of judicial administration, and the risk of conflicting determinations as to [whether Vulcan is responsible for Street's defense and liability costs is] clear." *Pacesetter*, 678 F.3d at 96.  Importantly, litigation of these claims in multiple jurisdictions would waste precious judicial resources.  Accordingly, this Court declines to exercise jurisdiction over Street's duplicative counter-claims against Vulcan.

## **CONCLUSION**

For the foregoing reasons, this Court:

    (1)    GRANTS Vulcan's motion to dismiss (Doc. 266) Street's cross-claims (See cross-claims in Docs. Doc. 205, 241, 248);

    (2)    VACATES the July 2, 2008 hearing; and

    (3)    ORDERS Street to file and serve amended answers no later than July 18, 2008.

IT IS SO ORDERED.

**Dated:    June 25, 2008**                         /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

---

[4] For this reason, this Court may also dismiss Street's counterclaims using its broad discretion to control its docket. *Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or consolidate both actions." *Id*.  A suit is duplicative if "the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys for Defendant Legacy Vulcan Corp., hereby certifies that, on June 27, 2008, he caused a true and correct copy of the foregoing Legacy Vulcan Corp.'s Reply in Support of Its Motion to Dismiss or, in the Alternative, Stay the Complaint to be filed electronically pursuant to the Court's ECF System, which will serve notice upon all counsel of record.


*s/ Richard C. Godfrey, P.C.*