# **<u>Exhibit 1</u>**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.R. STREET & CO. INC. and §<br>NATIONAL UNION FIRE INSURANCE §<br>COMPANY OF PITTSBURGH, PA, as §<br>subrogee of R.R. Street & Co. Inc. §<br>    Plaintiffs, §<br>    §<br>v. §<br>    §<br>VULCAN MATERIALS COMPANY, n/k/a §<br>LEGACY VULCAN CORP., §<br>    Defendant. § | Case No. 1:08-CV-01182<br>Judge:  Hon. Virginia M. Kendall<br>(Jury Requested) |

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S
SUR-REPLY IN RESPONSE TO LEGACY VULCAN CORP.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY**

BOLLINGER RUBERRY & GARVEY

Bryan G. Schumann
Federal Admission ID No. 6190102
500 West Madison Street, Suite 2300
Chicago, Illinois  60661-2511
Tel:  (312) 466-8000
Fax:  (312) 466-8001

**ATTORNEYS FOR PLAINTIFF,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, as subrogee
of R.R. STREET & CO. INC.\**

Date:        July 14, 2008

NOW COMES the Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") as subrogee of R.R. STREET & CO. INC. ("Street"), by and through its attorneys, Bollinger Ruberry & Garvey, and for its Sur-Reply to Defendant LEGACY VULCAN CORP.'S ("Vulcan") Reply in Support of Its Motion to Dismiss, or in the Alternative, Stay Plaintiffs' Amended Complaint ("Reply") (Docket No. 32), states as follows:

## I. INTRODUCTION

National Union adopts and incorporates the entirety of Co-Plaintiff Street's Sur-Reply in Response to Legacy Vulcan Corp.'s Reply in Support of Its Motion to Dismiss, or in the Alternative, Stay Plaintiffs' Amended Complaint. In addition, National Union would respectfully like to emphasize the following additional points in order to aid this Court in its resolution of Vulcan's Motion to Dismiss:

1. Despite Vulcan's attempt to mirror Street's/National Union's Illinois' indemnity action in Vulcan's subsequently-filed cross complaint in Vulcan's Insurance Litigation in California, the indemnity action in this Court is broader in scope than the indemnity issues raised by Vulcan in its cross complaint;

2. If Vulcan were correct with respect to the salient issue of whether Street's/National Union's indemnity claims are "dependent" upon Street's additional declaratory claim, the Amended Complaint would necessarily be insufficient as a matter of law once stripped of the declaratory claim;

3. Street's and National Union's indemnity claims against Vulcan predominantly seek damages for Vulcan's past breaches of its indemnity obligations in connection with multiple claims and suits -- damages which currently exceed $16,000,000.00.

## II. <u>ARGUMENT</u>

A.  **Street's/National Union's Illinois' indemnity action is broader in scope than the indemnity issues raised in Vulcan's cross complaint in the California insurance coverage litigation.**

Street's and National Union's Amended Complaint (Docket No. 18) seeks damages for Vulcan's past and continuing breaches of its indemnity obligations in connection with numerous claims and lawsuits which are unrelated to the underlying consolidated *Modesto* actions. The subject claims and lawsuits include (but are not limited to) the following:

(a) *Estate of Christina Garcia v. The Dow Chemical Co., et al.*; Case No. 61655; In the Superior Court of the State of California, County of Stanislaus ("*Garcia*");

(b) *United States Environmental Protection Agency v. Stephen Lyon, et al.*; and *Rajendra Jamnadas, personal representative of the Estate of Shantilal Jamnadas v. Stephen C. Lyon, et al.;* Case No. 07-CV-00491; In the United States District Court, Eastern District of California, Fresno Division ("*Lyon*");

(c) *Benjamin F. O'Neal, Jr., et al. v. Cleaners Machinery, Inc., et al.,* Case No. 472,700-C, First Judicial District Court, Caddo Parish, Louisana

(d) *Henry T.T. Lucky, Inc. v. Estate of Dae Kim, Deceased, Choon H. Kim, and Jimmy J. Kim d/b/a Bell Cleaners, et al., In the 152nd Judicial District of Harris County, Texas Consolidated with Gymnastics USA, Inc. d/b/a, Finch's Gymnastics USA A/K/A Gymnastics USA & Childcare v. Henry T.T. Lucky, Inc.; Estate of Dae Kim, Deceased, Choon H. Kim, d/b/a Bell Cleaners, et al., Defendants,* Case No. 2002-58734-2002-65287

(e) *Trust v. Genebach, an individual doing business as Spic-n-Span Cleaners and Laundry; In the United States District Court for the Central District of California,* Case No. CV98-1015

(f) *Wash Care Corp. d/b/a Nesbit's Cleaners v. R.R. Street & Co., Inc.; In the 152nd Judicial District Court; Harris County, Texas,* Case No. 97-58379

(g) *City of <u>Modesto</u> Redevelopment Agency, et al. v. The Dow Chemical Company, et al.*; Case Nos. 999345 and 999643 (Consolidated); In the

        Superior Court of the State of California, County of San Francisco ("*Modesto I*");

(h)    *City of Modesto, et al. v. The Dow Chemical Company, et al.*; Case No. MS CO6-01019; In the Superior Court of the State of California, County of Contra Costa ("*Modesto II*");

Accordingly, even if it *were* proper to compare the instant indemnity action to Vulcan's subsequently-filed California cross-complaint (as opposed to the correct comparison which is between the instant action and the claims initated years ago in Vulcan's Insurance litigation), Vulcan's cross-complaint is significantly narrower in scope than the instant indemnity action.

**B.    Street's/National Union's indemnity claims are not "dependent" upon the claim for declaratory relief regarding Vulcan's future obligations.**

If Street's and National Union's indemnity claims against Vulcan were "dependent" upon the claim for declaratory relief regarding Vulcan's future indemnity obligations, the Amended Complaint would necessarily be insufficient as a matter of law when stripped of all declaratory allegations. The Amended Complaint, as a matter of law, would be (and is) perfectly sufficient to state an indemnity cause of action without any reference to any declaratory relief whatsoever. This is easily illustrated by the "hypothetical" pleading attached as Exhibit "A" which alleges the identical indemnity claims contained in the current Amended Complaint, with the exception of the declaratory allegations. If Vulcan's contention were correct, this pleading would be insufficient as a matter of law. It is not.

**C.    Street's and National Union's indemnity claims primarily seek damages for Vulcan's past breaches of its indemnity obligations which currently exceed $16,000,000.00.**

The bulk of Street's and National Union's indemnity claims for damages against Vulcan are for Vulcan's past breaches of its indemnity obligations in connection with numerous claims and lawsuits. To date, Vulcan owes Street and National Union in excess of $16,000,000. Although Vulcan is also obligated to indemnify Street and National Union for Street's future

defense costs in connection with numerous claims/lawsuits (and would be obligated to indemnify Street for any future liability in connection therewith), the thrust of Street's and National Union's indemnity claims are for damages which Vulcan owes now.[1]

### III.  CONCLUSION

National Union will not reiterate the discussion contained in Street's Sur-reply Brief which it adopts and incorporates here. For the reasons discussed above and in Street and National Union's prior briefs, National Union respectfully requests that this Court not reward Vulcan for improper forum-shopping and deny Vulcan's motion.

Dated this 14th day of July 2008.

        Respectfully Submitted,

        BOLLINGER, RUBERRY & GARVEY

By:     /s/  Bryan G. Schumann /s/

        Bryan G. Schumann
        Federal Admission ID No. 6190102
        500 West Madison Street, Suite 2300
        Chicago, Illinois  60661-2511
        Tel:  (312) 466-8000
        Fax:  (312) 466-8001

**ATTORNEYS FOR PLAINTIFF, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

---

[1] Street and National Union could not file their indemnity action against Vulcan until after Vulcan settled its exposure in the consolidation <u>Modesto</u> actions because a prior order entered by the court in that litigation precluded the filing of any contribution or indemnity claims by codefendants prior to settlement.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all parties, by and through their counsel of record, electronically via the U.S. District Court's ECF system on this the **14th** day of **July**, **2008**.

                                                  /s/ Bryan G. Schumann /s/

BOLLINGER, RUBERRY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000
Facsimile: 312-466-8001

# Exhibit A

**THIS ITEM FOR PURPOSES OF EXHIBIT ONLY AND
IS NOT A PROPOSED OR ACTUAL SECOND AMENDED COMPLAINT
EXHIBIT A – PAGE 1**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **R.R. STREET & CO. INC.** and §<br>**NATIONAL UNION FIRE INSURANCE** §<br>**COMPANY OF PITTSBURGH, PA,** §<br>as subrogee of R.R. Street & §<br>Co. Inc. §<br>  Plaintiffs, §<br> §<br>v. §<br> §<br>**VULCAN MATERIALS COMPANY, n/k/a** §<br>**LEGACY VULCAN CORP.** §<br> §<br>  **Defendant**. § | **Case No. :** 1:08-cv-01182<br>**JUDGE:**<br>The Honorable Virginia M. Kendall |

**(HYPOTHETICAL)
<u>PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

NOW COME R.R. Street & Co. Inc. ("Street") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), as subrogee of Street, (collectively referred to as "Plaintiffs") and, as their Amended Complaint against Vulcan Materials Company, n/k/a Legacy Vulcan Corp. ("Vulcan" or "Defendant"), state as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

2. Venue for these claims is proper in this district pursuant to 28 U.S.C. § 1391(a) in that the Defendant resides in this district and a substantial part of the events giving rise to the claims in the Complaint occurred in this district.

**THIS ITEM FOR PURPOSES OF EXHIBIT ONLY AND
IS NOT A PROPOSED OR ACTUAL SECOND AMENDED COMPLAINT
EXHIBIT A – PAGE 2**

## PARTIES

3.  Plaintiff, Street, is a Delaware corporation with its principal place of business in Naperville, Illinois.

4.  Plaintiff, National Union, is a Pennsylvania corporation with its principal place of business in New York, New York. National Union is an insurer that is authorized to write insurance and issue policies of insurance in the State of Illinois.

5.  Defendant, Vulcan, is a New Jersey corporation with its principal place of business in Birmingham, Alabama. Defendant can be served with process by serving its registered agent for service of process, Prentice Hall Corporation, 33 North LaSalle Street, Chicago, IL 60602-2607.

## BACKGROUND

6.  Street has been sued in a variety of underlying actions on claims relating to the handling, use and/or disposal of a chlorinated solvent called perchloroethylene ("perc"). This is an indemnity action by Street to recover defense costs and indemnification from Vulcan.

7.  Vulcan was, for the time period relevant to this action, a manufacturer of perc that was sold under the trade name "PerSec." Beginning in 1961, Street became Vulcan's marketing agent and exclusive distributor of PerSec in the continental United States. Throughout the 1960's, 1970's, 1980's and 1990's, Street handled, marketed, sold and distributed significant quantities of Vulcan's PerSec. During this period of time, through a series of agreements and modifications of those agreements, the parties agreed and understood that Vulcan would indemnify Street in connection with all claims and liabilities (including the costs of defending any claims) arising out of all acts, omissions or transactions related to the handling, use or disposal of perc. In the course of its past dealings with Street, Vulcan has repeatedly

**THIS ITEM FOR PURPOSES OF EXHIBIT ONLY AND
IS NOT A PROPOSED OR ACTUAL SECOND AMENDED COMPLAINT
EXHIBIT A – PAGE 3**

indemnified Street for defense costs and liabilities incurred by Street in connection with lawsuits arising out of the handling, use or disposal of perc.

8.  During this period of time, Street reasonably relied upon Vulcan to indemnify it for all lawsuits arising out of the handling, use or disposal of perc. Further, unless Vulcan had continued to provide this protection to Street as consideration for Street's continued services under the agreements, Street would not have continued to act as Vulcan's agent for the sale and distribution of perc.

9.  In the early 1990's, in light of the growing concern of potential liability associated with the past and future sale of perc on behalf of Vulcan, the parties discussed how to best address the responsibility for any such liabilities, including contractual indemnities. In 1992, these discussions culminated in an agreement entitled "Perchloroethylene Agency Agreement Between Vulcan Chemicals and R.R. Street & Co., Inc." (the "1992 Agency Agreement"). Pursuant to the terms of the 1992 Agency Agreement, Vulcan expressly agreed to provide broad indemnity protection for Street. Specifically, The 1992 Agency Agreement provides:

> 5.1 Vulcan's Indemnity of Street. Subject to the provisions of Sections 5.2 and 5.3 below and in addition to any other remedies available to Street with respect to claims by third parties, Vulcan shall defend, indemnify and hold Street harmless (including Street's reasonable defense costs and attorney's fees) against, from and with respect to all claims by or liabilities to third parties arising out of any acts, omissions or transactions related to the handling, use or disposal of perchloroethylene or PerSec, including, but not limited to, liability for injury, sickness, death and property damage, and including all liability for environmental or pollution-related damage or injury, sickness or death, whether or not any such liability is a result of civil, criminal or government action.

10.  Although the parties have been able to resolve their differences as to whether certain past claims were subject to the Vulcan indemnity and defense obligations, the parties

**THIS ITEM FOR PURPOSES OF EXHIBIT ONLY AND
IS NOT A PROPOSED OR ACTUAL SECOND AMENDED COMPLAINT
EXHIBIT A – PAGE 4**

have been unable to agree whether certain more recent lawsuits triggered Vulcan's indemnity and defense obligations. Street and National Union bring this action to resolve the question of whether certain underlying lawsuits are covered by Vulcan's indemnity and defense obligations. These cases include, but are not limited to:

  (a) *City of Modesto Redevelopment Agency, et al. v. The Dow Chemical Company, et al.*; Case Nos. 999345 and 999643 (Consolidated); In the Superior Court of the State of California, County of San Francisco ("*Modesto I*");

  (b) *City of Modesto, et al. v. The Dow Chemical Company, et al.*; Case No. MS CO6-01019; In the Superior Court of the State of California, County of Contra Costa ("*Modesto II*");

  (c) *Estate of Christina Garcia v. The Dow Chemical Co., et al.*; Case No. 61655; In the Superior Court of the State of California, County of Stanislaus ("*Garcia*"); and

  (d) *United States Environmental Protection Agency v. Stephen Lyon, et al.*; and *Rajendra Jamnadas, personal representative of the Estate of Shantilal Jamnadas v. Stephen C. Lyon, et al.;* Case No. 07-CV-00491; In the United States District Court, Eastern District of California, Fresno Division ("*Lyon*").

Street has incurred significant costs in defending these cases. Pursuant to Vulcan's indemnity and defense obligations, Vulcan is obligated to reimburse Street for these costs. Vulcan is also obligated to indemnify Street for the liability, if any, found to be owed by Street to the third party claimants in the above referenced actions.

    11.    National Union issued several general liability policies of insurance to Street ("the National Union policies"). Street has requested that National Union provide Street with a defense to the referenced lawsuits pursuant to the National Union policies. National Union has incurred significant attorney's fees and costs defending Street in connection with the referenced lawsuits and National Union expects to continue to incur significant additional expenses in

**THIS ITEM FOR PURPOSES OF EXHIBIT ONLY AND
IS NOT A PROPOSED OR ACTUAL SECOND AMENDED COMPLAINT
EXHIBIT A – PAGE 5**

defense of the referenced lawsuits. National Union has defended Street, in part, because Vulcan refused to honor its defense and indemnity obligations to Street.

12. Street and National Union have made repeated demands upon Vulcan that it fulfill its obligations to indemnify, defend, and hold Street harmless from all claims asserted in the referenced lawsuits, including all reasonable defense costs and attorney's fees incurred by Street and National Union. To date, Vulcan has failed and refused, and continues to fail and refuse, to comply with its defense and indemnity obligations or to reimburse Street or National Union for Street's defense costs and attorney's fees. In fact, Vulcan has asserted that it has no obligation under the 1992 Agency Agreement, or otherwise, to defend or indemnify Street or National Union for any damages, costs or attorney's fees.

## CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT

13. Plaintiffs incorporate paragraph 1 through 12 as if set forth fully herein.

14. Pursuant to the terms of the 1992 Agency Agreement, Vulcan expressly agreed to defend and indemnify Street for the claims and lawsuits referenced in paragraph 10, which involve the very type of claims covered by Vulcan's indemnity and defense obligations. Vulcan has failed and refused, and continues to fail and refuse, to fulfill its defense and indemnity obligations despite Plaintiffs' repeated demands.

15. Vulcan has breached the terms of the 1992 Agency Agreement. Such breach has directly and proximately caused harm to Plaintiffs.

### COUNT II - IMPLIED/COMMON LAW INDEMNITY

16. Plaintiffs incorporate paragraphs 1 through 15 as if set forth fully herein.

**THIS ITEM FOR PURPOSES OF EXHIBIT ONLY AND
IS NOT A PROPOSED OR ACTUAL SECOND AMENDED COMPLAINT
EXHIBIT A – PAGE 6**

17. At all times relevant herein, Street was an agent of Vulcan in connection with its handling, use, of selling, marketing and distributing perc. Street's liability in the lawsuits referenced in paragraph 10 for defense costs, attorneys' fees, and third party claims, if any, arises solely and exclusively from its handling and use of perc. Accordingly, to the extent the 1992 Agency Agreement does not expressly provide for Vulcan to hold harmless, defend, and indemnify Street, then there is an implied indemnity obligation by which Vulcan must defend and indemnify Street for all claims in the referenced lawsuits.

18. Vulcan has failed and refused, and continues to fail and refuse, to abide by its implied indemnity obligation. Vulcan's failure has directly and proximately caused harm to Plaintiffs.

## COUNT III - PROMISSORY ESTOPPEL

19. Plaintiffs incorporate paragraphs 1 through 18 as if set forth fully herein.

20. Vulcan also represented to Street that it would include Street as an additional insured on Vulcan's insurance policies. In fact, in some instances in the past, Vulcan did live up to its obligations to defend and indemnify Street for costs and liabilities Street incurred in connection with certain lawsuits involving perc. Street relied upon Vulcan's representations and conduct and was induced into continuing to handle, sell, market and distribute perc on Vulcan's behalf, which included the undertaking of activities that subjected Street to potential liabilities to third parties. Street relied on Vulcan's promises and representations to its detriment and this reliance was reasonable and justified and was expected and foreseeable by Vulcan.

21. Because of Street's detrimental reliance, and in order to avoid injustice, Vulcan should be estopped from denying that it is obligated to hold harmless and indemnify Street from and against any and all claims and liabilities in the referenced lawsuits and for any and all defense

**THIS ITEM FOR PURPOSES OF EXHIBIT ONLY AND
IS NOT A PROPOSED OR ACTUAL SECOND AMENDED COMPLAINT
EXHIBIT A – PAGE 7**

costs and attorney's fees incurred or to be incurred by Street and National Union in connection with the above referenced lawsuits.

WHEREFORE, Plaintiffs R.R. Street & Co. Inc. and National Union Fire Insurance Company of Pittsburgh, PA request that Defendant Vulcan Materials Company n/k/a Legacy Vulcan Corp. be cited to appear and answer, and that, on final trial hereof, Plaintiffs recover:

(a) All actual damages;

(b) Litigation costs, including attorney's fees incurred in connection with this action;

(c) Costs of suit incurred herein, and pre-judgment and post-judgment interest to the full extent permitted by law; and,

(d) Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

| BOLLINGER, RUBERRY & GARVEY | HICKS, THOMAS & LILIENSTERN, LLP |
|---|---|
| Bryan G. Schumann<br>Federal Admission ID No. 6190102<br>500 West Madison Street, Suite 2300<br>Chicago, Illinois  60661-2511<br>Tel:  (312) 466-8000<br>Fax:  (312) 466-8001 | John B. Thomas<br>Texas State Bar No. 09585000<br>Federal Admission ID No. 10675<br>Stephen M. Loftin<br>Texas State Bar No. 12489510<br>Federal Admission ID No. 12676<br>700 Louisiana, Suite 2000<br>Houston, Texas  77002<br>Tel:  (713) 547-9100<br>Fax:  (713) 547-9150 |
| **ATTORNEYS FOR PLAINTIFF, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as subrogee of R.R. STREET, AND,** | **ATTORNEYS FOR PLAINTIFF, R.R. STREET & CO. INC.** |