IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.R. STREET & CO. INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, individually and as a subrogee of R.R. Street and Co., Inc., <br><br> Plaintiffs, <br> v. <br><br> VULCAN MATERIALS COMPANY, n/k/a LEGACY VULCAN CORP. <br><br> Defendant. | Case No. 08 C 1182 <br><br> Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff R.R.Street & Co., Inc. ("Street") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") bring suit against Vulcan Materials Company ("Vulcan") requesting a declaratory judgment that Vulcan is obligated to hold harmless and indemnify them against various underlying lawsuits. In addition, Plaintiffs allege that Vulcan breached a contract in which it agreed to defend and indemnify Street, that in any case implied indemnity should apply, and that promissory estoppel requires Vulcan to defend and indemnify them. Vulcan moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) or in the alternative to stay, arguing that this Court should abstain from hearing the case. For the reasons stated below, Vulcan's Motion to Dismiss is granted.

Vulcan manufactures perchloroethylene ("perc"), a chemical used in dry cleaning. Cmplt. at ¶ 7. Street was Vulcan's marketing agent and distributor for perc, and National Union insurers Street. *Id*. at ¶¶ 7, 11. Street alleges that the parties agreed during this time that Vulcan would

indemnify Street for any liabilities arising from its marketing and distribution of perc. *Id*. Additionally, Street alleges that Vulcan and Street signed a 1992 Agency Agreement in which Street alleges Vulcan agreed to defend and indemnify Street for all claims of injury, sickness, death and property damage arising from Street's marketing and distribution of perc. *Id*. at ¶ 9.

In this action, Street asks this Court to render a declaratory judgment that Vulcan is obligated to indemnify it for moneys spent on perc lawsuits and in addition brings claims breach of the 1992 agency agreement, promissory estoppel based on Vulcan's representations that it would indemnify Street, and implied indemnity obligations. Cmplt. at ¶¶ 15, 17, 20-21. However, Vulcan, Street, and National Union are all already parties to *In re Vulcan Materials Consolidated Coverage Litigation*, Lead Case No. BC-328022, that has been in progress since 2005 in front of the Honorable Carl West of the California Superior Court in Los Angeles County. *See* MTD Exhibits 9-10. That consolidated case deals with coverage for Vulcan's perc lawsuits. There Vulcan's insurers also seek a declaration that they are not obligated to defend or indemnify Vulcan regarding any sums they are obligated to pay arising from damage caused by perc. *Id*. After the Complaint was filed in this Court, Judge West allowed Vulcan to file a cross-complaint against Street, National Union and others contending that they are responsible for defending and indemnifying Vulcan in the perc lawsuits. *See* MTD Ex. 11.

In addition, Street brought identical declaratory claims and claims of breach of contract, implied indemnity, and promissory estoppel as cross-claims in *U.S. v. Lyon* in the United States District Court for the Eastern District of California. *U.S. v. Lyon*, No. CV F 07-491 LJO GSA, at *5 (E.D.Cal. June 25, 2008). Vulcan moved to dismiss the cross claims as it did here, and the Honorable Lawrence J. O'Neill dismissed, choosing to abstain under *Wilton/Brillhart*. *Id*. at *11.

**DISCUSSION**

Vulcan argues that this Court should dismiss the case pursuant to the Declaratory Judgment Act and the *Wilton/Brillhart* standard.  Under *Wilton* and *Brillhart*, District Courts are not required to exercise their jurisdiction under the Declaratory Judgments Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) *citing Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).  To this end, when a party brings a declaratory action and a related state action is pending, "concern about comity, the efficient allocation of judicial resources, and fairness to the parties come into play" and the District Court may decline to hear the action. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).  As such, the District Court should determine whether the issues in the declaratory action can better be settled in the procedure pending in the state court. *Wilton*, 515 U.S. at 282 *citing Brillhart*, 316 U.S. at 495.  This determination is left to the district courts' discretion. *Wilton*, 515 U.S. at 281.

Here, Street and National Union contend that *Wilton/Brillhart* abstention is inapplicable because they bring claims for damages as well as a claim for declaratory judgment.  Federal Circuit Courts have expressed  different views on this matter. That is, some circuits do not apply *Wilton/Brillhart* where a plaintiff claims damages in addition to declaratory claims, and others apply *Wilton/Brillhart* abstention to claims for damages that are dependant on a related declaratory claim. *See*, *e.g.*, *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) (*Wilton* may apply even if a suit seeks both declaratory and monetary relief as here where declaratory and monetary relief are closely linked);  *Am. Guarantee & Liability Insurance Co. v. Anco Insulations*, *Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005) (*Wilton* does not apply if a suit involves declaratory and monetary relief); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (*Wilton* can

apply if a suit involves declaratory and monetary claims). The Seventh Circuit has not made a pronouncement on this issue. However, it has repeatedly noted that district courts have "wide discretion" to decline to hear actions for declaratory relief. *Newell Operating Co. v. Int'l Union of United Auto., Aerospace, and Agr. Implement Workers of Am.*, No. 07-1931, 2008 WL 2600795, at * 6 (7th Cir. July 2, 2008); *Zavalis*, 52 F.3d at 692; *A.G. Edwards & Sons, Inc. v. Public Bldg. Com'n*, 921 F.3d 118, 120 (7th Cir. 1990).

Although the issue has rarely been discussed, at least one court in the Northern District of Illinois applied *Wilton*/*Brillhart* abstention to claims for damages that related to declaratory claims. In *Zivitz v. Greenberg*, the plaintiffs sought a declaratory judgment as well as indemnification for their liabilities as directors and officers of a corporation. No. 98 C 5350, 1999 WL 262123, at *1 (N.D.Ill. April 9, 1999). The court, relying in part on the Ninth Circuit's test as stated in *Snodgrass v. Provident Life & Accident Ins. Co.*, held that the *Wilton*/*Brillhart* applied because the complaint was primarily for declaratory relief and the monetary damages were dependent on the declaratory action. *Id*. at *3; *See also Snodgrass*, 147 F.3d 1163, 1168 (9th Cir. 1998) (the appropriate inquiry is whether any claims would continue to exist independent of any request for declaratory relief). Specifically, the court noted that the damage claim demanded adjudication only if the plaintiffs prevailed on their declaratory action. *Id*. Thus, the court applied *Wilton*/*Brillhart* and abstained from hearing the claims. *Id*. at *3-4.

Also, as noted above, Street and National Union filed identical claims in an action in the Eastern District of California. There, Judge O'Neill applied *Wilton*/*Brillhart* to those identical claims. The court, like the court in *Zivitz*, applied Ninth Circuit law, noting that "the appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are

claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist of the request for a declaration simply dropped from the case." *U.S. v. Lyon*, No. CV F 07-491 LJO GSA, at *8 *quoting R&D Latex*, 242 F.3d at 1112. As such, the court found that "Street's non-declaratory claim for relief is dependant on its claims for declaratory relief. Street seeks a declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense costs, including attorneys fees, and against any liability arising from this action. Street also seeks damages, including litigation costs and attorney's fees incurred prosecuting this action, in an amount to be proved at trial. Street would be unable to recover the costs of litigation and attorney's fees without this Court's declaration that Vulcan is obligated to indemnify Street." *Lyon*, No. CV F 07-491 LJO GSA, at *9. This Court adopts the reasoning of the court in *Lyon* and thus applies *Wilton/Brillhart*.

Under *Wilton/Brillhart*, "the normal principle that federal courts should adjudicate claims within their jurisdiction [to yield] to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. To effectuate this purpose, In determining whether to abstain under *Wilton/Brillhart*, this Court considers: 1) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding; 2) whether the parties to the two actions are identical; 3) whether going forward with the declaratory action will serve a useful purpose or will merely amount to duplicative and piecemeal litigation; and 4) whether comparable relief is available in the other forum. *Zavalis*, 52 F.3d at 692.

Here, the principle of wise judicial administration and the related factors counsel strongly in favor of dismissing this action and allowing it to be decided in California Circuit Court. Here, Street and National Union's claims are duplicative of claims in *Consolidate Coverage Litigation*.

Both Street and National Union are involved in the *Consolidated Coverage Litigation*, and in that litigation, the insurers seek largely what they seek here, a declaration that they are not obligated to indemnify or defend Vulcan regarding the perc lawsuits and a determination of their liability for the perc lawsuits generally. MTD Ex. 9-10. In addition, Judge West allowed Vulcan to file cross-complaints against the insurers contending that National Union is responsible to defend and indemnify Street as Street's insurer and that alternatively, the responsibility to indemnify street falls to Vulcan and Street's insurers. MTD Ex. 11. Judge West has been dealing with the issue of insurance coverage of Vulcan's perc litigation since 2005, and it would be a waste of judicial resources to deal with a small portion of this web of coverage litigation in this Court. Indeed, as Judge West himself said, "it just doesn't make a lot of sense to have determinations made of similar issues in multiple jurisdictions that can only lead to further confusion." As such, the court in *U.S. v. Lyon* dismissed identical claims for resolution in the state court. This Court agrees with the Judge West and the court in *U.S. v. Lyon*, and Street and National Union's claims are dismissed.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: July 31, 2008