UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.R. STREET & CO. INC. and § <br> NATIONAL UNION FIRE INSURANCE § <br> COMPANY OF PITTSBURGH, PA, as § <br> subrogee of R.R. Street & Co. Inc. § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> VULCAN MATERIALS COMPANY, n/k/a § <br> LEGACY VULCAN CORP., § <br>     Defendant. § | Case No. 1:08-CV-01182 <br> Judge: Hon. Virginia M. Kendall <br> (Jury Requested) |

### R.R. STREET & CO. INC.'S MOTION TO ALTER OR AMEND THE JUDGMENT

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff R.R. Street & Co. Inc. ("Street") files this Motion to Alter or Amend the Judgment (i.e. the Court's July 31, 2008 Memorandum Opinion and Order ("Order") (Docket No. 43)) and shows the following:

1. In this action, Street has asserted claims against Vulcan Materials Company, now know as Legacy Vulcan Corp. ("Vulcan"), arising out of an indemnity agreement. Specifically, Street has asserted a claim for breach of contract against Vulcan for past damages as well as a claim for declaratory judgment with respect to Vulcan's future obligations. In its Order, the Court granted Vulcan's Motion to Dismiss (Docket No. 22) under the *Wilton/Brillhart* doctrine. In so holding, the Court concluded that dismissal under *Wilton/Brillhart* was appropriate because Street's breach of contract claim required the Court to interpret the meaning of the indemnity obligations between Legacy Vulcan Corp. and Street. Specifically, the Court held "Street would be unable to recover the costs of litigation and attorney's fees without this Court's declaration that Vulcan is obligated to indemnify Street." *See* Order, page 5.

2.Street respectfully disagrees with the Court's holding. It is true that to decide any contract claim, a court must examine the applicable contract and determine its meaning in order to decide if the Plaintiff is entitled to the damages it seeks. However, that a court must undertake such an analysis does not convert a standard contract claim for monetary relief into a Declaratory Judgment Act claim. Indeed, if Street had only brought its breach of contract claim for past money damages, it would be indisputable that the *Wilton/Brillhart* doctrine was inapplicable to this case. There is no reason that the result should be different just because a plaintiff joins a contract claim for monetary damages to a Declaratory Judgment Act claim.

3.Even if it were appropriate to consider the "heart of the matter" in deciding whether dismissal under *Wilton/Brillhart* is proper (which Street does not concede), the "heart of the matter" of Street's claims is its breach of contract claim which seeks damages of approximately $20 million for past defense costs which Vulcan has refused to pay, despite its clear indemnity and defense obligation. Thus, even under the "heart of the matter" standard, dismissal is not proper.

4.Furthermore, even if the Court did have discretion under the *Wilton/Brillhart* doctrine to dismiss this case, it should refrain from exercising that discretion because the Vulcan Insurance Action[1] pending in Los Angeles will not afford Street comparable relief.[2] As described more fully in Street's Response to the Motion to Dismiss, the Vulcan Insurance Action, in which Street was not joined until after this suit was filed, involves a dispute between Vulcan and dozens of its insurers that has been pending for 3-1/2 years. Street's dispute with Vulcan will be lost in the tangle of disputes between Vulcan and its insurers as the Vulcan

---

[1] Capitalized terms have the same meaning in this Motion as in the Street's Response to the Motion to Dismiss.

[2] *See* Vulcan's Motion to Dismiss, at p. 10, *citing Nationwide Ins. Co. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

Insurance Action slowly proceeds towards trial at some unknown point in the distant future. While Vulcan may not have been willing to acknowledge this fact in it filings before this Court, Vulcan has conceded the point in a filing in the Vulcan Insurance Action on the very day this Court issued its Order. *See* Legacy Vulcan Corp. Status Conference Statement ("Status Report"), a copy of which is attached hereto as Exhibit "A."

      5.      In the Status Report, Vulcan states that:

> The fact that the Consolidated Amended Complaint [filed by certain of the insurers in the Vulcan Insurance Action] now includes everything but the kitchen sink should not divert the Court and the parties from efficiently addressing and resolving in the near term the core dispute that is the *raison d'être* for this insurance coverage lawsuit: Vulcan's claim to $37.5 million in actual, sustained, unreimbursed losses incurred in the City of Modesto perc cases.

Status Report at p. 3. Of course, the instant case does not involve insurance questions at all. Rather, it is about Vulcan's contractual obligations to Street. Additionally, this case involves Vulcan's contractual obligations to Street in connection with cases <u>other than</u> Modesto I and Modesto II. Yet, in its Status Report, Vulcan contends that claims relating to cases other than the Modesto cases should not go forward (Vulcan contends that, to the extent that its insurers have recently raised claims concerning cases besides Modesto I and Modesto II, they have failed to state a cause of action because they have failed to allege the existence of a case or controversy on these issues.) *Id*.

      6.      There is no question that for over three years the Vulcan Insurance Action did not involve Street's claims for indemnity against Vulcan. It was only after Street filed this suit that Vulcan decided to bring Street into the Vulcan Insurance Action. Even now, as its Status Report indicates, Vulcan recognizes that the Vulcan Insurance Action is about a dispute between Vulcan and its insurers over coverage for Vulcan's liability in connection with the Modesto I and

Modesto II cases. The instant action is not an insurance coverage action and should not be relegated to the depths of an insurance coverage morass. Street should not have to endure the inevitable delays and costs associated with navigating the insurance coverage litigation to obtain a resolution of its independent contract claims against Vulcan.

WHEREFORE, PREMISES CONSIDERED, Street asks that the Court withdraw its July 31, 2008 opinion, set aside its order dismissing this case, deny Vulcan's Motion to Dismiss, and retain this case on its docket.

DATED: August 14, 2008

Respectfully submitted,

HICKS, THOMAS & LILIENSTERN, LLP

　　　/s/ **John B. Thomas**
John B. Thomas
Texas State Bar No. 09585000
Federal Admission ID No. 10675
Stephen M. Loftin
Texas State Bar No. 12489510
Federal Admission ID No. 12676
700 Louisiana, Suite 2000
Houston, Texas 77002
Tel: (713) 547-9100
Fax: (713) 547-9150

**ATTORNEYS FOR PLAINTIFF,
R.R. STREET & CO. INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon all parties, by and through their counsel of record, electronically via the Court's ECF system on this the **14th** day of **August**, **2008**.

　　　/s/ **John B. Thomas**
John B. Thomas

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.R. STREET & CO. INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as subrogee of R.R. Street & Co. Inc.<br>　　　Plaintiffs,<br><br>v.<br><br>VULCAN MATERIALS COMPANY, n/k/a LEGACY VULCAN CORP.,<br>　　　Defendant. | Case No. 1:08-CV-01182<br>Judge: Hon. Virginia M. Kendall<br>(Jury Requested) |

**ORDER GRANTING R.R. STREET & CO. INC.'S
<u>MOTION TO ALTER OR AMEND THE JUDGMENT</u>**

On this the _____ day of _____, 2008, the Court considered R.R. Street & Co. Inc.'s ("Street") Motion to Alter or Amend the Judgment (i.e. the Court's July 31, 2008 Memorandum Opinion and Order (Docket No. 43)), and after considering the Motion, the Court finds that said Motion should be **GRANTED**. It is therefore

ORDERED that Vulcan Materials Company, now know as Legacy Vulcan Corp.'s Motion to Dismiss or, in the Alternative, Stay the Complaint (Docket No. 22) is **DENIED**.

Signed this the _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE