# EXHIBIT A



LEXISNEXIS' FILE & SERVE
20883397
E-SERVICE
Jul 31 2008
1:26PM

1  DONALD W. BROWN (SBN 83347)
   WENDY L. FENG (SBN 200813)
2  STEPHEN C. CHIEN (SBN 244267)
   COVINGTON & BURLING LLP
3  One Front Street
   San Francisco, CA 94111
4
   Telephone: (415) 591-6000
5  Facsimile: (415) 591-6091
   Email: dwbrown@cov.com
6
   Attorneys for Defendant and Cross-Complainant
7  Legacy Vulcan Corp.

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF LOS ANGELES**

10

11 | In re:                                  | Lead Case No.: BC328022

12 |                                         | **LEGACY VULCAN CORP.'S STATUS**
   | VULCAN MATERIALS CONSOLIDATED           | **CONFERENCE STATEMENT**
13 | COVERAGE LITIGATION                     |
   |                                         | Date:        August 7, 2008
14 |                                         | Time:        1:30 p.m.
   |                                         | Dept:        CCW-311
15 |                                         | Judge:       Hon. Carl J. West
16 |                                         |
   |                                         | Dates actions filed:
17 |                                         |    January 30, 2005; June 28, 2006
18 |                                         | Trial Date: None set

19

20

21

22

23

24

25

26

27

28

**I.  STATUS OF ACTIONS FILED BY R.R. STREET & CO., INC. AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, IN THE UNITED STATES DISTRICT COURTS FOR THE EASTERN DISTRICT OF CALIFORNIA AND THE NORTHERN DISTRICT OF ILLINOIS**

On June 26, 2008, the Honorable Lawrence J. O'Neill granted Legacy Vulcan Corp.'s motion to dismiss R.R. Street & Company Inc.'s cross-claims against Vulcan in *United States of America v. Lyon, et al.*, No. CV F 07-491 LJO GSA (E.D. Cal.). A copy of Judge O'Neill's June 26, 2008, Order is attached hereto as Exhibit A.

Today, the Honorable Virginia M. Kendall granted Vulcan's motion to dismiss the Complaint filed against Vulcan in *R.R. Street & Co. Inc. and National Union Fire Ins. Co. of Pittsburgh, PA v. Vulcan Materials Co., n/k/a Legacy Vulcan Corp.*, No. 1:08-cv-01182 (N.D. Ill.). A copy of Judge Kendall's July 31, 2008, Memorandum Opinion and Order is attached hereto as Exhibit B.

**II.  STATUS OF PLEADINGS IN THIS ACTION**

The action filed by Plaintiff Transport Insurance Company ("Transport") in January 2005 concerned insurance coverage for defense costs and potential liabilities Vulcan might incur in lawsuits filed by the City of Modesto alleging property damage allegedly caused by perchloroethylene ("perc") manufactured by Vulcan. The action filed by Plaintiffs First State Insurance Company and Nutmeg Insurance Company (collectively, "First State") in June 2006 concerned insurance coverage for the same City of Modesto perc cases. In August 2006, First State amended its complaint to add a perc lawsuit filed by the Government of the U.S. Virgin Islands, and additional, unspecified property damage claims First State labeled "Additional Environmental Claims."

From 1998 to 2008, Vulcan incurred more than $15.3 million to defend itself in the City of Modesto perc cases. And it paid more than $1.8 million toward attorney fees and other defense costs R.R. Street & Company Inc. claimed to have incurred defending itself in those same City of Modesto cases. Vulcan settled one of the City of Modesto perc cases mid-2007 for $395,000. It settled the other two in October 2007 for $20 million.

With the City of Modesto claims finally resolved and no longer pending, and with approximately $37.5 million in losses that Vulcan's insurers refused to pay, Vulcan

1

1  concluded that the time had come to initiate legal action against its insurers in order to secure

2  insurance coverage for its $37.5 million loss. Therefore, in March of this year, Vulcan obtained

3  leave of Court to file a cross-complaint – it had not filed any cross-complaint before then -- and

4  Vulcan filed its cross-complaint on April 11, 2008. Vulcan believes that all but three of the

5  cross-defendants named in Vulcan's cross-complaint now have filed answers.[1]

6  Vulcan's cross-complaint seeks to recover the $37.5 million loss incurred in the

7  City of Modesto perc cases. It also seeks declaratory relief with respect to the insurers'

8  obligations to defend and/or pay defense costs incurred in two newer lawsuits filed against

9  Vulcan in 2007, which seek damages because of property damage and personal injury allegedly

10  caused by perc in the City of Modesto ("*Lyon*" and "*Garcia*"). Vulcan's cross-complaint does

11  not seek a coverage determination regarding liabilities it might yet incur in *Lyon* and *Garcia*.

12  Last month Transport and First State, joined by five other insurers, filed an

13  amended complaint that suddenly brings into this lawsuit a hodgepodge of additional claims

14  against Vulcan that have nothing to do with the City of Modesto perc claims, and most of which

15  also have nothing at all to do with perc. Consolidated Amended Complaint/Cross-Complaint on

16  Behalf of Certain Insurers for Declaratory Relief, dated June 17, 2008, ¶¶ 47-49; 50-51; 52-53;

17  54-59; 60-62;63-68; 69-74; 75-77; 80-81. The Consolidated Amended Complaint insofar as it

18  addresses possible insurance coverage disputes over claims other than those having to do with

19  perc in the City of Modesto may not state a cause of action due to the absence of a sufficient

20  allegation of a case or controversy (*see, e.g.*, ¶¶ 52-53: "R.R. Street *may* seek indemnity against

21  Vulcan" and "Vulcan *may* contend that some of the Plaintiffs are or *may* be liable to defend

22  and/or indemnify"). Alternatively, given the undeveloped state of any nascent case or

23  controversy regarding insurance coverage for those other claims, declaratory relief may not be

24  necessary or appropriate at this time under all the circumstances. Cal. Code Civ. Proc. § 1061.

25

26  ---

[1] American Re-Insurance Company, Executive Risk Indemnity Inc., and Great American E&S
27  Insurance Company. American Re-Insurance has advised that it will file an answer by
   tomorrow. Executive Risk and Great American have asked for additional time to answer, and
28  Vulcan has advised that it has no objection to their taking some additional time to answer.

1    Vulcan reserves its rights to demur to or make one or more dispositive or other

2    motions with respect to the Consolidated Amended Complaint's allegations regarding insurance

3    coverage for claims other than the City of Modesto perc claims. But Vulcan does not ask the

4    Court to address the merits of any such demurrers or motions at this time.

5    Vulcan does, however, want to raise as a case management issue its concern that

6    the Court and the parties focus their attention and resources on resolving what certainly is by far

7    the major and central matter in this case: the parties' respective rights and obligations with

8    respect to the City of Modesto perc liabilities. The fact that the Consolidated Amended

9    Complaint now includes everything but the kitchen sink should not divert the Court and the

10   parties from efficiently addressing and resolving in the near term the core dispute that is the

11   *raison d'être* for this insurance coverage lawsuit: Vulcan's claim to $37.5 million in actual,

12   sustained, unreimbursed losses incurred in the City of Modesto perc cases.

13   We look forward to discussing this case management issue and other matters

14   with the Court next week.

15   Respectfully submitted,

16   DATED:  July 31, 2008                    COVINGTON & BURLING LLP

17

18                                            By: _____

19                                                 Donald W. Brown

20                                            Attorneys for Legacy Vulcan Corp.

21

22

23

24

25

26

27

28



LEXISNEXIS' FILE & SERVE
20883397
E-SERVICE
Jul 31 2008
1:26PM

# EXHIBIT A



1

2

3

4

5

6

7       **IN THE UNITED STATES DISTRICT COURT**
        **FOR THE EASTERN DISTRICT OF CALIFORNIA**
8

9   UNITED STATES OF AMERICA,                    CASE NO. CV F 07-491 LJO GSA

10                      Plaintiff,               **ORDER ON THIRD-PARTY DEFENDANT**
                                                 **VULCAN'S MOTION TO DISMISS OR STAY**
11                                               **R. R. STREET'S CROSS-CLAIMS**
                                                 (Doc. 266)
12
            vs.
13
    STEPHEN C. LYON, et al.,
14
                      Defendants.
15   _____/

16
    AND RELATED CROSS-ACTIONS AND
17  THIRD-PARTY ACTIONS.

18  _____/

19          On May 2, 2008, third-party defendant Legacy Vulcan Corp. ("Vulcan") moved to dismiss or

20  stay the cross-claims of third-party defendant R.R. Street & Co. Inc. ("Street"). Street seeks a

21  declaration that Vulcan is obligated to hold Street harmless and indemnify Street for defense and liability

22  costs in this action. Street further seeks to recover those costs, if any. Vulcan moves to dismiss or stay

23  Street's cross-claims pursuant to the *Wilton/Brillhart* standard, or the *Colorado River* doctrine, in

24  deference of a parallel state court proceeding. Street argues this Court should either retain jurisdiction

25  over Street's cross-claims, or defer its jurisdiction to a parallel federal court proceeding. This Court

26  finds this motion suitable for decision without oral argument, VACATES the July 2, 2008 hearing

27  pursuant to Local Rule 78-230(h), and issues the following order. For the reasons discussed below, this

28  Court GRANTS Vulcan's motion to dismiss Street's cross-claims.

                                            1

1

**Background**

2 **Vulcan-Street Relationship**

3        Vulcan manufactured and sold perchloroethylene ("PCE"), a chlorinated solvent used in the dry

4 cleaning industry. Vulcan's PCE product was called PerSec. Street purchased PerSec from Vulcan in

5 bulk quantities and resold the product into the United States market.

6        In 1976, Vulcan included Street as an additional insured on Vulcan's comprehensive general

7 liability insurance policies. Street was included as an additional insured under Vulcan's policies each

8 year from 1976-1992.

9        In May 1992, Vulcan and Street entered into a "PCE Agency Agreement" ("1992 Agreement").

10 The 1992 Agreement defined Street's role as an agent to solicit and take orders for PerSec to

11 distributors in the dry cleaning industry. Street also agreed to prepare and transmit invoices for sales of

12 PerSec, collect payments, and remit appropriate amounts, less commissions, to Vulcan. The 1992

13 Agreement further addresses indemnity obligations. Pursuant to the 1992 Agreement, Vulcan shall

14 indemnify Street from claims or liabilities arising from acts, omissions, or transactions occurring after

15 May 1, 1992. Should a court determine that Street's liability resulted from an act beyond or outside its

16 authority as a sales agent for PerSec, however, the indemnity obligation will terminate retroactively.

17 Additionally, the 1992 Agreement required Street to purchase and keep in force during the term of the

18 Agreement commercially available comprehensive general liability insurance with respect to PerSec.[1]

19 **Five Modesto PCE Lawsuits**

20        The United States of America, for the Environmental Protection Agency, initiated this action

21 in March 2007 to pursue Comprehensive Environmental Response Compensation and Liability Act

22 ("CERCLA"), 42 U.S.C. §§ 9601, *et seq.* claims against the owners and operators of a dry cleaning

23 establishment named Halford's from 1977-2002. The Government seeks past and future costs to

24 investigate and remediate PCE contamination from Halford's facility, including groundwater

25 contamination. In turn, the owners and operators of Halford's facility filed third-party complaints

26

27        [1]Street's cross-claims seek to enforce the 1992 Agreement. Vulcan contends that, to the extent it may have an
28 obligation to defend and indemnify Street pursuant to the 1992 Agreement, that obligation is secondary to Street's own
insurer's obligation to defend and indemnify Street.

2

1  against 22 third-party defendants to pursue causes of action for CERCLA and state law contribution,
2  equitable indemnity and declaratory relief. Vulcan and Street are third-party defendants in this action.
3       Four other actions arising out of PCE contamination in Modesto were initiated against Vulcan,
4  Street, and other PCE manufacturers, distributors, dry cleaners, and dry-cleaning equipment managers.
5  Those actions are: (1) *City of Modesto Redevelopment Agency v. Dow Chemical Co., et al.*, No 999345
6  (Cal. Sup. Ct. S.F., filed Nov. 18, 1998); (2) *City of Modesto, et al. v. Dow Chemical Co., et al*, No.
7  999643 (Cal. Sup. Ct. S.F., filed Dec. 3, 1998); (3) *City of Modesto, et al. v. Dow Chemical Co., et al*,
8  No. MSC06-01019 (Cal. Sup. Ct. Contra Costa County, filed Dec. 22, 2005); and (4) *Estate of Christina*
9  *Garcia, et al. v. Dow Chemical Co., et al.*, No. 611655 (Cal. Sup. Ct. Stanislaus County, filed Dec. 14,
10  2006) ("*Garcia* action").

11       In 2007, Vulcan settled the three *City of Modesto* cases named above. The litigation continues
12  in these three actions as against other defendants, including Street. Additionally, the *Garcia* action and
13  the instant action (referred to as the "*Lyon* action") continue against both Vulcan and Street.

14  **Street's Tenders of Indemnity to Vulcan**

15       On October 1, 2007, Street sent letters to Vulcan tendering the *Lyon* and *Garcia* actions to
16  Vulcan "as a claim for which Street is indemnified under" the 1992 Agreement. Vulcan responded in
17  writing on October 30, 2007 ("October 30, 2007 letter") to advise Street of its position that liability
18  insurance companies have the primary obligation and duty to provide Street with a defense to the *Lyon*
19  and *Garcia* actions. Vulcan further advised that upon notice by Street of its insurers' refusal to accept
20  Street's tender of defense, Vulcan would provide Street with a defense for the *Lyon* and *Garcia* actions.

21       Street confirmed to Vulcan that it tendered the defense of the *Lyon* and *Garcia* actions to its
22  insurer, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). Thereafter,
23  despite Vulcan's requests, Street failed to advise Vulcan of National's Union's response. Consequently,
24  on February 11, 2008, Vulcan notified Street that it would defend Street against the claims in the *Lyon*
25  and *Garcia* actions. Vulcan retained separate and independent attorneys and notified Street that, subject
26  to reservations of rights set forth in the October 30, 2007 letter, Vulcan would pay the defense costs
27  incurred and attorneys fees charges in defense of these two actions.

28  ///

1    *Consolidated Coverage Litigation*

2        In January 2005, one of Vulcan's general liability insurers, Transport Insurance Company, filed

3 a lawsuit against Vulcan to determine its obligations, if any, arising from Vulcan's settlements in the

4 three *City of Modesto* PCE-related actions. *Transport Ins. Co. v. Vulcan Materials Co.*, No. BC328022

5 (Cal. Sup. Ct., L.A. City, filed Jan. 31, 2005). In June 2006, two of Vulcan's excess liability insurers

6 filed a second lawsuit against Vulcan. *First State Ins. Co., et al. v. Vulcan Material Co.*, No. BC354664

7 (Cal. Sup. Ct. L.A. City, filed June 28, 2006). Both of these actions were assigned to the Honorable Carl

8 J. West, who consolidated them as *In re Vulcan Materials Coverage Litigation* ("*Consolidated Coverage*

9 *Litigation*").

10        In the *Consolidated Coverage Litigation*, plaintiff insurers seek a declaration that the insurance

11 policies they issued to Vulcan at various times during the period Vulcan manufactured PerSec do not

12 obligate them to defend or indemnify Vulcan against sums it may be legally obligated to pay because

13 of damages caused by PCE. Additionally, two of the plaintiff insurers sued approximately thirty other

14 insurers that sold general liability insurance policies to Vulcan, seeking to hold those other insurers

15 liable for equitable indemnity or equitable contribution if the plaintiff insurers are held to be obligated

16 to cover Vulcan's PCE-related liabilities.

17        National Union–Street's insurer–also issued several primary and excess layer general liability

18 insurance policies to Vulcan at various times during the period Vulcan manufactured and sold PerSec.

19 National Union is a defendant and party to the *Consolidated Coverage Litigation*. National Union's

20 policies with Vulcan cover sums Vulcan is obligated to pay by reason of liability of a third party

21 assumed by Vulcan under contract, such as Street. Additionally, the primary policy National Union

22 issued to Vulcan includes Street as an additional insured.

23        In the *Consolidated Coverage Litigation*, the court ordered all parties to exchange insurance

24 policies and insurance policy information. This information is to be loaded into an electronic document

25 repository accessible to the parties and the Court. The parties are currently engaged in mediation in an

26 effort to resolve the issues of responsibility for defense cost and liabilities incurred in the Modesto PCE-

27 related actions, including Street's defense costs and potential liability.

28 ///

1  **Street's Claims Against Vulcan**

2        Two weeks after Vulcan notified Street that Vulcan would defend Street against the claims in

3  the *Lyon* and *Garcia* actions, Street filed two claims against Vulcan. First, Street and its insurer National

4  Union filed an action in federal court in Illinois. *R.R. Street & Co., Inc. and National Union Fire Ins.*

5  *Co. of Pittsburgh, PA, individually and as subrogee of R.R. Street v. Vulcan Materials Corp. n/k/a*

6  *Legacy Vulcan Corp.,* No. 08 CV 1182 (N.D. Ill., filed Feb. 26, 2008) ("Illinois action"). Later that day,

7  Street filed an amended answer to four of the third-party complaints filed in this action, as well as an

8  answer to a third-party cross-claims. (Docs. 205, 241, 248) Street asserts the following cross-claims

9  against Vulcan:

10              1.   Breach of Contract (count one);
                2.   Implied Indemnity (count two);
11              3.   Promissory Estoppel (count three); and
                4.   Declaratory Judgement (count four).
12

13  Street prays for the following relief:

14              1.   A declaration that Vulcan is obligated to hold harmless and indemnify
                     Street for all defense costs and attorney's fees incurred or to be incurred
15                   by Street in connection with this action;
                2.   A declaration that Vulcan is obligated to hold harmless and indemnify
16                   Street from and against claims asserted in and all liability arising from
                     this action;
17              3.   Damages, including litigation costs and attorney's fees incurred in
                     prosecuting this action, in an amount to be proven at trial;
18              4.   Costs of suit incurred herein, including pre- and post-judgment interest
                     to the full extent permitted by law; and
19              5.   Such other relief and the Court may deem just and proper.

20  Street's complaint in the Illinois action and cross-claims in this action both seek an identical declaratory

21  judgment that Vulcan is obligated to hold Street harmless and indemnify Street for defense costs,

22  including attorneys fees incurred, as well as for any liability imposed on Street in this action. In addition

23  to its claim in this action, Street and National Union seek declaratory relief in the Illinois action on the

24  indemnity issue as it pertains to the other Modesto PCE-related lawsuits.

25  **Subsequent Filings in Separate Actions**

26        At this time, Street, Vulcan, and National Union proceed on their claims in three jurisdictions.

27  As set out above, in February 2008, Street and National Union initiated the Illinois action against

28  Vulcan, and Street filed cross-claims against Vulcan in this action. When Vulcan informed the court

5

1  in the *Consolidated Coverage Litigation* of the actions in this Court and in Illinois, the Court suggested

2  that Vulcan include Street's express indemnity claim in Vulcan's cross-complaint. Accordingly, on

3  April 11, 2008, Vulcan filed a cross-complaint against National Union and Street in the *Consolidated*

4  *Coverage Litigation*, to include Street's 1992 Agreement express indemnity claim (Brown Declaration,

5  Exhibit I). Street has not answered Vulcan's *Consolidated Coverage Litigation* complaint. On April

6  18, 2008, Vulcan answered Street's cross-claims in this action. On May 2, 2008, Vulcan moved to

7  dismiss or stay Street's cross-claims in this action. On the same day, Vulcan moved to dismiss or stay

8  the Illinois action.

9

10  **DISCUSSION**

11  *Wilton/Brillhart* **Standard**

12      The Declaratory Judgement Act confers on federal courts "unique and substantial discretion in

13  deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

14  The statute provides that a court "*may* declare the rights and other legal relations of any interested party

15  seeking such declaration," *Id.* (quoting 28 U.S.C. §2201(a) (emphasis in original case, not original

16  statute). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts

17  rather than an absolute right on the litigant." *Id.* at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff*

18  *Co.*, 344 U.S. 237, 241 (1952)).

19      In *Wilton*, the Supreme Court reaffirmed the application of *Billhart v. Excess Ins. Co. of America*,

20  316 U.S. 491 (1942) to a declaratory judgment action:

21        Over 50 years ago, in *Brillhart*..., this Court addressed circumstances virtually identical
to those present in the case before us today. An insurer, anticipating a coercive suit,
22        sought a declaration in federal court of nonliability on an insurance policy. The District
Court dismissed the action in favor of a pending state garnishment proceedings, to which
23        the insurer had been added as a defendant...[T]his Court held that, "although the District
Court had jurisdiction of the suit under the Federal Declaratory Judgments (sic) Act, it
24        was under no compulsion to exercise that jurisdiction." The Court explained that
"ordinarily it would be uneconomical as well as vexatious for a federal court to proceed
25        in a declaratory judgment suit where another suit is pending in state court presenting the
same issues, not governed by federal law, between the same parties." The question for
26        a district court presented with a suit under the Declaratory Judgment Act, the Court
found, is "whether the questions in controversy between the parties to the federal suit,
27        and which are not foreclosed under the applicable substantive law, can better be settled
in the proceeding pending in the state court. *Wilton*, 515 U.S. at 282 (quoting *Brillhart*)
28        (internal citations omitted).

6

1  Thus, the Declaratory Judgment Act gives this Court "competence to make a declaration of rights; it

2  [does] not impose a duty to do so." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th

3  Cir. 1998) (en banc). This principle is referred to as to *Wilton/Brillhart* doctrine.

4       Vulcan argues that this Court should dismiss or stay Street's cross-claims in deference to the

5  *Consolidated Coverage Litigation* proceeding in California state court. Vulcan contends that the state

6  court action is a parallel concurrent action that raises, or presents a forum in which Street (and National

7  Union) may raise, the same indemnity claims that Street's cross-claim raises in this action. Vulcan

8  maintains that the *Consolidated Coverage Litigation* will resolve effectively and efficiently the

9  indemnity claims in a comprehensive fashion. Accordingly, Vulcan moves to stay or dismiss Street's

10  cross-claims pursuant to the discretion conferred by the Declaratory Judgment Act's *Wilton/Brillhart*

11  standard.[2]

12       The principle of "wise judicial administration" weighs in favor of declining to exercise

13  discretionary jurisdiction over this action. "[T]he normal principle that federal courts should adjudicate

14  claims within their jurisdiction yields to considerations of practicality and wise judicial administration."

15  *Wilton*, 515 U.S. at 288. In exercising this Court's discretionary jurisdiction under *Brillhart/Wilton,* the

16  Court "should avoid needless determination of state law issues; it should discourage litigants from filing

17  declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."*Dizol*, 133

18  F.3d at 1225.   Here, state law issues are the subject of Street's claims, which will be resolved in the

19  *Consolidated Coverage Litigation*. This Court finds that dismissal of these duplicative claims, more

20  appropriately suited for the state court proceeding, "furthers the policy against needlessly deciding

21  unsettled state law issues, prevents duplicitous litigation, and discourages forum shopping." *Polido v.*

22  *State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1422 (9th Cir. 1997).

23       Additionally, the *Wilton/Brillhart* doctrine applies, in particular, to insurance cases in which a

24  party seeks declaratory relief, such as the instant action.   The "practicality and wise judicial

25  administration" considerations "generally counsel against the exercise of federal-court jurisdiction over

26

27       [2]In the alternative, Vulcan moves this Court to abstain from the assumption of jurisdiction, pursuant to *Colorado*
28  *River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"). Because this Court rules on this
   motion pursuant to the *Wilton/Brillhart* doctrine, this Court need not consider Vulcan's *Colorado River* argument.

1  claims for declaratory relief that involve only state law questions and are brought during the pendency
2  of a related state court proceeding. Certainly that is the case with insurance coverage disputes." *Golden*
3  *Eagle v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996) (quoting *Employers Reinsurance Corp. v.*
4  *Karussos,* 65 F.3d 796, 801 (9th Cir. 1995)). Indeed, federal courts "should decline to assert jurisdiction
5  in insurance coverage cases...presenting only issues of state law during the pendency of parallel
6  proceedings in state court unless there are circumstances present to warrant an exception to that
7  rule."*Karussos*, 65 F.3d at 798, overruled on other ground in *Dizol*, 133 F.3d 1220 (9th Cir. 1998)
8  (internal quotations and citations omitted). This is because "[s]tates have a free hand in regulating the
9  dealings between insurers and their policyholders." *SEC v. National Securities, Inc.*, 393 U.S. 453, 459
10 (1969). Thus, comity concerns are "particularly weighty in insurance cases."*Karussos*, 65 F.3d at 799.

11     Street argues that the *Wilton/Brillhart* doctrine does not apply, because Street's cross-claim
12 against Vulcan seeks both declaratory and non-declaratory relief "[W]hen other claims are joined with
13 an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission,
14 or claims for other monetary relief), the district court should not, as a general rule, remand or decline
15 to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1225 (1998). Accordingly, "[t]he
16 appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there
17 are claims in the case that exist independent of any request for purely declaratory relief, that is, claims
18 that would continue to exist if the request for a declaration simply dropped from the case." *United Nat'l*
19 *Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (quotation omitted). To determine
20 if a claim is independent, the Court considers whether the claim for monetary relief "could be litigated
21 in federal court even if no declaratory claim had been filed. In other words, the district court should
22 consider whether it had subject matter jurisdiction over the monetary claim alone, and if so, whether that
23 claim must be joined with one for declaratory relief." *R & D Latex*, 242 F.3d at 1113.

24     Here, Street's non-declaratory claim for relief is dependant on the its claims for declaratory relief.
25 Street seeks a declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense
26 costs, including attorneys fees, and against any liability arising from this action. Street also seeks
27 "damages, including litigation costs and attorney's fees incurred prosecuting this action, in an amount
28 to be proved at trial." Street would be unable to recover the costs of litigation and attorney's fees

8

1  without this Court's declaration that Vulcan is obligated to indemnify Street. *Golden Eagle*, 103 F.3d

2  at 755; *Karussos*, 65 F.3d at 801. Thus, Street's "request for monetary relief is wholly dependent upon

3  a favorable decision on its claim for declaratory relief. The action is plainly one for declaratory relief."

4  *Golden Eagle*, 103 F.3d at 755. Under these circumstances, Streets counter-claims are a "quintessential

5  declaratory relief action" arising out of an insurance dispute and the Court should defer to the state court

6  proceeding. *Id.* at 752; *see also, Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163 (9th

7  Cir. 1998) (Most cases to invoke *Wilton/Brillhart* doctrine "involve actions that are purely or primarily

8  declaratory in nature: typically, claims in which an insurance company seeks a declaration that it has no

9  duty to defend a third party in an underlying dispute.").

10  Because issues of state law are presented, which are duplicative of the state proceeding, and

11  primarily declaratory in nature, this Court declines to exercise jurisdiction over Street's cross-claims.

12  *See R & D Latex*, 242 F.3d at 1114 (considering unique circumstances of case to determine whether

13  dismissal of declaratory and non-declaratory claims is appropriate). The Court finds further that the

14  appropriate forum for those claims is the comprehensive *Consolidated Coverage Litigation*. This Court

15  agrees with the court in that case, which noted,

16      it just doesn't make a lot of sense to have determinations made of similar issues in
        multiple jurisdictions that can only lead to further confusion...[A]ll of this coverage

17      litigation ought to be centralized in one place[,] so if we ever get to the point where we
        can sit down and look at what the real issues are, or what the exposure is, or some

18      potential for resolution, you have all the players there. (Brown Declaration, Exhibit G).

19  "[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory

20  judgment suit where another suit is pending in state court presenting the same issues, not governed by

21  federal law, between the same parties." *Wilton*, 515 U.S. at 282 (quoting *Brillhart*) (internal citations

22  omitted). Accordingly, Street's cross-claims against Vulcan are dismissed.

23  **Duplicative Federal Actions**

24  Alternatively, this Court dismisses Street's cross-claims based on the principle of federal comity.

25  Street "acknowledges the general rule that, with respect to federal proceedings, the first-filed action has

26  priority...[and] has no objection to is cross-claims against Vulcan in this case being stayed in favor of

27  the Illinois action." Opp. at 11. In a footnote, Vulcan also submits that this Court should exercise its

28  discretion to stay Street's cross-claims against Vulcan on the ground that it is duplicative of claims made

1   in the more comprehensive Illinois action. Thus, the parties agree that a "district court [may] decline

2   jurisdiction over an action when a complaint involving the same parties and issues has already been filed

3   in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).[3]

4       "While no precise rule has evolved, the general principle is to avoid duplicative litigation and

5   to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citing *Colorado*

6   *River*, 424 U.S. 800, 817, and *Church of Scientology v. United States Dept. of the Army*, 611 F.2d 738,

7   750 (9th Cir. 1979)). "Normally sound judicial administration would indicate that when two identical

8   actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should

9   try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter*, 678

10  F.2d at 95. In ruling on whether to dismiss a duplicative action based on federal comity, the Court

11  considers "wise judicial administration, giving regard to conservation of judicial resources and

12  comprehensive disposition of litigation." *Kerotest Manufacturing Co. v. C-O-Two Fire Equip. Co.*, 342

13  U.S. 180, 183-84 (1952).

14      Street's cross-claims are duplicative of Street's complaint in the Illinois action. A "suit is

15  duplicative if the claims, parties, and available relief do not significantly differ between the two actions."

16  *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (9th Cir. 1993); *see also Nakash v. Marciano*, 882

17  F.2d 1411, 1416 (9th Cir. 1989) (actions are parallel if they are "substantially similar."). Here, the

18  actions are nearly identical. Street's complaint in the Illinois action includes Street's cross-claims in this

19  action (Brown Declaration, Exhibit F). The central question in each is whether Vulcan is responsible

20  to defend and hold Street harmless for the Modesto PCE-related lawsuits. The Illinois action promotes

21  a more comprehensive disposition, because it seeks a declaration and damages related to the Modesto

22  PCE-related actions, including this action. The same parties are involved, and the remedies Street seeks

23

24

25

26

----

27  [3] Although the parties agree this Court should defer to the Illinois action, the parties request this Court to stay
    Street's counterclaims. However, when this Court declines to exercise its jurisdiction over a claim, denial is proper. *See*
28  *Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684 (9th Cir. 2007); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d
    93, 95 (9th Cir. 1982). Moreover, both parties cited to cases that dismissed, rather than stayed, the claims. *See id.*

1    do not significantly differ.[4]

2          Additionally, the goal of judicial efficiency would not be served by accepting jurisdiction over

3    Street's counterclaims. "[P]ermitting multiple litigation of these identical claims could serve no judicial

4    purpose of judicial administration, and the risk of conflicting determinations as to [whether Vulcan is

5    responsible for Street's defense and liability costs is] clear." *Pacesetter*, 678 F.3d at 96. Importantly,

6    litigation of these claims in multiple jurisdictions would waste precious judicial resources. Accordingly,

7    this Court declines to exercise jurisdiction over Street's duplicative counter-claims against Vulcan.

8

9    **CONCLUSION**

10          For the foregoing reasons, this Court:

11        (1)    GRANTS Vulcan's motion to dismiss (Doc. 266) Street's cross-claims (See cross-claims

12               in Docs. Doc. 205, 241, 248);

13        (2)    VACATES the July 2, 2008 hearing; and

14        (3)    ORDERS Street to file and serve amended answers no later than July 18, 2008.

15

16    IT IS SO ORDERED.

17    Dated:   **June 25, 2008**               **/s/ Lawrence J. O'Neill**

18                                     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26         [4] For this reason, this Court may also dismiss Street's counterclaims using its broad discretion to control its docket.
27    *Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or consolidate both actions." *Id.* A suit is duplicative
28    if "the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.*

11



20883397
Jul 31 2008
1:26PM

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| R.R. STREET & CO. INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, individually and as a subrogee of R.R. Street and Co., Inc., | ) ) ) ) ) | Case No. 08 C 1182 |
|  | ) | Judge Virginia M. Kendall |
| Plaintiffs, | ) |  |
| v. | ) ) |  |
| VULCAN MATERIALS COMPANY, n/k/a LEGACY VULCAN CORP. | ) ) ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff R.R. Street & Co., Inc. ("Street") and National Union Fire Insurance Company of

Pittsburgh, PA ("National Union") bring suit against Vulcan Materials Company ("Vulcan")

requesting a declaratory judgment that Vulcan is obligated to hold harmless and indemnify them

against various underlying lawsuits. In addition, Plaintiffs allege that Vulcan breached a contract

in which it agreed to defend and indemnify Street, that in any case implied indemnity should apply,

and that promissory estoppel requires Vulcan to defend and indemnify them. Vulcan moved to

dismiss under Federal Rule of Civil Procedure 12(b)(1) or in the alternative to stay, arguing that this

Court should abstain from hearing the case. For the reasons stated below, Vulcan's Motion to

Dismiss is granted.

Vulcan manufactures perchloroethylene ("perc"), a chemical used in dry cleaning. Cmplt.

at ¶ 7. Street was Vulcan's marketing agent and distributor for perc, and National Union insurers

Street. *Id.* at ¶¶ 7, 11. Street alleges that the parties agreed during this time that Vulcan would

1

indemnify Street for any liabilities arising from its marketing and distribution of perc. *Id.* Additionally, Street alleges that Vulcan and Street signed a 1992 Agency Agreement in which Street alleges Vulcan agreed to defend and indemnify Street for all claims of injury, sickness, death and property damage arising from Street's marketing and distribution of perc. *Id.* at ¶ 9.

In this action, Street asks this Court to render a declaratory judgment that Vulcan is obligated to indemnify it for moneys spent on perc lawsuits and in addition brings claims breach of the 1992 agency agreement, promissory estoppel based on Vulcan's representations that it would indemnify Street, and implied indemnity obligations. Cmplt. at ¶¶ 15, 17, 20-21. However, Vulcan, Street, and National Union are all already parties to *In re Vulcan Materials Consolidated Coverage Litigation,* Lead Case No. BC-328022, that has been in progress since 2005 in front of the Honorable Carl West of the California Superior Court in Los Angeles County. *See* MTD Exhibits 9-10. That consolidated case deals with coverage for Vulcan's perc lawsuits. There Vulcan's insurers also seek a declaration that they are not obligated to defend or indemnify Vulcan regarding any sums they are obligated to pay arising from damage caused by perc. *Id.* After the Complaint was filed in this Court, Judge West allowed Vulcan to file a cross-complaint against Street, National Union and others contending that they are responsible for defending and indemnifying Vulcan in the perc lawsuits. *See* MTD Ex. 11.

In addition, Street brought identical declaratory claims and claims of breach of contract, implied indemnity, and promissory estoppel as cross-claims in *U.S. v. Lyon* in the United States District Court for the Eastern District of California. *U.S. v. Lyon,* No. CV F 07-491 LJO GSA, at *5 (E.D.Cal. June 25, 2008). Vulcan moved to dismiss the cross claims as it did here, and the Honorable Lawrence J. O'Neill dismissed, choosing to abstain under *Wilton/Brillhart. Id.* at *11.

2

## DISCUSSION

Vulcan argues that this Court should dismiss the case pursuant to the Declaratory Judgment Act and the *Wilton/Brillhart* standard. Under *Wilton* and *Brillhart*, District Courts are not required to exercise their jurisdiction under the Declaratory Judgments Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) *citing Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). To this end, when a party brings a declaratory action and a related state action is pending, "concern about comity, the efficient allocation of judicial resources, and fairness to the parties come into play" and the District Court may decline to hear the action. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). As such, the District Court should determine whether the issues in the declaratory action can better be settled in the procedure pending in the state court. *Wilton*, 515 U.S. at 282 *citing Brillhart*, 316 U.S. at 495. This determination is left to the district courts' discretion. *Wilton*, 515 U.S. at 281.

Here, Street and National Union contend that *Wilton/Brillhart* abstention is inapplicable because they bring claims for damages as well as a claim for declaratory judgment. Federal Circuit Courts have expressed different views on this matter. That is, some circuits do not apply *Wilton/Brillhart* where a plaintiff claims damages in addition to declaratory claims, and others apply *Wilton/Brillhart* abstention to claims for damages that are dependant on a related declaratory claim. *See, e.g., Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) (*Wilton* may apply even if a suit seeks both declaratory and monetary relief as here where declaratory and monetary relief are closely linked); *Am. Guarantee & Liability Insurance Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005) (*Wilton* does not apply if a suit involves declaratory and monetary relief); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (*Wilton* can

3

apply if a suit involves declaratory and monetary claims). The Seventh Circuit has not made a pronouncement on this issue. However, it has repeatedly noted that district courts have "wide discretion" to decline to hear actions for declaratory relief. *Newell Operating Co. v. Int'l Union of United Auto., Aerospace, and Agr. Implement Workers of Am.*, No. 07-1931, 2008 WL 2600795, at * 6 (7th Cir. July 2, 2008); *Zavalis*, 52 F.3d at 692; *A.G. Edwards & Sons, Inc. v. Public Bldg. Com'n*, 921 F.3d 118, 120 (7th Cir. 1990).

Although the issue has rarely been discussed, at least one court in the Northern District of Illinois applied *Wilton/Brillhart* abstention to claims for damages that related to declaratory claims. In *Zivitz v. Greenberg*, the plaintiffs sought a declaratory judgment as well as indemnification for their liabilities as directors and officers of a corporation. No. 98 C 5350, 1999 WL 262123, at *1 (N.D.Ill. April 9, 1999). The court, relying in part on the Ninth Circuit's test as stated in *Snodgrass v. Provident Life & Accident Ins. Co.*, held that the *Wilton/Brillhart* applied because the complaint was primarily for declaratory relief and the monetary damages were dependent on the declaratory action. *Id.* at *3; *See also Snodgrass*, 147 F.3d 1163, 1168 (9th Cir. 1998) (the appropriate inquiry is whether any claims would continue to exist independent of any request for declaratory relief). Specifically, the court noted that the damage claim demanded adjudication only if the plaintiffs prevailed on their declaratory action. *Id.* Thus, the court applied *Wilton/Brillhart* and abstained from hearing the claims. *Id.* at *3-4.

Also, as noted above, Street and National Union filed identical claims in an action in the Eastern District of California. There, Judge O'Neill applied *Wilton/Brillhart* to those identical claims. The court, like the court in *Zivitz*, applied Ninth Circuit law, noting that "the appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are

4

claims in the case that exist independent of any request for purely declaratory relief, that is, claims
that would continue to exist of the request for a declaration simply dropped from the case." *U.S. v.
Lyon*, No. CV F 07-491 LJO GSA, at *8 *quoting R&D Latex*, 242 F.3d at 1112. As such, the court
found that "Street's non-declaratory claim for relief is dependant on its claims for declaratory relief.
Street seeks a declaration that Vulcan is obligated to hold harmless and indemnify Street for all
defense costs, including attorneys fees, and against any liability arising from this action. Street also
seeks damages, including litigation costs and attorney's fees incurred prosecuting this action, in an
amount to be proved at trial. Street would be unable to recover the costs of litigation and attorney's
fees without this Court's declaration that Vulcan is obligated to indemnify Street." *Lyon*, No. CV
F 07-491 LJO GSA, at *9. This Court adopts the reasoning of the court in *Lyon* and thus applies
*Wilton/Brillhart*.

        Under *Wilton/Brillhart*, "the normal principle that federal courts should adjudicate claims
within their jurisdiction [to yield] to considerations of practicality and wise judicial administration."
*Wilton*, 515 U.S. at 288. To effectuate this purpose, In determining whether to abstain under
*Wilton/Brillhart*, this Court considers: 1) whether the declaratory suit presents a question distinct
from the issues raised in the state court proceeding; 2) whether the parties to the two actions are
identical; 3) whether going forward with the declaratory action will serve a useful purpose or will
merely amount to duplicative and piecemeal litigation; and 4) whether comparable relief is available
in the other forum. *Zavalis*, 52 F.3d at 692.

        Here, the principle of wise judicial administration and the related factors counsel strongly
in favor of dismissing this action and allowing it to be decided in California Circuit Court. Here,
Street and National Union's claims are duplicative of claims in *Consolidate Coverage Litigation*.

5

Both Street and National Union are involved in the *Consolidated Coverage Litigation*, and in that litigation, the insurers seek largely what they seek here, a declaration that they are not obligated to indemnify or defend Vulcan regarding the perc lawsuits and a determination of their liability for the perc lawsuits generally. MTD Ex. 9-10. In addition, Judge West allowed Vulcan to file cross-complaints against the insurers contending that National Union is responsible to defend and indemnify Street as Street's insurer and that alternatively, the responsibility to indemnify street falls to Vulcan and Street's insurers. MTD Ex. 11. Judge West has been dealing with the issue of insurance coverage of Vulcan's perc litigation since 2005, and it would be a waste of judicial resources to deal with a small portion of this web of coverage litigation in this Court. Indeed, as Judge West himself said, "it just doesn't make a lot of sense to have determinations made of similar issues in multiple jurisdictions that can only lead to further confusion." As such, the court in *U.S. v. Lyon* dismissed identical claims for resolution in the state court. This Court agrees with the Judge West and the court in *U.S. v. Lyon*, and Street and National Union's claims are dismissed.

So ordered.

Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:   July 31, 2008

6



Jul 31 2008
1:26PM

1    DONALD W. BROWN (SBN 83347)
WENDY L. FENG (SBN 200813)
2    STEPHEN C. CHIEN (SBN 244267)
COVINGTON & BURLING LLP
3    One Front Street
San Francisco, CA 94111
4    Telephone (415) 591-6000
Facsimile: (415) 591-6091
5    E-mail: dwbrown@cov.com, wfeng@cov.com,
schien@cov.com
6

Attorneys for Defendant and Cross-Complainant
7    Legacy Vulcan Corp.

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF LOS ANGELES

11

12    In re:                                                             Lead Case No.: BC328022

13    VULCAN MATERIALS CONSOLIDATED
COVERAGE LITIGATION                          **PROOF OF SERVICE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
PROOF OF SERVICE

I am a citizen of the United States.  My business address is One Front Street, 35th Floor, San Francisco, California 94111.  I am employed in the City and County of San Francisco where this service takes place.  I am over the age of 18 years, and not a party to the within cause.

On July 31, 2008, by electronic transmission via LexisNexis File & Serve, I served copies of the following documents:

**LEGACY VULCAN CORP.'S STATUS CONFERENCE STATEMENT**

on counsel of record in the within consolidated action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 31, 2008, in San Francisco, California.

Donna Brennan

PROOF OF SERVICE