**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| R.R. STREET & CO. INC. and )<br>NATIONAL UNION FIRE INSURANCE )<br>COMPANY OF PITTSBURGH, PA, )<br>individually and as subrogee of R.R. Street )<br>& Co. Inc., )<br>                           Plaintiffs, )<br>   v. )<br> )<br>VULCAN MATERIALS COMPANY, n/k/a )<br>LEGACY VULCAN CORP., )<br> )<br>                           Defendant. ) | Case No. 1:08-cv-01182<br><br>The Honorable Virginia M. Kendall |

**DEFENDANT LEGACY VULCAN CORP.'S OPPOSITION TO
PLAINTIFFS' MOTIONS TO ALTER OR AMEND THE JUDGMENT**

On July 31, 2008, this Court granted Defendant Vulcan Materials Company's ("Vulcan's") Motion to Dismiss or, in the Alternative, Stay the Complaint ("Motion to Dismiss") after considering the opposition briefs of Plaintiffs R.R. Street & Co. Inc. ("Street") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union")—and additional *surreplies* filed by each Plaintiff. Unsatisfied with the result, Plaintiffs ask this Court to reconsider that ruling and to alter and amend the judgment.[1] However, Street and National Union come to this Court with nothing new to justify that relief, and come nowhere near the showing of "extraordinary circumstances" requisite for such a motion.[2] To the contrary, Plaintiffs make ***the exact same arguments*** that were presented in their four prior briefs to the Court, arguments that

---

[1] Street and National Union filed separate motions on the same day. This opposition responds to both Street's motion (Docket No. 45) and National Union's motion (Docket No. 46).

[2] *Easypower Corp. v. Alden Corp*., 522 F. Supp. 2d 1060, 1063 (N.D. Ill. 2007).

this Court (as well as the Eastern District of California) has already thoughtfully considered and rejected. Plaintiffs' motions provide no basis for reconsideration and should be denied.

*First*, Street and National Union's motions fail to meet the settled, high-threshold standards for reconsideration in this Circuit. Plaintiffs cite no intervening change in law, point to no manifest errors, and cannot articulate any basis for reconsideration other than that they "respectfully disagree" with the Court's ruling. Rather than submit new law or evidence, Street attaches a July 31, 2008 Status Conference Statement submitted by Vulcan in litigation between the parties in California state court. Street mischaracterizes both the content and relevance of this statement, and it contains no reason to reconsider this Court's ruling. Thus, Plaintiffs provide no valid basis for reconsideration and Plaintiffs' motions should be denied on these grounds alone.

*Second*, this Court's prior ruling was correct, and consistent with ample precedent. The Court's ruling was consistent not only with the analysis of another court in this District in a prior case, but also, more notably, with the holding of the Eastern District of California ***examining the exact same claims***. The Court correctly applied the *Wilton*/*Brillhart* standard to Plaintiffs' claims and dismissed them in favor of a parallel state court proceeding before a capable and motivated court. Therefore, the Court should deny Plaintiffs' motions to alter or amend the judgment.

I.  **PLAINTIFFS' MOTIONS DO NOT SATISFY THE STANDARDS FOR RECONSIDERATION OF THIS COURT'S RULING.**

As this Court is well aware, "[t]he only grounds for a Rule 59(e) motion are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Hu v. Huey*, No. 07 C 3822, 2008 WL 2797000, at *5 (N.D. Ill. July 18, 2008) (Kendall, J.) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Moreover, "reconsideration is only appropriate when 'the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension.'" *Id*. at \*5 (citation omitted); *accord Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Reconsideration is not "intended to routinely give litigants a second bite at the apple." *Curtis v. Pollard*, No. 07-C-1122, 2008 WL 2001254, at \*1 (E.D. Wisc. May 7, 2008) (internal quotations and citation omitted). In sum, motions to reconsider are disfavored, "must be supported by a showing of extraordinary circumstances," and are "rarely granted." *Easypower*, 522 F. Supp. 2d at 1063.

Plaintiffs do not satisfy these well-settled standards for reconsideration; indeed, they do not even mention them. Instead, Plaintiffs simply parrot and rehash the same arguments raised in the four briefs they filed in response to Vulcan's Motion to Dismiss, hoping for a different outcome on a second reading. Plaintiffs confirm that their motions contain nothing new by repeatedly citing back to their own **prior briefing**, arguments that were already before the Court and rejected. (*See* Street's Mot. Alter or Am. J. at 2, ¶ 4 ("As described more fully in Street's Response to the Motion to Dismiss. . . .") As such, Plaintiffs' motions fall far short of the standard for reconsideration. *See Altana, Inc. v. Abbott Labs.*, No. 04 C 4807, 2007 WL 2669024, at \*3 (N.D. Ill. Sept. 7, 2007) (Kendall, J.) ("Motions to reconsider are not for use by parties who simply want to 'rehash' the same arguments or are disgruntled with the result.") (citations omitted); *Banks v. Chicago Public Schs.*, No. 96 C 694, 1996 WL 296580, at \*1 (N.D. Ill. May 31, 1996) ("[R]econsideration of rulings will not be granted to allow the rehashing of arguments that were previously made or which a party could have previously made.").

In short, Plaintiffs' conclusory motions provide no defensible basis for this Court to reconsider its prior ruling. Plaintiffs cite no controlling or significant new law or evidence, and

fail to articulate any extraordinary circumstances that would justify altering or amending the judgment. "Despite what [Plaintiffs] appear[] to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy*, 123 F.R.D. at 288. Plaintiffs' plea that the Court simply re-read the prior briefing and come to a different result is an improper use of Rule 59 and should be rejected.

## II. THE STATUS CONFERENCE STATEMENT CITED BY PLAINTIFFS DOES NOT PROVIDE GROUNDS FOR RECONSIDERATION.

Plaintiff Street attaches a status conference statement ("Statement") filed by Vulcan in the California state court *Consolidated Coverage Litigation* in support of its motion. That Statement is not new law or new evidence, and Street mischaracterizes the content of the Statement in its motion.

*First*, the Statement is neither new law nor new evidence that would provide grounds to alter or amend the judgment. *See Bank of Waunakee*, 906 F.2d at 1191 (referring to "controlling or significant change in the law or facts"). Vulcan's Statement has not been adopted by the Court and is obviously not controlling law. Moreover, the argument or position of a party in litigation cannot be considered newly discovered evidence. *See Bhd. of Ry. Carmen Div. of Transp. Commc'ns Int'l Union v. Chicago & N.W. Transp. Co.*, 964 F.2d 684, 687 (7th Cir. 1992) (holding that correspondence containing "the legal position of both parties" could not be considered "new evidence"). Thus, the Statement provides no grounds for reconsideration of the Court's prior ruling.

*Second*, Street's motion mischaracterizes the Statement as seeking delay in the California state court. Vulcan's Statement does no such thing. Rather, Vulcan's Statement asks the court

to focus first on the perc liabilities associated with the City of Modesto.[3]  (Statement, Ex. A to Street's Mot. Alter or Am. J. at 3 (referring to "the parties' [including Street and National Union's] respective rights and obligations with respect to the City of Modesto perc liabilities").)  Despite Street's mischaracterization, this by definition *includes* all four of the lawsuits listed in Plaintiffs' Amended Complaint.  (*Id*. at 2 (noting that *Lyon* and *Garcia* are perc cases associated with the City of Modesto, as well as *Modesto I* and *II*).)  Therefore, Street and National Union are wrong when they claim that Vulcan is asking the California state court to delay litigation as to them.

Moreover, the California court has given no indication that Street's claims will be subject to delay.  Quite the opposite, in a recent status conference, the California court ordered the parties to "meet and confer and develop a plan for first-round discovery and a target date for a limited issues trial that will address Vulcan's claims *relating to indemnification* for the Modesto settlement and *defense obligations* with respect to the Garcia and Lyon claims."  (8/7/08 Minute Order, attached hereto as Ex. 1, at 1 (emphasis added).)  Thus, the indemnification issues are proceeding in the California court and Vulcan's Statement provides no basis for reconsideration.

### III.   THE COURT'S JULY 31, 2008 ORDER WAS NOT ERRONEOUS.

Plaintiffs' motions should be denied for their failure to meet the standard for reconsideration alone.  But, because Street and National Union cannot point to new law or facts, or a manifest error, the bulk of their motions simply attacks the reasoning of the Court's July 31, 2008 Order.  In that Order, the Court held that Plaintiffs' non-declaratory claims were dependent on its declaratory claims and thus applied the *Wilton/Brillhart* standard to dismiss Plaintiffs'

---

[3] In the *Consolidated Coverage Litigation*, some insurers have brought claims against Vulcan relating to liabilities unassociated with the City of Modesto perc claims.  (*See* Statement, Ex. A to Street's Mot. Alter or Am. J. at 2.)

claims. (7/31/08 Mem. Op. and Order at 5 (Docket No. 43).) That ruling was correct, and well-supported.

### A. Plaintiffs' Claims Are Properly Analyzed Under the *Wilton/Brillhart* Standard.

This Court correctly applied the *Wilton/Brillhart* standard to Vulcan's motion to dismiss. The Supreme Court clarified this standard in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), stating "where parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court," the district court has broad discretion to dismiss or stay a federal declaratory judgment action. *Wilton*, 515 U.S. at 290; *accord Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996). The *Wilton/Brillhart* standard also applies where a complaint states federal declaratory claims along with claims for monetary relief, and it can be "properly characterized as one primarily seeking declaratory relief." *Zivitz v. Greenberg*, No. 98 C 5350, 1999 WL 262123, at *3 (N.D. Ill. Apr. 9, 1999); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793-96 (8th Cir. 2008) (complaint seeking declaratory relief establishing rights to equitable contribution, subrogation, unjust enrichment, and equitable estoppel, was subject to discretionary dismissal per *Wilton/Brillhart*, because claims seeking monetary relief based on those rights "are not independent of the requested declaratory judgment" and the declaratory claims were "the essence of th[e] lawsuit").

This Court correctly found that Plaintiffs' claims were primarily seeking declaratory relief and subject to the *Wilton/Brillhart* standard. Street and National Union once again argue, as they did in their four prior briefs, that the heart of their claims is not declaratory in nature. (Street's Mot. Alter or Am. J. at 2, ¶¶ 2-3.) But Street and National Union's own complaint confirms that "Plaintiffs request declaratory relief by virtue of the Federal Declaratory Judgment

Act," and "*Street and National Union bring this action to resolve the question of whether certain underlying lawsuits are covered by Vulcan's indemnity and defense obligations*." (Am. Compl. ¶¶ 1, 10 (emphasis added).) Thus, Plaintiffs' allegations expressly confirm that (i) this is an indemnity action primarily seeking declaratory relief, and (ii) any monetary claims will be determined by the resolution of Plaintiffs' declaratory claims that certain lawsuits are covered by Vulcan's indemnity and defense obligations.

Furthermore, as this Court previously noted, Plaintiffs' argument was rejected by Judge O'Neill in the *Lyon* case in the Eastern District of California in examining **identical claims** between Street and Vulcan. (*See* 6/25/08 Order at 8–9, Ex. 3 to Vulcan's Reply in Supp. of Mot. to Dismiss (Docket No. 32) ("Street's non-declaratory claim for relief is dependant on [] its claims for declaratory relief. . . . Street would be unable to recover the costs of litigation and attorney's fees without this Court's declaration that Vulcan is obligated to indemnify Street.").) This District also applied the *Wilton*/*Brillhart* standard to a very similar indemnification case involving declaratory and monetary claims because the action was primarily seeking declaratory relief. *Zivitz*, 1999 WL 262123, at *3. Thus, Plaintiffs' claims are correctly classified as primarily declaratory and the *Wilton*/*Brillhart* standard applies.

      **B.**    **Under the *Wilton/Brillhart* Standard, Plaintiffs' Claims Are Properly Dismissed.**

Applying the *Wilton*/*Brillhart* standard, this Court correctly dismissed Plaintiffs' claims. Because their claims are duplicative of identical claims between identical parties in California state court, "the principle of wise judicial administration" counsels strongly in favor of dismissing the claims. Street and National Union again argue that their claims do not belong in state court and will not proceed efficiently. (Street's Mot. Alter or Am. J. at 2-4, ¶¶ 4-6.) Plaintiffs ignore the fact that Judge West, presiding over the related litigation in California State

Court, invited these claims to be brought before his court. (3/12/08 Tr. at 4, 21, Ex. 1 to Vulcan's Mem. in Supp. of Mot. to Dismiss (Docket No. 19).) Indeed, Judge West observed that "it just doesn't make a lot of sense to have determinations made of similar issues in multiple jurisdictions that can only lead to further confusion." (*Id*. at 19-20.) Street and National Union provide no reason why the California court will not fairly and efficiently address these issues. Indeed, the California court's recent Minute Order suggests the opposite. (*See* Ex. 1, 8/7/08 Minute Order, at 2.) Thus, this Court's ruling, dismissing Plaintiffs' claims, was manifestly correct.

## CONCLUSION

Because "this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure, . . . motion[s] to reconsider should be . . . rare." *Quaker Alloy*, 123 F.R.D. at 288. Street and National Union present no new law or facts and do not claim that there has been any manifest error in law. Instead, Street and National Union attempt to reargue the positions they took in four prior briefs. This attempt at a "second bite at the apple" should be denied.

Dated: August 29, 2008                    Respectfully submitted,

                                          /s/Richard C. Godfrey, P.C.
                                          Richard C. Godfrey, P.C.
                                          Matthew T. Regan, P.C.
                                          Kirkland & Ellis LLP
                                          200 East Randolph Drive
                                          Chicago, Illinois  60601
                                          Telephone:  312-861-2000
                                          Facsimile:   312-861-2200

                                          *Attorneys for Defendant Vulcan Materials Company, n/k/a Legacy Vulcan Corp.*

# EXHIBIT 1

Case 1:08-cv-01182   Document 49   Filed 08/29/2008   Page 9 of 13

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/07/08 | DEPT. 311 |
| HONORABLE Carl J. West             JUDGE | R. Rully             DEPUTY CLERK |
| HONORABLE                          JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A.        Deputy Sheriff | D. VanDyke, C.S.R. 10795    Reporter |

| | | | |
|---|---|---|---|
| 1:30 pm | BC328022 | Plaintiff Counsel | Michael W. Ellison (x)<br>Ray L. Wong (x) |
| | In Re: Vulcan Materials<br>Consolidated Coverage<br>Litigation | Defendant Counsel | Donald W. Brown (x)<br>Wendy L. Feng (x)<br>Bryan M. Barber (x) |
| | COMPLEX 1-24-07<br>See X-Ref BC328022 (Lead) | | **ADDITIONAL APPEARANCES<br>SET FORTH BELOW |

**NATURE OF PROCEEDINGS:**

MOTION OF VULCAN MATERIALS CO. FOR DETERMINATION OF
THRESHOLD ISSUE REGARDING GOOD FAITH DETERMINATION IN
MODESTO LITIGATION AND INSURERS' COVERAGE DEFENSE
REGARDING PAYMENT OF INDEMNITY FOR PUNITIVE DAMAGES;

FURTHER STATUS CONFERENCE:


The above-captioned Motion for Threshold Issue
Determination comes on for hearing, is argued, as
fully reflected in the notes of the official Court
Reporter, and ordered to stand submitted.

After conferring with counsel, as fully reflected
in the notes of the official Court Reporter, the Court
makes Orders as follows:


The parties shall meet and confer and develop
a plan for first-round discovery and a target date
for a limited issues trial that will address Vulcan's
claims relating to indemnification for the Modesto
settlement and defense obligations with respect to the
Garcia and Lyon claims.

Vulcan and Wasau shall serve and file a Joint
Statement on on before September 8, 2008, addressing
the absolute pollution exclusion issues and the manner
in which the parties propose to tender those issues.

Page   1 of   3     DEPT. 311

```
MINUTES ENTERED
08/07/08
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/07/08 | DEPT. 311 |
| HONORABLE Carl J. West JUDGE | R. Rully DEPUTY CLERK |
| HONORABLE _____ JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A. Deputy Sheriff | D. VanDyke, C.S.R. 10795 Reporter |

| | | | |
|---|---|---|---|
| 1:30 pm | BC328022<br><br>In Re: Vulcan Materials Consolidated Coverage Litigation<br><br>COMPLEX 1-24-07<br>See X-Ref BC328022 (Lead) | Plaintiff Counsel<br><br>Defendant Counsel | Michael W. Ellison (x)<br>Ray L. Wong (x)<br><br>Donald W. Brown (x)<br>Wendy L. Feng (x)<br>Bryan M. Barber (x)<br>**ADDITIONAL APPEARANCES SET FORTH BELOW |

**NATURE OF PROCEEDINGS:**

The Court sets a Further Status Conference for September 11, 2008, at 11:00 A.M., in Department CCW-311.

In anticipation of the September 11, 2008 conference, the parties shall serve and file a further Joint Statement (in addition to the Joint Statement to be filed by Vulcan and Wasau) on or before September 8, 2008.

The Court requests that the parties file an original and one "courtesy" copy of all joint statements ordered by the Court, and an original and two "courtesy" copies of all motions and briefing pertaining to motions, directly in Department CCW-311.

**ADDITIONAL PERSONAL APPEARANCES BY COUNSEL:

Cyndie M. Chang (x)           Julia M. Molander (x)
John C. Conway (x)            Yvette D. Roland (x)
Vanci Fuller (x)              Lawrence A. Tabb (x)
Giacomo Gallai (x)            Audra L. Thompson (x)
Micheal J. Leahy (x)          Richard E. Wyrick (x)
Walter J. Lipsman (x)         Ehsan Zafar (x)
August L. Lohuaru (x)         Dennis Zaragoza (x)
Andrew R. McCloskey (x)

Page   2 of   3   DEPT. 311

MINUTES ENTERED
08/07/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/07/08 | DEPT. 311 |
| HONORABLE Carl J. West   JUDGE | R. Rully   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| S. Zuckerman, C.A.   Deputy Sheriff | D. VanDyke, C.S.R. 10795   Reporter |

| 1:30 pm | BC328022<br><br>In Re: Vulcan Materials<br>Consolidated Coverage<br>Litigation<br><br>COMPLEX 1-24-07<br>See X-Ref BC328022 (Lead) | Plaintiff Counsel | Michael W. Ellison (x)<br>Ray L. Wong (x) |
|---|---|---|---|
| | | Defendant Counsel | Donald W. Brown (x)<br>Wendy L. Feng (x)<br>Bryan M. Barber (x)<br>**ADDITIONAL APPEARANCES<br>   SET FORTH BELOW |

**NATURE OF PROCEEDINGS:**

**TELEPHONIC APPEARANCES BY COUNSEL:

| | |
|---|---|
| Karren Baker (x) | Cynthia Mitchell (x) |
| Jeffrey C. Burt (x) | Sherry L. Pantages (x) |
| Mark Froelich (x) | Kevin J. Price (x) |
| Eric Grant (x) | Bryan G. Schumann (x) |
| Katherine E. Mast (x) | Sonia Waisman (x) |
| | Brian W. Walsh (x) |

    Pursuant to the Court's Order Authorizing Electronic Service, a true and correct copy of this Minute Order is served upon the parties to the above-entitled case this date by posting a copy of the Minute Order on the Lexis/Nexis File & Serve website.

MINUTES ENTERED
08/07/08
COUNTY CLERK

**CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for Defendant Vulcan Materials Company, hereby certifies that, on August 29, 2008, he caused a true and correct copy of the foregoing Defendant Legacy Vulcan Corp.'s Opposition to Plaintiffs' Motions to Alter or Amend the Judgment be filed electronically pursuant to the Court's ECF System, which will service notice upon all counsel of record.

                 **/s/Richard C. Godfrey, P.C.**